## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | |
| : | Chapter 11 |
| JIGNESH PANDYA and : | |
| MITAL PANDYA, : | |
| : | |
| Debtors. : | Case No. 24-10440 (AMC) |
| : | |
| : | **Hearing Date: 12/11/24** |
| : | **12:30 PM** |

### SOUTHERN SHOALS, LLC'S MOTION TO RECONSIDER ORDER DATED NOVEMEMBER 1, 2024 GRANTING UNIVEST BANK AND TRUST CO.'S MOTION VACATING THE AUTOMATIC STAY *NUNC PRO TUNC* TO FEBRUARY 9, 2024

Southern Shoals, LLC, a secured creditor of Jignesh and Mital Pandya, (the "Debtors") and current property owner of the Debtor's formerly owned real property, ("Southern Shoals") through its undersigned counsel, Center City Law Offices, LLC, hereby moves this Honorable Court for an Order reconsidering the granting of Univest Bank and Trust Co.'s ("Univest") Motion Vacating the Automatic Stay *Nunc Pro Tunc* to February 9, 2024, (the "*Nunc Pro Tunc* Motion") and in support thereof, states the following:

1. On February 9, 2024, husband and wife Debtors filed for relief under Chapter 11 of the United States Bankruptcy Code at the above bankruptcy case number (the "Bankruptcy Case")

2. On February 15, 2024, while the Bankruptcy Case was pending, and in clear violation of the provisions of 11 U.S.C. §362(a), Univest filed a Judgment in Mortgage Foreclosure against the Debtors in the Court of Common Pleas of Bucks County, Pennsylvania at civil docket no. 2023-04916 (the "Foreclosure Judgment"), to foreclose on the Debtor's real property located at 8 Woodland Road, Newtown, Pennsylvania, 18940 (the "Property").

3. Univest's counsel for the *Nunc Pro Tunc* Motion was provided with notice of the Debtor's bankruptcy filing pursuant to the creditor matrix dated February 9, 2024 at docket entry #3, at both their New Jersey and Pennsylvania offices.

4. On February 23, 2024, Univest's same counsel filed a Notice of Appearance in the Bankruptcy Case.

5. Not only was Univest counsel's provided notice of the bankruptcy pursuant to the Debtor's creditor matrix, but they entered their appearance in the Bankruptcy Case and were actively receiving ECF notices.

6. Univest should have been aware of the date of the filing of the Bankruptcy Case sometime soon after February 9, 2024 pursuant to the creditor matrix, but most definitely was aware by February 23, 2024 when Univest's counsel entered their appearance.

7. Univest therefore knew at the latest, by February 23, 2024 that it had obtained an improper Foreclosure Judgment against the Debtor's on February 15, 2024.

8. Univest failed however, to take any action to void or withdraw its Foreclosure Judgment in the civil foreclosure action, nor did it file a Praecipe for Suggestion of Bankruptcy to notify the state court that the Debtors were protected by the automatic stay as of February 9, 2024.

9. Instead, Univest filed for a Writ of Execution in the civil foreclosure action based on the void Foreclosure Judgment and scheduled a Sheriff's Sale for September 12, 2024.

10. Meanwhile, on June 3, 2024, Southern Shoals acquired title to the Property pursuant to a Deed issued by the Sheriff of Bucks County, recorded on the same date with the Bucks County Office of the Recorder of Deeds as Instrument No. 2024021764. *See* attached

hereto and incorporated herein as **Exhibit "A,"** Deed held by Southern Shoals to the Property.

11. Southern Shoals took title to the Property subject to the recorded mortgage held by first lien holder, Univest.

12. Southern Shoals and Univest have engaged in discussions concerning a purchase of the Univest debt by way an assignment of Univest's Mortgage to Southern Shoals.

13. During these discussions, Southern Shoals discovered that Univest obtained its Foreclosure Judgment during the period when the automatic stay was in effect, and therefore requested that Univest first correct the violation of the bankruptcy stay by withdrawing and then re-filing for the Foreclosure Judgment.

14. When Univest refused to withdraw or re-file the Foreclosure Judgment, Southern Shoals became concerned that the September 12, 2024 Sheriff's sale based on a void judgment, would yield a title dispute, including a likely dispute between Southern Shoals and any third-party purchaser at the sheriff sale.

15. On September 11, 2024, Southern Shoals filed an Emergency Petition to Intervene in the civil foreclosure proceedings, and further moved to stay the Sheriff's Sale, quash the Writ of Execution, and set aside the void judgment ("Southern Shoals Emergency Petition").

16. In response to the Southern Shoals' Emergency Petition, Univest postponed the sheriff sale for 60 days, to the November 8, 2024 Sheriff's sale date.

17. Southern Shoals once again expected Univest to correct their bankruptcy stay violation by withdrawing and re-entering the Foreclosure Judgment.

18. When Univest again failed to correct their bankruptcy stay violation, Southern Shoals had no choice but to seek to schedule its Emergency Petition for a hearing in Bucks County

Court of Common Pleas, for the morning of the rescheduled Sheriff's sale, November 8, 2024 (the "Emergency Hearing").

19. On the afternoon of November, 7, 2024, Univest served counsel for Southern Shoals with a Brief opposing the Emergency Petition.

20. Attached to Univest's Brief was a copy of the Order entered by this Honorable Court on November 1, 2024, pursuant to Univest's unopposed Motion to Reopen the Case and to Vacate the Automatic Stay *Nunc Pro Tunc* and for Relief from the Automatic Stay *Nunc Pro Tunc* (the "*Nunc Pro Tunc* Motion").

