**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 11 |
| JIGNESH PANDYA and : | CASE NO.: 24-10440-amc |
| MITAL PANDYA : | Honorable Ashely M. Chan |
| : | |
| DEBTORS : | |
| : | Hearing Date: December 11, 2024 12:30 AM |
| : | |

**UNIVEST BANK & TRUST CO.'S OPPOSITION TO SOUTHERN SHOALS, LLC'S MOTION TO RECONSIDER ORDER DATED NOVEMBER 1, 2024 GRANTING UNIVEST BANK AND TRUST CO.'S MOTION VACATING THE AUTOMATIC STAY *NUNC PRO TUNC* TO FEBRUARY 9, 2024**

NOW COMES Univest Bank & Trust Co. ("Univest" or "Secured Creditor"), by and through its attorney, Amar A. Agrawal, Esquire of Eisenberg, Gold & Agrawal, P.C., and files the following opposition to Southern Shoals, LLC's ("Southern Shoals") Motion to Reconsider Order Dated November 1, 2024 Granting Univest Bank & Trust Co.'s Motion Vacating the Automatic Stay Nunc Pro Tunc to February 9, 2024 (the "Motion to Reconsider"), and in response thereto avers as follows:

1. Admitted.

2. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Univest admits that on February 15, 2024 a Judgment in Mortgage Foreclosure against Jignesh and Mital Pandya ("Debtors") was filed in the Court of Common Pleas of Bucks County, Pennsylvania at civil docket no. 2023-04916 (the "Foreclosure Judgment"), to foreclose the Debtor's real property located at 8 Woodland Road, Newtown, Pennsylvania, PA 18940 (the "Property"). The remainder of the allegations of this paragraph are denied.

3. Denied.

4. Admitted.

5. Admitted in part, denied in part. Admitted that Univest's counsel entered their appearance in the Bankruptcy Case on February 23, 2024. The remainder of the allegations of this paragraph are denied.

6. Admitted in part, denied in part. Admitted that Univest was aware of the Bankruptcy Case at the time counsel entered their appearance therein on February 23, 2024. The remainder of the allegations of this paragraph are denied.

7. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, on March 8, 2024, Debtors and the United States Trustee entered into a Consent Order of Dismissal with Bar Against Refiling for a period of six months [Doc. 49].

8. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, on March 8, 2024, Debtors and the United States Trustee entered into a Consent Order of Dismissal with Bar Against Refiling for a period of six months [Doc. 49].

9. Denied. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, on March 8, 2024, Debtors and the United States Trustee entered into a Consent Order of Dismissal with Bar Against Refiling for a period of six months [Doc. 49].

10. The allegations of this paragraph refer to and purport to characterize a legal document, the terms of which speak for itself. To the extent a response is required, it is admitted that Southern Shoals acquired title to the Property on or about June 3, 2024, however Southern Shoals acquired title to the Property subject to Univest's recorded mortgage, said mortgage being

recorded January 10, 2012 in the Office of the Recorder of Deeds of Bucks County as Instrument No. 2012002241 in Book 6912 at Page 941.

11. Admitted.

12. Denied. The substance of any communications regarding the allegations of this paragraph between Univest and Southern Shoals, to the extent any such discussions took place, would be protected by Evid. R. 408 and inadmissible for any purposes.

13. Denied. The substance of any communications regarding the allegations of this paragraph between Univest and Southern Shoals, to the extent any such discussions took place, would be protected by Evid. R. 408 and inadmissible for any purposes.

14. Denied. Univest is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies same.

15. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, it is admitted that Southern Shoals filed an Emergency Petition to Intervene and Stay Sheriff's Sale (the "Southern Shoals Emergency Petition") on or about September 11, 2024.

16. Admitted in part, denied in part. Admitted that the Sheriff's Sale was postponed to the November 8, 2024 sale date. The remainder of the allegations of this paragraph are denied.

17. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Univest is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies same. By way of further response, on March 8, 2024, Debtors and the United States Trustee entered into a Consent Order of Dismissal with Bar Against Refiling for a period of six months [Doc. 49].

18. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, it is admitted that Southern Shoals scheduled its Emergency Petition for a hearing in Bucks County Court of Common Pleas for the morning of the rescheduled Sheriff's Sale, November 8, 2024 (the "Emergency Hearing").

19. Admitted.

20. Admitted.

21. Admitted. By way of further response, Southern Shoals was a creditor of Debtors however Southern Shoals failed to enter an appearance in the Bankruptcy Case to ensure notice of docket filings in the matter.

22. Denied. The allegations of this paragraph refer to and purport to characterize a legal document the terms of which speak for itself.

23. Admitted.

24. Denied. Univest is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies same.

25. Denied. Southern Shoals was a creditor of Debtors however Southern Shoals failed to enter an appearance in the Bankruptcy Case to ensure notice of docket filings in the matter.

26. Denied. The allegations of this paragraph refer to and purport to characterize a legal document the terms of which speak for itself. To the extent a response is required, the Nunc Pro Tunc Motion contained an accurate valuation for the Property.

27. Denied. Southern Shoals' reliance on Zillow is objectionable as an unreliable source for property valuation. To the extent Southern Shoals relies on a Comparative Market Analysis for the valuation of the Property, the CMA speaks for itself. By way of further response,

Univest attached to its Nunc Pro Tunc Motion a valuation report showing the value of the Property as of August 23, 2024 as $2,048,800.00. [Doc. 52, Ex "E."].

28. Denied. Univest is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies same. By way of further response, Univest attached to its Nunc Pro Tunc Motion a valuation report showing the value of the Property as of August 23, 2024 as $2,048,800.00. [Doc. 52, Ex "E."]. Furthermore, the Property is no longer part of the Debtor's estate, therefore unnecessary to an effective reorganization, and stay relief was appropriate.

29. Denied. Univest is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies same. To the extent a response is required, the Nunc Pro Tunc Order should not be vacated as Univest attached to its Nunc Pro Tunc Motion a valuation report showing the value of the Property as of August 23, 2024 as $2,048,800.00. [Doc. 52, Ex "E."]. Furthermore, the Property is no longer part of the Debtor's estate, therefore unnecessary to an effective reorganization, and stay relief was appropriate.

30. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required.

31. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required.

32. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, (1) Southern Shoals was a creditor of Debtors however Southern Shoals failed to enter an appearance in the Bankruptcy Case to ensure notice of docket filings in the matter; (2) on March 8, 2024, Debtors and the United States Trustee entered into a Consent Order of Dismissal with Bar Against Refiling for a period of six

months [Doc. 49]; (3) Univest attached to its Nunc Pro Tunc Motion a valuation report showing the value of the Property as of August 23, 2024 as $2,048,800.00. [Doc. 52, Ex "E."]; and (4) the Property is no longer part of the Debtor's estate, therefore unnecessary to an effective reorganization, and stay relief was appropriate.

33. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, on March 8, 2024, Debtors and the United States Trustee entered into a Consent Order of Dismissal with Bar Against Refiling for a period of six months [Doc. 49].

34. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required.

35. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required.

36. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, it is admitted that the Nunc Pro Tunc Order granted relief to Univest nunc pro tunc. The remainder of the allegations of this paragraph are denied. By way of further response, the Nunc Pro Tunc Order was entered not as a "vehicle for revisionist history" but rather that motion record reflected that the Property value was less than the debt owed to Univest and the fact that the Property was no longer part of the Debtor's estate.

37. Denied. Univest is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies same.

WHEREFORE, Univest Bank & Trust Co. respectfully requests this Court enter an Order denying Southern Shoals, LLC's Motion to Reconsider Order Dated November 1, 2024 Granting

Univest Bank & Trust Co.'s Motion Vacating the Automatic Stay Nunc Pro Tunc to February 9, 2024, and for such other and further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Amar A. Agrawal
Amar A. Agrawal, Esq.
Eisenberg, Gold & Agrawal, P.C.

/s/ William E. Craig
William E. Craig, Esq.
Eisenberg, Gold & Agrawal, P.C.

*Attorneys for Secured Creditor Univest Bank & Trust Co.*

Dated: 11/27/24