IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| JIGNESH PANDYA and | : | CASE NO.: 24-10440-amc |
| MITAL PANDYA | : | Honorable Ashely M. Chan |
| | : | |
| DEBTORS | : | |
| | : | Hearing Date: December 11, 2024 12:30 AM |
| | : | |

## UNIVEST BANK & TRUST CO.'S MEMORANDUM OF LAW IN OPPOSITION TO SOUTHERN SHOALS, LLC'S MOTION TO RECONSIDER ORDER DATED NOVEMBER 1, 2024 GRANTING UNIVEST BANK AND TRUST CO.'S MOTION VACATING THE AUTOMATIC STAY *NUNC PRO TUNC* TO FEBRUARY 9, 2024

### Introduction

Univest Bank & Trust Co. ("Univest" or "Secured Creditor"), by and through its attorney, Amar A. Agrawal, Esquire of Eisenberg, Gold & Agrawal, P.C., files the following memorandum of law in opposition to Southern Shoals, LLC's ("Southern Shoals") Motion to Reconsider Order Dated November 1, 2024 Granting Univest Bank & Trust Co.'s Motion Vacating the Automatic Stay Nunc Pro Tunc to February 9, 2024 (the "Motion to Reconsider"). For the reasons set forth herein, the Motion to Reconsider should be denied.

### Facts and Procedural History

On December 29, 2011, the Debtors Jignesh Pandya and Mital Pandya ("Debtors") executed a Promissory Note (the "Note") evidencing a certain loan in the principal amount of $3,920,000.00 from Plaintiff to Defendant. On December 29, 2011, Debtors made, executed, and delivered a Mortgage (the "Mortgage") upon the property located at 8 Woodland Road, Newtown, Pennsylvania, PA 18940 (the "Property") to Univest, which Mortgage was recorded on January 10, 2012, in the Office of the Recorder of Deeds of Bucks County as Instrument No. 2012002241

1

in Book 6912 at Page 941. The said Mortgage is in default because the monthly interest and principal payment due for May 1, 2023, and all subsequent payments thereafter have not been paid, and by the terms of said Mortgage upon default in such payments of interest and principal for a period of thirty (30) days, the principal and all interest due thereon is collectible forthwith.

On or about August 16, 2024 Univest filed a Complaint in Mortgage Foreclosure upon the Property (the "Foreclosure"). On or about February 9, 2024, unbeknownst to Univest, Debtors filed a Chapter 11 bankruptcy in the above-captioned matter (the "Bankruptcy"). On or about February 15, 2024 Judgment in mortgage foreclosure was entered in the amount of $2,713,765.32 (the "Judgment"). On March 8, 2024, Debtors and the United States Trustee entered into a Consent Order of Dismissal with Bar Against Refiling for a period of six months [Doc. 49].

On or about April 1, 2024 Univest obtained a Writ of Execution (the "Writ of Execution") and scheduled a sheriff's sale for the Property. On or about April 12, 2024 the Property was exposed to a sheriff's sale by junior creditor Southern Shoals, at which Southern Shoals purchased the Property, subject to Univest's above-referenced Mortgage. A sheriff's deed was recorded on June 3, 2024 as Instrument No. 2024021764. A sheriff's sale for the Univest Judgment was scheduled for September 12, 2024.

On or about September 11, 2024, Southern Shoals filed an Emergency Petition to Intervene in the Foreclosure and Stay the September 12, 2024 Sheriff's Sale (the "Emergency Petition"). Univest adjourned the September 12, 2024 Sheriff Sale to November 8, 2024.

On or about September 12, 2024, Univest filed a Motion to Reopen Case for Limited Purpose of Vacating the Automatic Stay Nunc Pro Tunc to February 9, 2024 and for Relief from Stay Nunc Pro Tunc to February 9, 2024 (the "Nunc Pro Tunc Motion") [Doc. 52]. The Nunc Pro Tunc Motion was served on the Debtor and all parties of record via the Court's ECF system [Doc.

