**CENTER CITY LAW OFFICES, LLC**
**1632 ELLSWORTH STREET**
**PHILADELPHIA, PA  19146**
**215-620-2132**
**msoboles@yahoo.com**

Honorable Ashely M. Chan
Chief, United States Bankruptcy Judge
Bankruptcy Court for the Eastern District of Pennsylvania
900 Market Street – Suite 204
Philadelphia, PA 19106

       **In Re:**  Jignesh Pandya and Mital Pandya
               Ch. 11, Case No. 24-10440 (AMC)
               Continued Hearing Date:  2/12/25 at 12:30 PM

*Southern Shoals, LLC's Supplemental Statement in Support of its Motion for Reconsideration, and if Necessary, a Re-opening of Case for Review of Order Granting Univest Relief from the Stay, Nunc Pro Tunc.*

Your Honor,

     This office represents Southern Shoals, LLC's  ("Southern Shoals"), one of the top twenty creditors of the debtor in the above referenced chapter 11 (the "Debtors"). Univest Bank and Trust Company ("Univest") filed a Motion Vacating the Automatic Stay *Nunc Pro Tunc* to February 9, 2024 in the Debtor's Bankruptcy (the "Univest Motion"). Southern Shoals filed a Motion to Reconsider this Court's Order granting the Univest Motion (the "Southern Shoals' Motion"). At the December 18, 2024 hearing on Southern Shoals' Motion, your honor requested the parties submit a "letter brief" further detailing the facts and legal arguments in the parties' filings.

     Southern Shoals also seeks at this time to re-open this bankruptcy case in an abundance of caution solely for procedural reasons.  Southern Shoals does not believe that re-opening the

bankruptcy case for purposes of its motion is necessary since Univest seemingly intentionally avoided providing Southern Shoals with notice of the Univest Motion. However, the Office of the United States Trustee ("OUST") expressed concerns at the hearing on December 18, 2024 that for purposes of Southern Shoal's Motion, the bankruptcy case was not re-opened, again. Therefore, Southern Shoals requests that this bankruptcy case be re-opened if the court or the OUST deems necessary.

## Summary of Facts Supporting Southern Shoals' Motion

By way of background, Southern Shoals was the Plaintiff in an action in the Supreme Court of the State of New York, County of Suffolk. A judgment was entered on March 16, 2023 in favor of Southern Shoals as against Mital Pandya and Jignesh Pandya, jointly and severally, in the amount of $4,366, 585.55, plus statutory interest from March 16, 2023. The judgment remains unpaid.

Thereafter, Southern Shoals domesticated the Judgment in Bucks County, Pennsylvania and noticed a Sheriff's sale of the real property owned by Debtors located at 8 Woodland Road, Newtown, Pennsylvania 18940 (the "Property") for December 8, 2023.

On the morning of the scheduled sale Debtors filed a first case for Chapter 11 bankruptcy protection in this Court, BANKR No. 23-13723(AMC).

Debtors, however, failed to make required filings and disclosures to this Court, resulting in this bankruptcy proceeding being dismissed upon motion of the United States Trustee's Office.

On February 9, 2024, the husband and wife Debtors filed this second proceeding for relief under Chapter 11 of the United States Bankruptcy Code at the above-captioned bankruptcy case number (the "Bankruptcy Case").

Univest was listed as a creditor of the Debtor and notice of the Bankruptcy Case was served upon Univest upon Univest's counsel's offices in Souderton, PA and Cherry Hill, NJ on or soon after the filing of the Bankruptcy Case.

On February 15, 2024, while the Bankruptcy Case was pending, and in clear violation of the provisions of 11 U.S.C. §362(a), Univest filed a Judgment in Mortgage Foreclosure against the Debtors in the Court of Common Pleas of Bucks County, Pennsylvania at civil docket no. 2023-04916 (the "Foreclosure Judgment"), to foreclose on the Debtor's Property.

