IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| JIGNESH PANDYA and | : | CASE NO.: 24-10440-amc |
| MITAL PANDYA | : | Honorable Ashely M. Chan |
| | : | |
| DEBTORS | : | |
| | : | Hearing Date: February 12, 2025 12:30 PM |
| | : | |

**UNIVEST BANK & TRUST CO.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF OPPOSITION TO SOUTHERN SHOALS, LLC'S MOTION TO RECONSIDER ORDER DATED NOVEMBER 1, 2024 GRANTING UNIVEST BANK AND TRUST CO.'S MOTION VACATING THE AUTOMATIC STAY *NUNC PRO TUNC* TO FEBRUARY 9, 2024**

**Introduction**

Univest Bank & Trust Co. ("*Univest*" or "*Secured Creditor*"), by and through its attorney, Amar A. Agrawal, Esquire and William E. Craig, Esquire of Eisenberg, Gold & Agrawal, P.C., files the following Supplemental Statement in support of its Opposition to Southern Shoals, LLC's ("*Southern Shoals*") Motion to Reconsider Order Dated November 1, 2024 Granting Univest Bank & Trust Co.'s Motion Vacating the Automatic Stay *Nunc Pro Tunc* to February 9, 2024 (the "*Motion to Reconsider*").

**Facts and Procedural History**

On December 29, 2011, the Debtors Jignesh Pandya and Mital Pandya ("*Debtors*") executed a Promissory Note (the "*Note*") evidencing a certain loan in the principal amount of $3,920,000.00 from Plaintiff to Defendant. On December 29, 2011, Debtors made, executed, and delivered a Mortgage (the "*Mortgage*") upon the property located at 8 Woodland Road, Newtown, Pennsylvania, PA 18940 (the "*Property*") to Univest, which Mortgage was recorded on January 10, 2012, in the Office of the Recorder of Deeds of Bucks County as Instrument No. 2012002241

1

in Book 6912 at Page 941. As a result, Univest is a first-position mortgage holder on the property.

On or about August 16, 2023 Univest filed a Complaint in Mortgage Foreclosure upon the Property (the "*Foreclosure*"). On or about February 9, 2024, unbeknownst to Univest, Debtors filed a second Chapter 11 bankruptcy in the above-captioned matter (the "*Bankruptcy*"). Univest did not receive notice of this Bankruptcy filing. On or about February 15, 2024 Judgment in mortgage foreclosure was entered in the amount of $2,713,765.32 (the "*Judgment*"). As soon as Univest was made aware of the Bankruptcy filing, they filed a Notice of Appearance in the case. On March 8, 2024, Debtors and the United States Trustee entered into a Consent Order of Dismissal with Bar Against Refiling for a period of six months [Doc. 49]. Southern Shoals did not file a Notice Of Appearance And Request For Notice Of Service.

Southern Shoals now argues that if it had been served with notice of the Motion To Vacate The Automatic Stay *Nunc Pro Tunc*, it would have opposed the Motion on the grounds that there is equity in the property. However, by Southern Shoals' own admission, there was no equity in the property on February 9, 2024, as the total secured claims on the property far exceeded the value of the property.

Under § 362(d)(2)(A), "equity" is determined with regard to the amount of <u>all</u> secured claims against the property -- including liens that are junior to the moving creditor (*emphasis added*). <u>Nantucket Investors II v. California Federal Bank (In re Indian Palms Associates, Ltd.),</u> 61 F.3d 197, 207-08 (3d Cir. 1995). Southern Shoals held a judgment against the Debtors in the amount of $4,366,585.55 which was filed on May 5, 2023. Debtor also executed and delivered a mortgage to Kishan Patel and Jagdish Patel in the amount of $880,000.00 which was dated May 5, 2022 and recorded on December 27, 2022. The debt owed to first mortgage holder Univest was $2,713,765.32. Infinite Mechanical LLC holds a judgment against the Debtors in the amount of

$45,000.00 filed on November 14, 2019. American Bank is a judgment creditor of the Debtors to the tune of $307,047.83 filed on September 15, 2023. Based on just those three (3) creditors, the secured claims against the property as of February 9, 2024 exceeded $7,300,000.00. A review of the Foreclosure Report prepared on May 13, 2024 reveals that there are judgments and mortgages totaling over $56 million attached to the property. *See Exhibit A*. Southern Shoals asserts that the property is worth "close to "$5 million", and provides a Comparable Market Analysis valuing the property at approximately $4.5-$4.7 million. As the secured claims far exceeded the value of the property, there would have been no equity in the property as of February 9, 2024, and since the property was not necessary to the Debtors' reorganization, Univest would have been entitled to relief from stay on that date pursuant to 11 U.S.C. 362(d)(2)(A) and (B). If there is any attempt to "re-write" history it is on the part of Southern Shoals, by attempting to assert equity in the property that simply doesn't exist.

As a practical matter, it is difficult to discern just what Southern Shoals is seeking to accomplish through its Motion. By its own admission, Southern Shoals informed Univest that the position of Southern Shoals was that the foreclosure judgment was obtained during the period that the automatic stay was in effect, and therefore corrective action needed to be taken. That is exactly what Univest did. Notwithstanding the foregoing, Southern Shoals took title to the Property by virtue of a Sheriff's Deed, subject to all the existing liens set forth on *Exhibit A* attached hereto, without explaining how it intended on reaching the equity in the Property without satisfying these pre-existing judgments and liens.

For the reasons set forth above and in Univest's Memorandum Of Law previously submitted, not only it is questionable at best whether Southern Shoals would have standing to

oppose the Motion, but due to the fact that there is no equity in the property, there would be no basis to do so.

As set forth in Univest's Memorandum of Law, the Court should find that Southern Shoals fails to meet the stringent standard for the Court to grant reconsideration. In addition, the case law is clear that retroactive annulment of the stay can revitalize actions that were void because they were originally taken in violation of the automatic stay. The Mortgage is in default because the monthly interest and principal payment due for May 1, 2023 and all subsequent payments thereafter have not been paid, and by the terms of said Mortgage, upon default in such payments of interest and principal for a period of thirty (30) days, the principal and all interest due is collectible forthwith.

In addition, Southern Shoals has informed Univest that it does not intend to pay severely delinquent property taxes, totaling over $69,000.00, despite being the current title owners of the Property. A copy of correspondence from Southern Shoals to Univest with a copy of the tax bill and their intention that they do not want to pay it is attached hereto as *Exhibit B*.

For the foregoing reasons, Univest respectfully requests this Court to deny Southern Shoal's Motion for Reconsideration and allow this Court's Order to stand as entered.

Respectfully submitted,

/s/ William E. Craig
William E. Craig, Esq.
Eisenberg, Gold & Agrawal, P.C.

*Attorneys for Secured Creditor Univest Bank & Trust Co.*

Dated: 1/29/25