21. Univest did not serve Southern Shoals with a copy of the *Nunc Pro Tunc* Motion at the time it was filed with this Court.

22. The *Nunc Pro Tunc* Motion concerned the void Foreclosure Judgment against the Property that Southern Shoals owns.

23. At the Emergency Hearing on the morning of November 8, 2024 in Bucks County Court of Common Pleas, Univest acknowledged on the record that it was aware that Southern Shoals did not receive service of the *Nunc Pro Tunc* Motion through the ECF system.

24. Southern Shoals read the *Nunc Pro Tunc* Motion after receiving a copy of the Order the afternoon before the Sheriff's Sale and Emergency Hearing.

25. Southern Shoals was not given the opportunity to oppose the *Nunc Pro Tunc* Motion.

26. The *Nunc Pro Tunc* Motion grossly misrepresented the value of the Property, to justify its claim for relief from the Automatic Stay.

27. According to Zillow, the Property is worth close to $5 million, while similar real estate websites show an even higher valuation. *See* attached hereto and incorporated herein as

**Exhibit "B,"** a Comparable Market Analysis from Berkshire Hathaway valuing the Property at approximately $4.5- $4.7 million.

28. Southern Shoals believes the Order granting the *nunc pro tunc* relief and lifting the automatic stay would not have been entered if:

    a. Southern Shoals had an opportunity to respond and appear at the hearing on the *Nunc Pro Tunc* Motion and present evidence of Univest's violation of the automatic stay as well as alternative values of the Property; and

    b. Univest, appearing before the court as unopposed, had represented the value of the Property objectively to this Honorable Court.

29. Southern Shoals respectfully requests that the Order entered by this Court on November 1, 2024 and only served on Southern Shoals on November 7, 2024, be reconsidered and vacated.

30. The relevant portion of 11 U.S.C. Sec. 105(a) provides:

    "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

31. Bankruptcy courts have held that Section 105(a) authorizes the bankruptcy court, to enter such orders as are required to further the substantive provisions of the Code. Moreover, "Section 105(a) gives the court general equitable powers, but only insofar as those powers are applied in a manner consistent with the Code….[Section 105(a)] however, does not give the court the power to create substantive rights that would otherwise be unavailable under the Code." In re: Morristown & Erie R. Co., 885 F.2d 98 (3rd Cir. 1990), at 100, (*emphasis applied*).

32. Here, the Court has the authority pursuant to Section 105(a) to "further the substantive provisions of the Code;" namely Section 362(a). Id. If Southern Shoals had been given

an opportunity to be heard at the hearing on the *Nunc Pro Tunc* Motion, this Court would have been made aware of the fact that Univest violated the provisions of Section 362(a) and never took any action to correct that violation. Instead, this Court was left to rely solely on the allegations of Univest that "unbeknownst to Univest, Debtors filed a Chapter 11 bankruptcy" on February 9, 2024.

33. Even if Univest did not receive concurrent notice of the February 9th bankruptcy filing, they certainly had notice by February 23rd when they entered their appearance and therefore should have known that the Foreclosure Judgment was void and taken the appropriate steps to withdraw it.

34. Univest's *Nunc Pro Tunc* Motion fails to recognize established Supreme Court precedent regarding *nunc pro tunc* actions.

35. The Supreme Court of the United States, in Roman Catholic Archdiocese of San Juan, Puerto Rico v. Yali Acevedo Feliciano, et. al., (140 S. Ct. 696, 701, 702 (2020), found that federal courts "may issue *nunc pro tunc* orders….to reflect the reality of what has already occurred." Id. citing Missouri v. Jenkins, 495 U.S. 33, 49 (1990). However, such "decree presupposes a decree allowed or ordered, but not entered through inadvertence of the court." Id. The Supreme Court continued by stating that "*nunc pro tunc* orders are not some Orwellian vehicle for revisionist history – creating 'facts' that never occurred in fact….[and therefore], cannot make the record what it is not." Id.

36. Here, the November 1, 2024 order of this Court granted relief to Univest *nunc pro tunc*. in contradiction to the United States Supreme Court holding that such orders are not a "vehicle for revisionist history." Id. Univest obtained the Foreclosure Judgment in violation of the automatic stay on February 15, 2024, and through its *Nunc Pro Tunc*

Motion attempted to re-write history. Univest never sought or obtained relief from the automatic stay that was entered on February 9, 2024. There was no "decree allowed or ordered" granting Univest relief from the stay, which was inadvertently not entered by this Court; simply because no such decree or order was ever obtained by Univest. <u>Id.</u>

37. If reconsideration is granted for the purpose of creating a record, Southern Shoals would at a minimum request the opportunity to introduce a written opinion and/or testimony by a qualified and mutually agreed upon appraiser to determine the real market value of the Property.

WHEREFORE, Southern Shoals requests that this Court enter an Order in the form attached hereto and for such other and further relief as this Court deems just.

Respectfully submitted:
CENTER CITY LAW OFFICES,LLC

**By: /s/ Maggie S. Soboleski**
Maggie S. Soboleski
PA.Id. No.:88268
1632 Ellsworth Street
Philadelphia, PA 19146
Tele.:215-620-2132
msoboles@yahoo.com
Counsel for Southern Shoals, LLC

**/s/ Scott M. Rothman**
Scott M. Rothman, Esquire
Curley & Rothman, LLC
State Court Counsel to Southern Shoals