2

52]. As part of the Nunc Pro Tunc Motion, Univest set forth that the balance due on the mortgage is $2,795,297.37, and that the value of the Property as of August 23, 2024 is $2,048,800.00. [Doc. 52; Ex. "E."] As set forth in the Nunc Pro Tunc Motion, an equity analysis revealed that there is negative equity in the Property of $746,497.37 [Doc. 52]. In addition, as set forth in the Nunc Pro Tunc Motion, based on Southern Shoals' junior lienholder sheriff sale and deed, which is subject to Univest's Mortgage, the Property is no longer part of the Debtor's estate and clearly not necessary to an effective reorganization [Doc. 52]. On November 1, 2024, this Court entered an Order granting Univest Stay Relief Nunc Pro Tunc to February 9, 2024 (the "Nunc Pro Tunc Order") [Doc. 58].

On November 7, 2024, as part of Univest's filing of a brief in connection with Southern Shoals' Emergency Petition, Univest included the Nunc Pro Tunc Order in its filings with the Court and served same on counsel for Southern Shoals. On November 8, 2024 the Emergency Petition was heard in the Foreclosure action, and the Court adjourned the pending sale to January 10, 2025 with no further continuances to be granted.

On or about November 15, 2024, Southern Shoals filed the instant Motion for Reconsideration.

## Legal Argument

**I.    Southern Shoals Does Not Have Standing To Seek Reconsideration Of This Court's Order Granting Univest Nunc Pro Tunc Relief.**

Southern Shoals does not have standing to seek reconsideration, or similarly to oppose stay relief on behalf of the Debtors, or assert violations of the Automatic Stay. Southern Shoals seeks to retroactively oppose the stay relief order on the grounds that the Judgment in the Foreclosure action is void as a stay violation. However, case law is clear that a third-party such as Southern Shoals does not have standing to oppose stay relief or assert stay violations on behalf of the Debtor.

3

See In re Nat'l Brokers of Am., Inc., 663 B.R. 661 (Bankr. E.D. Pa. 2024) (holding that a non-debtor does not have standing to seek relief on behalf of the debtor with respect to alleged violations of the stay). Therefore, since Southern Shoals would not have had standing to oppose a Motion For Relief From Stay, this Court should find that it does not have standing to seek reconsideration of an Order granting relief from stay.

The issue of whether a party has standing is governed by Article III of the Constitution and the Bankruptcy Code. In re Global Indus. Techs., Inc., 645 F.3d 201, 210 (3rd Cir. 2011). In order to make a showing of standing, a party must demonstrate "an injury in fact that is concrete, distinct and palpable, and actual or imminent". Id.

Not only would Southern Shoals not be injured by the granting of stay relief nunc pro tunc, but by Southern Shoals' own admission, the granting of such relief would work in their favor. As set forth in their Motion, Southern Shoals was/is concerned that the foreclosure judgment obtained by Univest could be considered void if it were found to have been obtained in violation of the automatic stay. Univest therefore filed a Motion To Lift The Automatic Stay Nunc Pro Tunc; said Motion was unopposed and granted by this Court on November 1, 2024. The entry of the Order should have allayed Southern Shoals' concerns. Instead, Southern Shoals filed the instant Motion; it is difficult to discern just how Southern Shoals would benefit from a decision of this Court denying a stay relief motion filed by Univest, let alone be injured by the granting of such a motion. As Southern Shoals cannot demonstrate a concrete, imminent injury in fact, they do not have standing to bring the instant Motion.

**II.     The Motion Fails To Meet The Standard For Granting Reconsideration**

If the Court finds that Southern Shoals has standing to bring the instant Motion, the Court should find that Southern Shoals' fails to meet the stringent standard for the Court to grant

4

reconsideration. The scope of a motion for reconsideration is extremely limited. In re Sellers, 555 B.R. 479 (Bankr. E.D. Pa. 2016), citing Blystone v. Horn, 664 F.3d 397 (3rd Cir. 2011). Reconsideration of judgment is an extraordinary remedy, and such motions should be granted sparingly. Fanelli v. Continental Cas. Co., 2006 U.S. Dist. LEXIS 84851, 2006 WL 3387187, at *2 (M.D. Pa. Nov 21, 2006). A motion for reconsideration should only be granted if the party seeking reconsideration shows (1) an intervening change in controlling law; (2) the availability of new evidence not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or prevent manifest injustice. Blystone, 664 F.3d at 415. A movant seeking reconsideration of a court order faces a high burden in meeting the standard for reconsideration. Sellers, 555 B.R. at 482. Movant in the instant case has failed to meet that high burden.