On February 23, 2024, Univest's counsel filed a Notice of Appearance in the Bankruptcy Case. *Not only was Univest counsel's provided notice of the bankruptcy pursuant to the Debtor's creditor matrix, but they entered their appearance in the Bankruptcy Case and were actively receiving ECF notices.*

Univest should have been aware of the date of the filing of the Bankruptcy Case sometime soon after February 9, 2024 pursuant to the creditor matrix, but most definitely was aware by February 23, 2024 when Univest's counsel entered their appearance. <u>Univest therefore knew, at the latest, by February 23, 2024 that it had obtained an improper Foreclosure Judgment in violation of the stay against the Debtors on February 15, 2024</u>.

Univest failed however, to take any action to void or withdraw its Foreclosure Judgment in the civil foreclosure action, nor did it file a Praecipe for Suggestion of Bankruptcy to notify the State Court that the Debtors were protected by the automatic stay as of February 9, 2024. Instead, Univest filed for a Writ of Execution in the civil foreclosure action based on the void Foreclosure Judgment and scheduled a Sheriff's Sale for September 12, 2024.

In the interim, on June 3, 2024, Southern Shoals acquired title to the Property pursuant to a Deed issued by the Sheriff of Bucks County, recorded on the same date with the Bucks

County Office of the Recorder of Deeds as Instrument No. 2024021764.  *See* attached hereto and incorporated herein as **Exhibit "A,"** Deed held by Southern Shoals to the Property. Southern Shoals took title to the Property subject to the recorded mortgage held by first lien holder, Univest.

In or about August, 2024, Southern Shoals and Univest engaged in discussions concerning a potential purchase of the Univest debt by way an assignment of Univest's Mortgage to Southern Shoals.  Although a Loan Sale Agreement was circulated, no agreement was consummated.

During due diligence at or about the time these discussions, Southern Shoals first discovered that Univest had obtained its Foreclosure Judgment during the period when the automatic stay was in effect, as described above.

Univest, advised of this impropriety by counsel for Southern Shoals, refused to withdraw or re-file the Foreclosure Judgment, or to postpone the September 12, 2024 Sheriff's sale it had noticed based on a void judgment.

As a result, on September 11, 2024, Southern Shoals filed an Emergency Petition to Intervene in the civil foreclosure proceedings, and further moved to stay the Sheriff's Sale, quash the Writ of Execution, and set aside the void judgment ("Southern Shoals Emergency Petition").

In response to the Southern Shoals' Emergency Petition, Univest postponed the sheriff sale for 60 days, to the November 8, 2024 Sheriff's sale date.  Southern Shoals believed that Univest's postponement of the Sheriff' sale meant that Univest intended to correct their bankruptcy stay violation by withdrawing and re-entering the Foreclosure Judgment.

The parties were not in contact during this time period.

When Univest failed to correct their bankruptcy stay violation, Southern Shoals had no choice but to seek to schedule its Emergency Petition for a hearing in Bucks County Court of Common Pleas, for the morning of the rescheduled Sheriff's sale, November 8, 2024 (the "Emergency Hearing").

In the afternoon of the eve of the Emergency Hearing on November, 7, 2024, Univest's counsel served counsel for Southern Shoals with a Brief opposing the Emergency Petition. <u>Attached to Univest's brief was a copy of an Order entered by this Honorable Court on November 1, 2024, granting the relief sought in the Univest Motion. To say that Southern Shoals' counsel was surprised by the existence of the Univest Motion and the November 1, 2024 order granted *nunc pro tunc relief* is an understatement.</u>

At the Emergency Hearing on the morning of November 8, 2024 in Bucks County Court of Common Pleas, Univest acknowledged on the record that it was aware that Southern Shoals did not receive service of the Univest Motion.

Southern Shoals was not given the opportunity to oppose the Univest Motion.

The Univest Motion grossly misrepresented the value of the Property, to justify its claim for relief from the Automatic Stay. According to Zillow, the Property is worth close to $5 million, while similar real estate websites show an even higher valuation. *See* attached hereto and incorporated herein as **Exhibit "B,"** a Comparable Market Analysis from Berkshire Hathaway valuing the Property at approximately $4.5- $4.7 million.