It suffices to simply say that there has not been an intervening change in the controlling law.

As to the second factor, the instant Motion fails to set forth any new evidence not available when the court granted the motion. Although Southern Shoals seems eager to bring before the Court their asserted value of the subject property, a conflicting value does not constitute new evidence that was not available to the Court when the Motion For Nunc Pro Tunc Relief was granted, as required to satisfy factor number two.

Finally, granting the Motion For Reconsideration would not correct a clear error of law or fact, or prevent manifest injustice. The Motion For Relief From Stay Nunc Pro Tunc was unopposed.[1] Even if a party in interest opposed the Motion, it is likely that relief would have been granted for cause, as the monthly interest and principal payments for May 1, 2023 and thereafter were not made, the taxes on the property were significantly delinquent, and Univest was not able

---

[1] As set forth above, Southern Shoals would not have had standing to object to the Motion.

5

to verify the status of insurance on the property. The granting of the Motion therefore did not represent a clear error of law. For the reasons set forth above, neither the granting of the Motion nor the denial of Southern Shoals to be able to assert a higher value for the subject property is a "manifest injustice".

### III. The Bankruptcy Code Explicitly Provides For Annulment Of The Automatic Stay.

Contrary to Southern Shoals' argument in the Motion to Reconsider, retroactive annulment of the stay can revitalize actions that were void because they were originally taken in violation of the automatic stay. See In re Myers, 491 F.3d 120, 127 (3d Cir. 2007) (citing In re Siciliano, 13 F.3d 748, 750 (3d Cir. 1994); In re Soares, 107 F.3d 969, 976-77 (1st Cir. 1997)). Section 362(d) of the Bankruptcy Code provides that a court "shall grant relief from the stay…such as by terminating, annulling, modifying, or conditioning such stay". 11 U.S.C. 362(d). The court may annul the stay for cause, including lack of adequate protection, or if the debtor does not have equity in the property and the property is not necessary for an effective reorganization.

Here, Univest obtained the Nunc Pro Tunc Order which annulled the stay *nunc pro tunc* to February 9, 2024 and revitalized the Judgment in the Foreclosure action. The basis for Univest's Nunc Pro Tunc Motion was twofold: (1) an equity analysis based upon Univest's Judgment in Foreclosure and a valuation of the Property revealed negative equity in the Property, and (2) the Property was no longer part of the Debtor's estate and therefore not necessary for an effective reorganization. Even assuming arguendo that Southern Shoals has standing to oppose the Nunc Pro Tunc Motion and the valuation of the Property, it is clear that the Property is no longer necessary to an effective reorganization of the Debtor because the Debtor no longer owns the Property.

6

Univest would also have prevailed on the basis that the stay should be annulled for cause. The Mortgage is in default because the monthly interest and principal payment due for May 1, 2023 and all subsequent payments thereafter have not been paid, and by the terms of said Mortgage, upon default in such payments of interest and principal for a period of thirty (30) days, the principal and all interest due is collectible forthwith. In addition, taxes on the property are significantly delinquent, and Univest was not able to verify the status of insurance on the property.

**Conclusion**

For the reasons set forth herein, it is respectfully requested that this Court enter an Order denying Southern Shoals, LLC's Motion to Reconsider Order Dated November 1, 2024 Granting Univest Bank & Trust Co.'s Motion Vacating the Automatic Stay Nunc Pro Tunc to February 9, 2024, and for such other and further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Amar A. Agrawal
Amar A. Agrawal, Esq.
Eisenberg, Gold & Agrawal, P.C.

/s/ William E. Craig
William E. Craig, Esq.
Eisenberg, Gold & Agrawal, P.C.

*Attorneys for Secured Creditor Univest Bank & Trust Co.*

Dated: 11/27/24