Southern Shoals believes the Order granting *nunc pro tunc* relief and lifting the automatic stay would not have been entered if:

    a. Southern Shoals had an opportunity to respond and appear at the hearing on the Univest Motion and present evidence of Univest's violation of the automatic stay as well as alternative values of the Property; and

    b. Univest, appearing before the court as unopposed, had represented the value of the Property objectively to this Honorable Court.

## Legal Argument

The relevant portion of 11 U.S.C. Sec. 105(a) provides:

"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Bankruptcy courts have held that Section 105(a) authorizes the bankruptcy court, to enter such orders as are required to further the substantive provisions of the Code. Moreover, "Section 105(a) gives the court general equitable powers, but only insofar as those powers are applied in a manner consistent with the Code….[Section 105(a)] however, does not give the court the power to create substantive rights that would otherwise be unavailable under the Code." In re: Morristown & Erie R. Co., 885 F.2d 98 (3rd Cir. 1990), at 100, (*emphasis applied*).

Here, the Court has the authority pursuant to Section 105(a) to "further the substantive provisions of the Code;" namely Section 362(a). Id. If Southern Shoals had been given an opportunity to be heard at the hearing on the *Nunc Pro Tunc* Motion, this Court would have been made aware of the fact that Univest violated the provisions of Section 362(a) and never took any action to correct that violation. Instead, this Court was left to rely solely on the allegations of Univest that "unbeknownst to Univest, Debtors filed a Chapter 11 bankruptcy" on February 9, 2024.

Even if Univest did not receive concurrent notice of the February 9th bankruptcy filing, they certainly had notice by February 23rd when they entered their appearance and therefore should have known that the Foreclosure Judgment was void and taken the appropriate steps to withdraw it.

The Univest Motion fails to recognize established Supreme Court precedent regarding *nunc pro tunc* actions.

The Supreme Court, in Roman Catholic Archdiocese of San Juan, Puerto Rico v. Yali Acevedo Feliciano, et. al., (140 S. Ct. 696, 701, 702 (2020), found that federal courts "may issue *nunc pro tunc* orders….to reflect the reality of what has already occurred." Id. *citing* Missouri v. Jenkins, 495 U.S. 33, 49 (1990). However, such "decree presupposes a decree allowed or ordered, but not entered through inadvertence of the court." Id. The Supreme Court continued by stating that "*nunc pro tunc* orders are not some Orwellian vehicle for revisionist history – creating 'facts' that never occurred in fact….[and therefore], cannot make the record what it is not." Id.

Here, the November 1, 2024 order of this Court granted relief to Univest *nunc pro tunc*. in contradiction to the United States Supreme Court holding that such orders are not a "vehicle for revisionist history." Id. Univest obtained the Foreclosure Judgment in violation of the automatic stay on February 15, 2024, and through its Motion attempted to re-write history. Univest never sought or obtained relief from the automatic stay that was entered on February 9, 2024. There was no "decree allowed or ordered" granting Univest relief from the stay, which was inadvertently not entered by this Court; simply because no such decree or order was ever obtained by Univest. Id.

If reconsideration is granted for the purpose of creating a record, Southern Shoals would at a minimum request the opportunity to introduce a written opinion and/or testimony by a qualified and mutually agreed upon appraiser to determine the real market value of the Property.

Based on the above facts and legal argument, Southern Shoals requests that this Court enter an Order re-opening the case if deemed required, vacating Univest's Nunc Pro Tunc Motion, and granting the motion of Southern Shoals in its entirety.

Respectfully submitted:
CENTER CITY LAW OFFICES,LLC

**_By: /s/ Maggie S. Soboleski_**
Maggie S. Soboleski
PA.Id. No.:88268
1632 Ellsworth Street
Philadelphia, PA 19146
Tele.:215-620-2132
msoboles@yahoo.com
Counsel for Southern Shoals, LLC

**_/s/ Scott M. Rothman_**
Scott M. Rothman, Esquire
Curley & Rothman, LLC
State Court Counsel to Southern Shoals