

39 Woodland Rd. • Roseland, New Jersey 07068 • 973-226-6555 • 973-226-6171 fax • fortunetitle.com

Eisenberg, Gold & Agrawal, P.C.

████████████████

1040 North Kings Highway
Suite 200
Cherry Hill, NJ 08034

| **REF. NO:** ██████ | **REF. NO.:** |
| --- | --- |

May 13, 2024

**File No:**    ████████

Dear Sir or Madam:

Please find the enclosed "Foreclosure Search Report" for the above captioned matter.

We will update the foreclosure report upon notification from your office.

If you have any questions regarding this report, please do not hesitate to contact us.

Very truly yours,


Laura Swayze

Eisenberg, Gold & Agrawal, P.C.
████████████
1040 North Kings Highway
Suite 200
Cherry Hill, NJ 08034

**REF. NO:** ███████                    **REF. NO.:**

**EFFECTIVE DATE:**    April 18, 2024                    **FILE NO:**    ████████
**ISSUED DATE:**    May 13, 2024

### FORECLOSURE SEARCH REPORT

**1.**    **PROPERTY DESCRIPTION:**

8 Woodland Road
Township of Upper Makefield, PA  18940
*Tax Parcel(s) 47-008-007-007, Township of Upper Makefield, Bucks County*
Mailing Address: 8 Woodland Road, Newtown, PA 18940

**2.**    **TAXES:**  As shown on attachment.

**3.**    **SURROGATES:** Clear.

**4.**    **BANKRUPTCY:**  See Attached.

**5.**    **CHILD SUPPORT:**  The website of the Pennsylvania Department of Human Services, Bureau of Child Support Enforcement, requires that a Social Security Number be provided in order to identify possible child support arrearages. Social Security Numbers of individual borrowers must be provided for searching.

**6.**    **COUNTY JUDGMENTS:** See Attached

**7.**    **TITLE VESTED IN:**

Jignesh N. Pandya and Mital Pandya, by deed from John C. Melching, Jr. and Mary S. Melching, dated December 28, 2011, recorded January 10, 2012 in the Bucks County Clerk's/Register's Office as Deed Book 6912, Page 914.

Eisenberg, Gold & Agrawal, P.C.
Joanna M. Wingfield
1040 North Kings Highway
Suite 200
Cherry Hill, NJ 08034

**REF. NO:** ▮▮▮▮▮▮▮         **REF. NO.:**

### MORTGAGE & LIEN SCHEDULE

**1**      **Purchase Money Mortgage**

| | |
|---|---|
| Mortgagor: | Jignesh N. Pandya and Mital Pandya |
| Mortgagee: | Univest Bank and Trust Co. |
| Amount: | $3,920,000.00 |
| Dated: | December 29, 2011 |
| Recorded: | January 10, 2012 |
| Book: | 6912 |
| Page: | 941 |

**1a**      **Mortgage Modification**

| | |
|---|---|
| Mortgagor: | Jignesh N. Pandya and Mital Pandya |
| Mortgagee: | Jignesh N. Pandya and Mital Pandya |
| Dated: | November 1, 2020 |
| Recorded: | February 8, 2023 |
| Instr No: | 2023005299 |

**1b**      **Praecipe for Writ of Execution**

| | |
|---|---|
| Docket No: | 2023-04916 |
| Plaintiff: | Univest Bank & Trust Co. |
| Defendant: | Jignsh N. Pandya |
| Filed: | April 10, 2024 |

**2**      **Mortgage**

| | |
|---|---|
| Mortgagor: | Jignesh Pandya |
| Mortgagee: | Kishan Patel and Jagdish Patel |
| Amount: | $880,000.00 |
| Dated: | May 5, 2022 |
| Recorded: | December 27, 2022 |
| Instr No: | 2022074027 |

**3**   **Judgment**
Docket No:        2019-80105
Recorded:         November 14, 2019
Amount:           $45,000.00
Defendant:        Jignesh N. Pandya and Mital Pandya
Plaintiff:        Infinite Mechanical LLC

**4**   **Judgment**
Docket No:        2019-00327
Recorded:         January 18, 2019
Amount:           $5,589.40
Defendant:        Jay Pandya
Plaintiff:        Plumbarama Co. Inc. and Lawrence T. Kajkowski

**5**   **Judgment**
Docket No:        2020-02612
Recorded:         June 15, 2020
Amount:           $28,827.66
Defendant:        Jignesh Pandya
Plaintiff:        Summit Square Associates LP

**6**   **Complaint**
Docket No:        2020-05953
Plaintiff:        Maselli Warren PC
Defendant:        Jignesh Pandya et als
Filed:            November 13, 2020

**7**   **Judgment**
Docket No:        2021-04179
Recorded:         August 3, 2021
Amount:           $5,730.00
Defendant:        Jignesh Pandya
Plaintiff:        All Gas & Welding Supply Co Inc.

**8**   **Judgment**
Docket No:        2022-00343
Recorded:         January 21, 2022
Amount:           $33,631.26
Defendant:        Jignesh Pandya
Plaintiff:        Pepisico Inc d/b/a Pepsi Beverages Company

**9**   **Judgment**
Docket No:        2022-01044
Recorded:         March 4, 2022
Defendant:        Jignesh Pandya
Plaintiff:        Daniel Lezotte Trustee and Mary Lezotte Trustee

**10**     **Judgment**
Docket No:      2022-01819
Recorded:       April 20, 2022
Amount:         $167,465.12
Defendant:      Jignesh Pandya
Plaintiff:      North Mill Credit Trust

**11**     **Judgment**
Docket No:      2022-04247
Recorded:       August 29, 2022
Amount:         $6,688,751.14
Defendant:      Jignesh N. Pandya
Plaintiff:      Pizza Hut LLC (Pizza Hut Inc.)

**12**     **Judgment**
Docket No:      2022-05609
Recorded:       November 4, 2022
Amount:         $10,981,423.98
Defendant:      Jignesh Pandya
Plaintiff:      Zee Bridge Capital LLC

**13**     **Judgment**
Docket No:      2022-73642
Recorded:       November 28, 2022
Amount:         $5,455.04
Defendant:      Jignesh Pandya
Plaintiff:      PA Dept of Labor and Industry

**14**     **Judgment**
Docket No:      2023-00237
Recorded:       January 18, 2023
Amount:         $11,078,442.25
Defendant:      Jignesh Pandya
Plaintiff:      Pizza Hut, LLC

**15**     **Judgment**
Docket No:      2023-02569
Recorded:       May 5, 2023
Amount:         $4,366,585.55
Defendant:      Mital Pandya and Jignesh Pandya
Plaintiff:      Southern Shoals LLC

**15**     **Judgment**
Docket No:      2023-03791
Recorded:       July 3, 2023
Amount:         $23,502.38
Defendant:      Jignesh Pandya
Plaintiff:      National Construction Rentals Inc.

**16**    **Judgment**
Docket No:        2023-05595
Recorded:         September 15, 2023
Amount:           $307,047.83
Defendant:        Jignesh N. Pandya and Mital J. Pandya
Plaintiff:        American Bank

**17**    **Judgment**
Docket No:        2023-07777
Recorded:         December 13, 2023
Defendant:        Jignesh Pandya
Plaintiff:        Sunset Legacy Inc.

**18**    **Judgment**
Docket No:        2024-00524
Recorded:         January 25, 2024
Amount:           $3,398,909.50
Defendant:        Jignesh Pandya
Plaintiff:        Meridian Bank

**19**    **Judgment**
Docket No:        2024-02476
Recorded:         April 18, 2024
Amount:           $15,224,368.25
Defendant:        Jignesh N. Pandya
Plaintiff:        US Foods Inc.

**20**    **Judgment**
Docket No:        2024-02618
Recorded:         April 24, 2024
Amount:           $1,920,300.00
Defendant:        Jignesh Pandya
Plaintiff:        Gwen Files Triantos 2012 Trust

**21**    **Judgment**
Docket No:        2024-70000
Recorded:         January 1, 2024
Amount:           $743.75
Defendant:        Jignesh Pandya
Plaintiff:        PA Dept of Labor and Industry

Eisenberg, Gold & Agrawal, P.C.

███████████

1040 North Kings Highway
Suite 200
Cherry Hill, NJ 08034

---

**REF. NO:** ████████                    **REF. NO.:**

# LEGAL DESCRIPTION

## PROPERTY DESCRIPTION:

8 Woodland Road
Township of Upper Makefield, PA  18940
*Tax Parcel(s) 47-008-007-007, Township of Upper Makefield, Bucks County*
Mailing Address: 8 Woodland Road, Newtown, PA 18940

ALL THAT CERTAIN lot or piece of ground, hereditaments and appurtenances, Situate in the Township of Upper Makefield, County of Bucks and State of Pennsylvania, described according to a Final Subdivision Plan of Woodland Acres, made by All County, Inc., dated 9/5/1978 and last revised 6/12/1980 and recorded 7/2/1980 in Plan Book 197 page 27, bounded and described as follows, to wit:

BEGINNING at a point on the Southwesterly side of Woodland Road (50 feet wide, a private road), a corner of Lot 8 on said plan; thence extending from said beginning point and along the said Southwesterly side of Woodland Road, South 27 degrees 49 minutes 21 seconds East, 266.25 feet to a point, at the beginning of the cul-de-sac of Woodland Road; thence extending along the cul-de-sac of Woodland Road, the two (2) following courses and distances:  (1) on the arc of a circle curving to the right having a radius of 30 feet, the arc distance of 29.67 feet to a point of reverse curve; and (2) on the arc of a circle curving to the left having a radius of 62 feet, the arc distance of 80.58 feet to a point, a corner of Lot 6 on said Plan; thence extending along line of Lot 6, the two (2) following courses and distances, viz.:  (1) South 41 degrees West 138.00 feet to a point; and (2) South 30 degrees 16 minutes 07 seconds East, 384.81 feet to a point; thence extending along lands now or late of John and Bertha Malcick , North 76 degrees 50 minutes 51 seconds West, 1,248.95 feet to a point; thence extending along line of Lot 8 on said plan, the two (2) following courses and distances, viz.:  (1) North 63 degrees 34 minutes 27.4 seconds East, 913.29 feet to a point; and (2) North 62 degrees 10 minutes 39 seconds East, 175 feet to the first mentioned point and place of beginning.

BEING Lot 7 on said plan.

CONTAINING 10 acres of land, more or less.

BEING County Parcel # 47-8-7-7.

*Charles Jones*
A DataTrace Company

*PENNSYLVANIA TAX CERTIFICATION*

For: **FORTUNE TITLE FORECLOSURE**
PARCEL #: 47-008-007-007

| | | |
|---|---|---|
| ASSESSED OWNER: | PANDYA JIGNESH N & MITAL | |
| | 8 WOODLAND RD  NEWTOWN PA 18940 | |
| LEGAL ADDRESS: | 8 WOODLAND RD | |

## CERTIFICATE OF CURRENT PROPERTY TAX STATUS FOR:

| | | **Assessed Value** | | **Millage Rates** | |
|---|---|---|---|---|---|
| **Lot Size:** | 10.0000 AC | **Land:** | $28,900.00 | Twp/Boro: | 6.45 |
| **Property Code:** | 1051 -- RESIDENTIAL - RESIDENCE | **Improvement:** | $408,670.00 | County: | 27.45 |
| | W/10-19.99 ACRES OF LAND. | **Total:** | $437,570.00 | School: | 137.1567 |

| | | | | |
|---|---|---|---|---|
| **Municipal:** | UPPER MAKEFIELD TWP | **County:** BUCKS | | **State:** PA |
| | 1076 EAGLE RD, NEWTOWN, PA 18940 | | | **Phone #:** (215) 968-3340 |
| **Collector:** | RICHARD KROLLMAN | | | **Phone #:** (215) 980-5185 |
| **Address:** | PO BOX 410, WASHINGTON CROSSING, PA 18977-0301 | | | |
| **Payment:** | **Make check payable to:** | RICHARD KROLLMAN, TAX COLLECTOR | Duplicate Bill Fee:$10.00 | |

| | | | |
|---|---|---|---|
| **School:** | COUNCIL ROCK S D | | |
| **Collector:** | RICHARD KROLLMAN | | **Phone #:** |
| **Address:** | PO BOX 410, WASHINGTON CROSSING, PA 18977 | | |
| **Payment:** | **Make check payable to:** | RICHARD KROLLMAN, TAX COLLECTOR | Duplicate Bill Fee:$10.00 |

### Prior Year Taxes

| Year | Amount | Status | Year | Amount | Status | Year | Amount | Status |
|---|---|---|---|---|---|---|---|---|
| 2023 | $15,739.03 | Open & due to Tax Claim 04/30/24 | 2023 | $69,390.45 | Open & due to Portnoff 05/01/24 | 2022 | | Paid in full |
| 2021 | | Paid in full | | | | | | |

**Additional Info:**  PORTNOFF 2023 FILE# 24-02364-0.
PORTNOFF LAW ASSOCIATES LTD, 2700 HORIZON DRIVE SUITE 100, KING OF PRUSSIA, PA 19406. (484) 690-9300. (FILE NUMBER IS REQUIRED ON CHECK FOR PAYMENT).
BUCKS COUNTY TAX CLAIM BUREAU 55 E COURT ST DOYLESTOWN, PA 18901 (215)348-6274.

### Current Year Taxes 2024

| | **Discount** Ends: 04/30/24 | **Face** From: 05/01/24 - 06/30/24 | **Penalty** Begins: 07/01/24 |
|---|---|---|---|
| **Township 2024** | $2,765.88 **Open** | $2,822.33 | |
| **County 2024** | $11,771.07 **Open** | $12,011.30 | |
| Total: | $14,536.95 | $14,833.63 | |

### School Taxes 2023-2024

| | **Ends:** 08/31/23 | **From:** 09/01/23 - 10/31/23 | **Begins:** 11/01/23 |
|---|---|---|---|
| **School 2023/2024** | | $60,015.66 | $66,017.23 **See Prior Years For Figures** |
| Total: | | $60,015.66 | $66,017.23 |

*Charles Jones LLC guarantees that the above information accurately reflects
the contents of the public record as of  04/26/24.*

**P.O. Box 8488, Trenton, NJ 08650-0488 · Phone (866) 665-1660 · Fax (866) 665-7075**

*Charles Jones*
A DataTrace Company

*PENNSYLVANIA TAX CERTIFICATION*

For: **FORTUNE TITLE FORECLOSURE**
PARCEL #: 47-008-007-007

| | |
|---|---|
| ASSESSED OWNER: | *PANDYA JIGNESH N & MITAL* |
| | *8 WOODLAND RD  NEWTOWN PA 18940* |
| LEGAL ADDRESS: | *8 WOODLAND RD* |

**INTERIM**

**Notes:**   NONE
*Issuance of a building permit may result in an additional bill for the improvement.  Bills reflect the taxable portion of the improvement from the date of certificate of occupancy.*

**Municipal Info:** CERTIFICATE OF OCCUPANCY REQUIRED FOR NEW CONSTRUCTION AND COMMERCIAL, CONTACT TOWNSHIP OFFICE AT (215) 968-3340 FOR ADDITIONAL INFORMATION.

**County Info:**   BUCKS COUNTY TAX CLAIM BUREAU COLLECTS DELINQUENT TAXES; THIS COLLECTOR MAY LEVY ADDITIONAL HANDLING COSTS AT ANY TIME DURING A MONTH ON ANY EXISTING DELINQUENT TAX AMOUNTS. PLEASE CONTACT CHARLES JONES LLC PRIOR TO CLOSING FOR AN UPDATED TAX CLAIM AMOUNT TO BE COLLECTED.

*Charles Jones LLC guarantees that the above information accurately reflects
the contents of the public record as of  04/26/24.*

# BUCKS COUNTY RECORDER OF DEEDS
### 55 East Court Street
### Doylestown, Pennsylvania  18901
### (215) 348-6209

Instrument Number - 2012002240

Recorded On 1/10/2012 At 7:58:53 AM                    * Total Pages - 7

* Instrument Type - DEED

Invoice Number - 478172             User - SMC

* Grantor - MELCHING, JOHN C JR

* Grantee - PANDYA, JIGNESH N

* Customer - SIMPLIFILE LC E-RECORDING

* FEES

| | |
|---|---|
| STATE TRANSFER TAX | $49,000.00 |
| RECORDING FEES | $67.00 |
| COUNCIL ROCK SCHOOL DISTRICT REALTY TAX | $24,500.00 |
| UPPER MAKEFIELD TOWNSHIP | $24,500.00 |
| TOTAL PAID | $98,067.00 |

> This is a certification page
>
> DO NOT DETACH
>
> This page is now part of this legal document.

RETURN DOCUMENT TO:
ROBERT CHALPHIN ASSOC SOUTH
735 STREET ROAD
SOUTHAMPTON, PA 18966

I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office of Bucks County, Pennsylvania.



Joseph J. Szafran, Jr.
Recorder of Deeds

\* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

Book: 6912  Page: 914

```
CERTIFIED PROPERTY IDENTIFICATION NUMBERS
47-008-007--007      -      U MAKEFIELD TWP
        CERTIFIED 01/09/2012 BY MDM
```

| | |
|---|---|
| Prepared By: | United Commercial Abstract  (# 146945-UCA) |
| Return To: | United Commercial Abstract<br>2005 South Easton Road<br>Suite 308<br>Doylestown, PA 18901<br>(215) 348-5300 |
| Property: | 8 Woodland Road<br>Township of Upper Makefield<br>Bucks County, Pennsylvania |
| Parcel # | County Parcel # 47-008-007-007 |

# *Deed*

## John C. Melching, Jr. and Mary S. Melching

## To

## Jignesh N. Pandya and Mital Pandya

*THIS DEED, MADE THE*    28th day of    December    , (2011).

*BETWEEN,*    John C. Melching, Jr. and Mary S. Melching

(hereinafter called the "Grantor"), of the one part,

and

Jignesh N. Pandya and Mital Pandya

(hereinafter called the "Grantee(s)"), of the other part.

*WITNESSETH,* That the said Grantor for and in consideration of the sum of ($1.00)
One Dollar and no cents------------------------------------------------------------------00/100

lawful money of the United States of America, unto them, the said Grantor, well and truly paid by the said Grantee(s), at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, has granted, bargained and sold, aliened, enfeoffed, released and confirmed, and by these presents does grant, bargain and sell, alien, enfeoff, release and confirm unto the said Grantee(s), their heirs and assigns, as tenants by the entireties :

ALL THAT CERTAIN lot or piece of ground, hereditaments and appurtenances, Situate in the Township of Upper Makefield, County of Bucks and State of Pennsylvania, described according to a Final Subdivision Plan of Woodland Acres, made by All County, Inc., dated 9/5/1978 and last revised 6/12/1980 and recorded 7/2/1980 in Plan Book 197 page 27, bounded and described as follows, to wit:

BEGINNING at a point on the Southwesterly side of Woodland Road (50 feet wide, a private road), a corner of Lot 8 on said plan; thence extending from said beginning point and along the said Southwesterly side of Woodland Road, South 27 degrees 49 minutes 21 seconds East, 266.25 feet to a point, at the beginning of the cul-de-sac of Woodland Road; thence extending along the cul-de-sac of Woodland Road, the two (2) following courses and distances: (1) on the arc of a circle curving to the right having a radius of 30 feet, the arc distance of 29.67 feet to a point of reverse curve; and (2) on the arc of a circle curving to the left having a radius of 62 feet, the arc distance of 80.58 feet to a point, a corner of Lot 6 on said Plan; thence extending along line of Lot 6, the two (2) following courses and distances, viz.: (1) South 41 degrees West 138.00 feet to a point; and (2) South 30 degrees 16 minutes 07 seconds East, 384.81 feet to a point; thence extending along lands now or late of John and Bertha Malcick , North 76 degrees 50 minutes 51 seconds West, 1,248.95 feet to a point; thence extending along line of Lot 8 on said plan, the two (2) following courses and distances, viz.: (1) North 63 degrees 34 minutes 27.4 seconds East, 913.29 feet to a point; and (2) North 62 degrees 10 minutes 39 seconds East, 175 feet to the first mentioned point and place of beginning.

BEING Lot 7 on said plan.

CONTAINING 10 acres of land, more or less.

-continued-

BEING County Parcel # 47-8-7-7.

BEING THE SAME PREMISES WHICH Edward N. Stevenson,, by Deed dated 10/28/2005 and recorded 11/30/2005 in Bucks County, Pennsylvania in Land Record Book 4732, Page Page 1175, granted and conveyed unto John C. Melching, Jr. and Mary S. Melching, in fee.



*TOGETHER* with all and singular the improvements, ways, streets, alleys, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever thereunto belonging, or in any wise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of it the said Grantor, as well at law as in equity, or otherwise howsoever, of, in, and to the same and every part thereof.

*TO HAVE AND TO HOLD* the said lot or piece of ground above described, with the buildings and improvements thereon erected, hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantee(s), their heirs and assigns, to and for the only proper use and behoof of the said Grantee(s), their heirs and assigns forever.

*AND* the said Grantor, for theirself, their heirs and assigns, does covenant, promise and agree, to and with the said Grantee(s), their heirs and assigns, by these presents that the said Grantor, their heirs and assigns, all and singular the hereditaments and premises hereby granted or mentioned and intended so to be, with the appurtenances, unto the said Grantee(s), their heirs and assigns, against them, the said Grantor, their heirs and assigns, and against all and every person or persons whomsoever lawfully claiming or to claim the same or any part thereof, by, from or under it, them or any of them, shall and will, **WARRANT and forever DEFEND.**

*IN WITNESS WHEREOF,* the party of the first part has hereunto set its hand and seal. Dated the day and year first above written.

_____
John C. Melching, Jr.

_____
Mary S. Melching

COPY

Dec 28 2011 1:47PM   Title Officer 20120022xx   Page 8 2153488862   p.6

Commonwealth\State _PA_                          County of _Bucks_

On this 28th day of _Dec._ , 2011, before me, the undersigned officer, personally appeared
John C. Melching, Jr. and Mary S. Melching

, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and
acknowledged that their executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Doreen L. Iezzatti, Notary Public
Bensalem Twp, Bucks County
My commission expires June 26, 2014

Notary Public

---

DEED

John C. Melching, Jr. and Mary S. Melching

TO

Jigresh N. Pandya and Mital Pandya

page

Recorded in Deed Book

GIVEN under my hand and the seal of the said office,
the date above written.

Recorder of Deeds

---

United Commercial Abstract
20005 South Easton Road
Suite 308
Doylestown, PA 18901

(215) 348-5300

146945-UCA

The address of the above-named
Grantee(s) is:

1471 Hidden Pond Drive
Yardley, PA 19067

On behalf of the Grantee(s):

10/13/10  11:01 FAX 215 364 3650                                                    ☒001

REV-183 EX (04-10)



**pennsylvania**
DEPARTMENT OF REVENUE
Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

# REALTY TRANSFER TAX
# STATEMENT OF VALUE

See reverse for instructions.

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid | 49,000.00 |
| Book Number | |
| Page Number | |
| Date Recorded | |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. A Statement of Value is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. If more space is needed, attach additional sheets.

## A. CORRESPONDENT – All inquiries may be directed to the following person:

| Name | Telephone Number: |
|---|---|
| Robert Chalphin Associates, Inc. | (215) 355-1010 |

| Mailing Address | City | State | ZIP Code |
|---|---|---|---|
| 735 Street Road | Southampton | PA | 18966 |

| ## B. TRANSFER DATA | ## C. Date of Acceptance of Document |
|---|---|

| Grantor(s)/Lessor(s) | Grantee(s)/Lessee(s) |
|---|---|
| Kane Law Office c/o John C. Melching, Jr. and Mary S. Melching | Jignesh N. Pandya and Mital Pandya |

| Mailing Address | Mailing Address |
|---|---|
| 1841 Norristown Road | 1471 Hidden Pond Drive |

| City | State | ZIP Code | City | State | ZIP Code |
|---|---|---|---|---|---|
| Maple Glen | PA | 19002 | Yardley | PA | 19067 |

## D. REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
|---|---|
| 8 Woodland Road | Upper Makefield Township |

| County | School District | Tax Parcel Number |
|---|---|---|
| Bucks County | Council Rock | 47-008-007-007 |

## E. VALUATION DATA - WAS TRANSACTION PART OF AN ASSIGNMENT OR RELOCATION? ☐ Y ☐ N

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| $4,900,000.00 | + 0 | = $4,900,000.00 |

| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Fair Market Value |
|---|---|---|
| $437,570.00 | X 8.85 | = $3,872,494.50 |

## F. EXEMPTION DATA

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| 0 | 100% | 100% |

**Check Appropriate Box Below for Exemption Claimed.**

☐ Will or intestate succession. _____ _____
                                (Name of Decedent)              (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐ Transfer from a trust. Date of transfer into the trust _____
   If trust was amended attach a copy of original and amended trust.

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the commonwealth, the U.S., and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐ Other (Please explain exemption claimed.) _____

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| Ashley Fricke | 12/28/2011 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

# BUCKS COUNTY RECORDER OF DEEDS
**55 East Court Street**
**Doylestown, Pennsylvania   18901**
**(215) 348-6209**

Instrument Number - 2012002241
Recorded On 1/10/2012 At 7:58:54 AM        * Total Pages - 27
* Instrument Type - MORTGAGE - CORPORATIONS
  Invoice Number - 478172          User -  SMC
* Mortgagor - PANDYA, JIGNESH N
* Mortgagee - UNIVEST BK & TR CO
* Customer - SIMPLIFILE LC E-RECORDING
* FEES
  RECORDING FEES        $109.00
  TOTAL PAID            $109.00

This is a certification page

**DO NOT DETACH**

This page is now part
of this legal document.

RETURN DOCUMENT TO:
ROBERT CHALPHIN ASSOC SOUTH
735 STREET ROAD
SOUTHAMPTON, PA 18966

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.



Joseph J. Szafran, Jr.
Recorder of Deeds

* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

Book: **6912** Page: **941**

| CERTIFIED PROPERTY IDENTIFICATION NUMBERS | | |
|---|---|---|
| 47-008-007--007 | - | U MAKEFIELD TWP |
| CERTIFIED 01/09/2012 BY MDM | | |

Prepared By:
Univest Bank and Trust Co.
14 North Main St, PO Box 64197
Souderton, PA 18964

Return To:
Univest Bank and Trust Co.
14 North Main St, PO Box 64197
Souderton, PA 18964

Parcel Number: 47-8-7-7

Premises:
8 Woodland Road
Newtown, PA 18940

———————————— [Space Above This Line For Recording Data] ————————————

# PURCHASE MONEY
# MORTGAGE

Loan Number: 138211057

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated          December 29, 2011          , together with all Riders to this document.

(B) "Borrower" is
JIGNESH N. PANDYA MITAL PANDYA

Borrower is the mortgagor under this Security Instrument.

PENNSYLVANIA - Single Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0907),00
Page 1 of 17



(C) "Lender" is Univest Bank and Trust Co.

Lender is a corporation

organized and existing under the laws of                    PENNSYLVANIA
Lender's address is 14 North Main St, PO Box 64197
Souderton, PA 18964

Lender is the mortgagee under this Security Instrument.

(D) "Note" means the promissory note signed by Borrower and dated        December 29, 2011
The Note states that Borrower owes Lender
Three Million Nine Hundred Twenty Thousand and 00/100                              Dollars
(U.S. $3,920,000.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments
and to pay the debt in full not later than                January 1, 2042

(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under
the Note, and all sums due under this Security Instrument, plus interest.

(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to
be executed by Borrower [check box as applicable]:

| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [X] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | |
| [ ] Other(s) [specify] | | |

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and
administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial
opinions.

(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges
that are imposed on Borrower or the Property by a condominium association, homeowners association or similar
organization.

(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or
similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or
magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term
includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by
telephone, wire transfers, and automated clearinghouse transfers.

(K) "Escrow Items" means those items that are described in Section 3.

(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any
third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or
destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in
lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.



(N) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the     County     [Type of Recording Jurisdiction] of           Bucks           [Name of Recording Jurisdiction]:

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF, AS EXHIBIT 'A'

which currently has the address of
8 Woodland Road

                                           [Street]
Newtown           [City] , Pennsylvania      18940     [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency.

PENNSYLVANIA   - Single Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0907).00
Page 3 of 17

However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items.

PENNSYLVANIA  - Single Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0907).00
Page 4 of 17



Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.

PENNSYLVANIA  - Single Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0907).00
Page 5 of 17



If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower.

PENNSYLVANIA   - Single Family - Fannie Mae/Freddie Mac UNIFORM   INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0907).00
Page 6 of 17



If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property.

PENNSYLVANIA  - Single Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0907).00
Page 7 of 17



Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

PENNSYLVANIA  - Single Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0907).00
Page 8 of 17



As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property *immediately* before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

PENNSYLVANIA  - Single Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0907).00
Page 9 of 17

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

PENNSYLVANIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA) (0907).00
Page 10 of 17



If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

PENNSYLVANIA   - Single Family - Fannie Mae/Freddie Mac UNIFORM   INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0907).00
Page 11 of 17

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

PENNSYLVANIA  - Single Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0907).00
Page 12 of 17

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.

Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.

23. **Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

PENNSYLVANIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA) (0907).00
Page 13 of 17

Inst # 2012002241 - Page 15 of 27

24. **Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

25. **Reinstatement Period.** Borrower's time to reinstate provided in Section 19 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

26. **Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

27. **Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.
SIGNATURE PAGES FOLLOW.

PENNSYLVANIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA) (0907).00
Page 14 of 17



Inst. # 2012002241 - Page 15 of 27

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____

_____          _____ (Seal)
Jignesh N Pandya                                                                    -Borrower


_____ (Seal)
Mital Pandya                                                                          -Borrower


_____ (Seal)
                                                                                           -Borrower


_____ (Seal)
                                                                                           -Borrower


**ADDITIONAL  BORROWER  SIGNATURES  ON NEXT PAGE.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____

_____ (Seal)
                                                        -Borrower

_____ (Seal)
                                                        -Borrower

_____ (Seal)
                                                        -Borrower

_____ (Seal)
                                                        -Borrower

PENNSYLVANIA  - Single  Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0907).00
Page 16 of 17

COMMONWEALTH OF PENNSYLVANIA, *Bucks*                    County ss:

On this, the 29th day of *December, 2011*,    before me, the undersigned officer, personally appeared

Jignesh N. Pandya and Mital Pandya

known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires: 3/17/14

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Ashley Pasceri, Notary Public
Doylestown Twp., Bucks County
My Commission Expires March 17, 2014
Member, Pennsylvania Association of Notaries

_____

Title of Officer

Certificate of Residence

I, *David C Walbrandt*,    do hereby certify that the correct address of the within-named Mortgagee is

14 N. Main St, Souderton, PA 18964

Witness my hand this 29th day of *December, 2011*.

Agent of Mortgagee

PENNSYLVANIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0907).00
Page 17 of 17



# SCHEDULE "C"

NUMBER: 146945-UCA

ALL THAT CERTAIN lot or piece of ground, hereditaments and appurtenances, Situate in the Township of Upper Makefield, County of Bucks and State of Pennsylvania, described according to a Final Subdivision Plan of Woodland Acres, made by All County, Inc., dated 9/5/1978 and last revised 6/12/1980 and recorded 7/2/1980 in Plan Book 197 page 27, bounded and described as follows, to wit:

BEGINNING at a point on the Southwesterly side of Woodland Road (50 feet wide, a private road), a corner of Lot 8 on said plan; thence extending from said beginning point and along the said Southwesterly side of Woodland Road, South 27 degrees 49 minutes 21 seconds East, 266.25 feet to a point, at the beginning of the cul-de-sac of Woodland Road; thence extending along the cul-de-sac of Woodland Road, the two (2) following courses and distances:  (1) on the arc of a circle curving to the right having a radius of 30 feet, the arc distance of 29.67 feet to a point of reverse curve; and (2) on the arc of a circle curving to the left having a radius of 62 feet, the arc distance of 80.58 feet to a point, a corner of Lot 6 on said Plan; thence extending along line of Lot 6, the two (2) following courses and distances, viz.:  (1) South 41 degrees West 138.00 feet to a point; and (2) South 30 degrees 16 minutes 07 seconds East, 384.81 feet to a point; thence extending along lands now or late of John and Bertha Malcick , North 76 degrees 50 minutes 51 seconds West, 1,248.95 feet to a point; thence extending along line of Lot 8 on said plan, the two (2) following courses and distances, viz.:  (1) North 63 degrees 34 minutes 27.4 seconds East, 913.29 feet to a point; and (2) North 62 degrees 10 minutes 39 seconds East, 175 feet to the first mentioned point and place of beginning.

BEING Lot 7 on said plan.

CONTAINING 10 acres of land, more or less.

.BEING County Parcel # 47-8-7-7.

BEING THE SAME PREMISES WHICH Edward N. Stevenson,, by Deed dated 10/28/2005 and recorded 11/30/2005 in Bucks County, Pennsylvania in Land Record Book 4732, Page Page 1175, granted and conveyed unto John C. Melching, Jr. and Mary S. Melching, in fee.



# ADJUSTABLE RATE RIDER
(LIBOR One-Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

Loan Number: 138211057

THIS ADJUSTABLE RATE RIDER is made this   29th   day of      December, 2011      ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust,
or Security Deed (the "Security Instrument") of the same date given by the undersigned (the
"Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to

Univest Bank and Trust Co.,
corporation
(the "Lender") of the same date and covering the property described in the Security Instrument and
located at:

8 Woodland Road
Newtown, PA 18940

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME
AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

A.    INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial interest rate of        4.000 %. The Note provides for changes in
the interest rate and the monthly payments as follows:

4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates
The interest rate I will pay may change on the first day of        January, 2015        ,
and on that day every 12th month thereafter. Each date on which my interest rate could change is
called a "Change Date."

UNIVEST BANK AND TRUST CO. MODIFIED
MULTISTATE ADJUSTABLE RATE RIDER - WSJ One-Year LIBOR - Single Family - Fannie Mae
UNIFORM INSTRUMENT
                        Form 3189 6/01
Wolters Kluwer Financial Services
VMP ® -166R (0806)
Page 1 of 4        Initials 
DDS-LRD

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding Two and Three Quarters                                                     percentage points
(                          2.750 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 6.000 % or less than                          2.750 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 10.000 %. **My interest rate will never be less than 2.750%.**

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**UNIVEST BANK AND TRUST CO. MODIFIED**
MULTISTATE ADJUSTABLE RATE RIDER - WSJ One-Year LIBOR - Single Family - Fannie Mae UNIFORM INSTRUMENT
VMP ® -166R (0806)                          Page 2 of 4        Initials: ___  Form 3189 6/01
DDS-LRD

Inst. # 2012002241 - Page 22 of 27

**B.    TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**
Section 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

UNIVEST BANK AND TRUST CO. MODIFIED
MULTISTATE  ADJUSTABLE  RATE RIDER - WSJ One-Year  LIBOR - Single Family - Fannie Mae
UNIFORM  INSTRUMENT
VMP ® -166R (0806)                    Page 3 of 4            Initials: _____    Form 3189 6/01
DDS-LRD

Inst. # 2012003341 - Page 33 of 27

BY SIGNING BELOW,  Borrower accepts  and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)
Jignesh N Pandya                                                                -Borrower

_____ (Seal)
Mital Pandya                                                                     -Borrower

_____ (Seal)
                                                                                      -Borrower

_____ (Seal)
                                                                                      -Borrower

**UNIVEST BANK AND TRUST CO. MODIFIED**
MULTISTATE  ADJUSTABLE  RATE  RIDER - WSJ  One-Year  LIBOR  - Single  Family - Fannie  Mae
UNIFORM  INSTRUMENT
VMP ® -166R (0806)                          Page 4 of 4                          Form 3189 6/01
DDS-LRD

# PLANNED UNIT DEVELOPMENT RIDER

Loan Number: 136211057

THIS PLANNED UNIT DEVELOPMENT RIDER is made this      29th      day of December, 2011     , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to

Univest Bank and Trust Co.,
corporation
(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

8 Woodland Road
Newtown, PA 18940

[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in

THE DECLARATION OF COVENANTS, CONDITIONS, AND RESTRICTIONS.

(the "Declaration"). The Property is a part of a planned unit development known as

Woodland Acres

[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

---

PUD Rider - 1sts
VMP ®
Wolters Kluwer Financial Services ©2009

T0186 (0911)
Page 1 of 4



12/29/2011    14:18 UNIVEST MORTGAGE DEPT.  # 2012002241    Page 25 of 27    (FAX)215/218901    P.002/004

**B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

---



BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____ (Seal)
Jignesh N Pandya                                 -Borrower

_____ (Seal)
Mital Pandya                                     -Borrower

_____ (Seal)
                                                 -Borrower

_____ (Seal)
                                                 -Borrower

_____ (Seal)
                                                 -Borrower

ADDITIONAL BORROWER SIGNATURES ON NEXT PAGE.

PUD Rider - 1sts
VMP ®
Wolters Kluwer Financial Services ©2009

T0186 (0911)
Page 3 of 4



12/26/2014  10:48  UNVEST MORTGAGE    DOCT # 2012002241 - Page 27 of 27    (FAX)2157218901    P.004/004

BY SIGNING BELOW,  Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____ (Seal)
                                                                 -Borrower

_____ (Seal)
                                                                 -Borrower

_____ (Seal)
                                                                 -Borrower

_____

PUD Rider - 1sts
VMP ®
Wolters Kluwer Financial Services ©2009

T0186 (0911)
Page 4 of 4



## BUCKS COUNTY RECORDER OF DEEDS
**55 East Court Street**
**Doylestown, Pennsylvania  18901**
**(215) 348-6209**

Instrument Number - 2023005299
Recorded On 2/8/2023 At 10:21:22 AM                    * Total Pages - 6
* Instrument Type - MORTGAGE MODIFICATION
  Invoice Number - 1318362          User -  KLJ
* Mortgagor - PANDYA, JIGNESH N
* Mortgagee - UNIVEST BANK AND TRUST CO
* Customer - SIMPLIFILE LC E-RECORDING
* FEES
  RECORDING FEES          $34.50
  TOTAL PAID              $34.50

| Bucks County UPI Certification |
|---|
| On February 7, 2023 By LMC |

**This is a certification page**

# DO NOT DETACH

**This page is now part**
**of this legal document.**

**RETURN DOCUMENT TO:**
GDV ABSTRACT, LLC
16000 HORIZON WAY&#10;SUITE 201
MOUNT LAUREL, NJ 08054

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.



Daniel J. McPhillips
Recorder of Deeds

*** - Information denoted by an asterisk may change during**
**the verification process and may not be reflected on this page.**

1B13AD

```
CERTIFIED PROPERTY IDENTIFICATION NUMBERS
47-008-007--007    -    U MAKEFIELD TWP
        CERTIFIED 02/07/2023 BY LMC
```

*13821l057*

Return To:
Univest Bank and Trust Co.
Attn: Mark Folweiler
14 North Main Street
P.O. Box 197
Souderton, PA 18964-0197

Parcel No. 47-8-7-7

_____ [Space Above This Line For Recording Data] _____

# LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 1st day of November 2020, between Jignesh N Pandya and Mital Pandya ("Borrower") and Univest Bank and Trust Co. ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated December 29, 2011 and recorded at Instrument Number-2012002241, Book 6912, Page 941 of the Bucks County Recorder of Deeds and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**8 Woodland Road, Newtown, PA 18940**
*Upper Makefield Township*

_____,
(Property Address)

the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  As of November 1, 2020, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $2,924,935.87, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2.  Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.75%, from November 1, 2020. Borrower promises to make monthly payments of principal and interest of U.S. $17,653.58, beginning on the 1st day of November 2020, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 4.75% will remain in effect until principal and interest are paid in full. If on April 1, 2043 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

**LOAN MODIFICATION AGREEMENT**—Single Family—**Fannie Mae UNIFORM INSTRUMENT**        Form 3179  1/01 (rev. 4/14)  *(page 1 of 4)*

If Lender exercises this option, Lender shall give Borrower notice of acceleration.   The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument.   If Borrower fails to pay these sums prior to the expiration of this period, .Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.   Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

(a)   all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b)   all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.   Borrower understands and agrees that:

(a)   All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b)   All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law.  Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)   Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)   All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)   Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)   Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ☐.

_____ (Seal)
Mark Folweiler          -Lender
Collections Manager

By: _____
     Mark Folweiler , Collections Manager

_12/23/2020_____
Date of Lender's Signature

_____ (Seal)
Jignesh N Pandya        -Borrower

Mital J Pandya _____ (Seal)
Mital Pandya            -Borrower

_____ [Space Below This Line For Acknowledgments] _____

COPY

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT     Form 3179   1/01 (rev. 4/14)   *(page 3 of 4)*

*COMMONWEALTH OF PENNSYLVANIA:*

*COUNTY OF:* Bucks

On this 23rd day of December, 2020, before me, a Notary Public in and for said State, the undersigned persons, personally appeared, Mital + Jignesh Pandya, known to me to be the persons whose names are subscribed to the foregoing instrument and acknowledged that they executed the same for the purposes therein contained.

*IN WITNESS WHEREOF,* I hereunto set my hand and Notarial Seal the day and year first above written.

```
Commonwealth of Pennsylvania - Notary Seal
KRUPA PATEL - Notary Public
Bucks County
My Commission Expires Apr 8, 2022
Commission Number 1254924
```

*COMMONWEALTH OF PENNSYLVANIA:*

*COUNTY OF: MONTGOMERY:*

On this 23rd day of December, 2020, before me, a Notary Public, in and for said Commonwealth, the undersigned officer, personally appeared Stephen D Robinson, Mark Felweiler who acknowledged herself to be the Senior Vice President of UNIVEST BANK AND TRUST CO., collection manager a national banking organization, and that she as such officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the names of the Corporation by herself as said Officer.

*IN WITNESS WHEREOF,* I hereunto set my hand and Notarial Seal the day and year first above written.

```
COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Diane J. Detweiler, Notary Public
Souderton Boro, Montgomery County
My Commission Expires Sept. 3, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES
```

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT    Form 3179   1/01 (rev. 4/14)   (page 4 of 4)

# SCHEDULE "C"

NUMBER: **146945-UCA**

ALL THAT CERTAIN lot or piece of ground, hereditaments and appurtenances, Situate in the Township of Upper Makefield, County of Bucks and State of Pennsylvania, described according to a Final Subdivision Plan of Woodland Acres, made by All County, Inc., dated 9/5/1978 and last revised 6/12/1980 and recorded 7/2/1980 in Plan Book 197 page 27, bounded and described as follows, to wit:

BEGINNING at a point on the Southwesterly side of Woodland Road (50 feet wide, a private road), a corner of Lot 8 on said plan; thence extending from said beginning point and along the said Southwesterly side of Woodland Road, South 27 degrees 49 minutes 21 seconds East, 266.25 feet to a point, at the beginning of the cul-de-sac of Woodland Road; thence extending along the cul-de-sac of Woodland Road, the two (2) following courses and distances:  (1) on the arc of a circle curving to the right having a radius of 30 feet, the arc distance of 29.67 feet to a point of reverse curve; and (2) on the arc of a circle curving to the left having a radius of 62 feet, the arc distance of 80.58 feet to a point, a corner of Lot 6 on said Plan; thence extending along line of Lot 6, the two (2) following courses and distances, viz.:  (1) South 41 degrees West 138.00 feet to a point; and (2) South 30 degrees 16 minutes 07 seconds East, 384.81 feet to a point; thence extending along lands now or late of John and Bertha Malcick , North 76 degrees 50 minutes 51 seconds West, 1,248.95 feet to a point; thence extending along line of Lot 8 on said plan, the two (2) following courses and distances, viz.:  (1) North 63 degrees 34 minutes 27.4 seconds East, 913.29 feet to a point; and (2) North 62 degrees 10 minutes 39 seconds East, 175 feet to the first mentioned point and place of beginning.

BEING Lot 7 on said plan.

CONTAINING 10 acres of land, more or less.

BEING County Parcel # 47-8-7-7.

BEING THE SAME PREMISES WHICH Edward N. Stevenson., by Deed dated 10/28/2005 and recorded 11/30/2005 in Bucks County, Pennsylvania in Land Record Book 4732, Page Page 1175, granted and conveyed unto John C. Melching, Jr. and Mary S. Melching, in fee.



# BUCKS COUNTY RECORDER OF DEEDS
**55 East Court Street**
**Doylestown, Pennsylvania   18901**
**(215) 348-6209**

Instrument Number - 2022074027
Recorded On 12/27/2022 At 9:23:36 AM          * Total Pages - 9
* Instrument Type - MORTGAGE - INDIVIDUALS
Invoice Number - 1312778          User -  JCD
* Mortgagor - PANDYA, JIGNESH
* Mortgagee - PATEL, KISHAN
* Customer - GENOVA BURNS LLC
* **FEES**

```
RECORDING FEES        $97.75
TOTAL PAID            $97.75
```

| Bucks County UPI Certification |
| --- |
| On December 27, 2022 By TF |



This is a certification page

# DO NOT DETACH

This page is now part
of this legal document.

## RETURN DOCUMENT TO:
GENOVA BURNS LLC

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.



**Daniel J. McPhillips**
**Recorder of Deeds**

\* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

1AFAF8

```
CERTIFIED PROPERTY IDENTIFICATION NUMBER
47-008-007--007     -     U MAKEFIELD TWP
        CERTIFIED 12/27/2022 BY TF
```

I hereby certify that the address of the
Mortgagee stated below is correct:

RECEIVED

2022 DEC 27  A 7: 48

BUCKS COUNTY
RECORDER OF DEEDS

# Open-End
# Guaranty Mortgage

Dated: _____

from

**JIGNESH PANDYA**
as Mortgagor

to

**KISHAN PATEL AND JAGDISH PATEL**
as Mortgagee

LOCATION OF PREMISES:

Address: 8 Woodland Road
Parcel Number 47-008-007-007
Township/City: Newton
County of Bucks
Commonwealth of Pennsylvania

AFTER RECORDING, PLEASE RETURN TO:
Rajiv D. Parikh, Esq.
Genova Burns LLC
494 Broad Street
Newark, New Jersey 07102
rparikh@genovaburns.com
973-533-0777

1

Parcel Number 47-008-007-007

# OPEN-END GUARANTY MORTGAGE

This mortgage made and entered into this _5_ day of May, 2022, by Jignesh Pandya, (hereinafter referred to as the "Mortgagor") and Kishan Patel and Jagdish Patel, (hereinafter referred to collectively as the "Mortgagee"), who maintain a residence at 395 New Dover Road, Colonia New Jersey.

WHEREAS, Mortgagor is obligated and has guaranteed to make certain payments to the Mortgagee pursuant to and in accordance with that certain Confidential Settlement Agreement And Mutual Release dated May _5_, 2022 (the "Settlement Agreement") entered into by and among Mortgagor, Mortgagee and others in settlement of a civil action in the United States District Court for the District of New Jersey, captioned as Jagdish Patel, et al., v. Jignesh Pandya, et al., Docket No. 14-8127 (WJM) (the "Lawsuit").

WHEREAS, Mortgagor's obligations under the Settlement Agreement include, among other things, the deferred payment over time of the principal sum of EIGHT HUNDRED AND EIGHTY THOUSAND and 00/100 ($880,000.00) Dollars (the "Deferred Payment Amount"). The Deferred Payment Amount, together with Mortgagor's obligations under the Settlement Agreement are collectively referred to as the "Obligations".

WITNESSETH that for good and valuable consideration hereinafter stated, receipt of which is hereby acknowledged, the Mortgagor does hereby mortgage, sell, grant, assigns, all of the following described properties and the associated rights of said properties designated by the Tax Parcel Number set forth on Schedule B attached hereto and made a part hereof, situated and being at 8 Woodland Road in the Town of Newton, County of Bucks, Commonwealth of Pennsylvania, as more particulary described on Schedule A attached hereto (the "Premises").

The Mortgaged Premises shall also include tenements, hereditaments, rights, privileges, interests, easements and appurtenances belonging or in anywise pertaining to the Mortgaged Premises, and all rents, issues, income and profits thereof, and all buildings and improvements now or hereafter situated on the Mortgaged Premises, and all fixtures, appliances, apparatus, equipment or articles owned by the Mortgagor now or hereafter situated on or used in connection with the Mortgaged Premises, including, but not in limitation of, all boilers, furnaces, motors, machinery, generators, heaters, ranges, mantels, sprinkling and other fire prevention or extinguishing equipment, gas and electric fixtures, heating and plumbing, lighting, ventilating, refrigerating, incinerating, cooking and air-conditioning equipment, elevators, screens, storm sash, screen doors, awnings, blinds, shades, gas and oil tanks, together with all accessories, substitutions, additions, replacements, parts and accessories affixed to and used in connection therewith. All of the foregoing are declared to be part of the Mortgaged Premises, whether physically attached thereto or not.

This Mortgage shall be deemed to constitute a fixture filing to be filed of record in the real estate records maintained by the Recorder of Deeds of Bucks County, pursuant to Laws of the Commonwealth of Pennsylvania.

2

TO HAVE AND TO HOLD, the Mortgaged Premises unto the Mortgagee, its successors and assigns, to its and their own proper use and benefit forever. All right, title and interest of the Mortgagor in and to all extensions, improvements, betterments, renewals, substitutes and replacements of, and all additions and appurtenances to the Mortgaged Premises hereafter acquired by, or released to, the Mortgagor or constructed, assembled or placed by the Mortgagor on the Mortgaged Premises, and all conversions of the security constituted thereby, immediately upon such acquisition, release, construction, assembling, placement or conversion, as the case may be, and in each such case, without any further mortgage, pledge, conveyance, assignment or other act by the Mortgagor, shall become subject to the lien of this Mortgage as fully and completely, and with the same effect, as though now owned by the Mortgagor and specifically described herein. Notwithstanding the foregoing, the Mortgagor shall, at Mortgagor's own cost, make, execute, acknowledge, deliver and record any and all such further acts, deeds, conveyances, mortgages, notices of assignment, transfers, assurances and other documents as the Mortgagee shall from time to time require for better assuring, conveying, assigning, transferring and confirming unto the Mortgagee of the Mortgaged Premises and the other rights hereby conveyed or assigned or intended now or hereafter so to be, or which the Mortgagor may be or may hereafter become bound to convey or assign for carrying out the intention of facilitating the performance of the terms of this Mortgage. Upon the filing of this Mortgage in the office of the recorder of deeds in and for the county where the Mortgaged Premises is located, this Mortgage shall also be effective as a financing statement filed in such office as a fixture filing. The Mortgagor shall, at Mortgagor's own cost and expense, execute, deliver and file any financing statements, continuation certificates and other documents the Mortgagee may require from time to time to perfect and maintain in favor of the Mortgagee a security interest under the Uniform Commercial Code in such Equipment, Building Equipment, Intangibles, Awards, Insurance Policies, Leases and Agreements, Income and Rents, Accounts Receivable, Securities, Deposits and Plans. Without limiting the generality of any of the foregoing, the Mortgagor hereby irrevocably appoints the Mortgagee attorney-in-fact for the Mortgagor to execute, deliver and file any of the documents referred to hereinabove for and on behalf of the Mortgagor.

PROVIDED ALWAYS, and these presents are upon the express conditions, that if the Mortgagor shall well and truly pay to the Mortgagee all money secured hereby when the same shall be due and payable, without deduction or credit for any amount payable for taxes, and any swap agreements secured hereunder have matured or been terminated, then these presents and the estate hereby granted shall cease, terminate and be void.

The Mortgagor covenants that it is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except any liens prior to the Settlement Agreement and that it hereby binds itself and its successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of the Settlement Agreement and the Obligations. This instrument constitutes a subordinate lien on the Premises as further set forth in the Settlement Agreement.

1.       The Mortgagor covenants and agrees as follows:

3

*a.* It will promptly pay the indebtedness evidenced by said Obligations and Settlement Agreement at the times and in the manner therein provided.

*b.* It will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the said Mortgagee.

*c.* It will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the Mortgagee for the collection of any or all of the Obligations and the indebtedness hereby secured, or foreclosure by Mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said property. Attorneys' fees reasonably incurred in any other way shall be paid by the Mortgagor.

*d.* For better security of the Obligations and the indebtedness hereby secured, upon the request of the Mortgagee, its successors or assigns, it shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to Mortgagee). Furthermore, should Mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, Mortgagor hereby agrees to permit Mortgagee to cure such default, but Mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

*e.* The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of the payment of the Obligations and the indebtedness evidenced by said Settlement Agreement or any part thereof secured hereby.

*f.* It will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the Mortgagee.

2.      Default in any of the covenants or conditions of this instrument or of the Settlement Agreement secured hereby shall terminate the Mortgagor's right to possession, use, and enjoyment of the property, at the option of the Mortgagee or its assigns (it being agreed that the Mortgagor shall have such right until default).

3.      The Mortgagor covenants and agrees that if it shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the Settlement Agreement secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without further notice beyond that required by the Settlement Agreement, at the option of the Mortgagee, regardless of maturity, and the Mortgagee may before or after entry sell said property without appraisement (the Mortgagor having waived and assigned to the Mortgagee all rights of appraisement):

(I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

4

(II) at the option of the Mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being waived by the Mortgagor (and said Mortgagee, or any person on behalf of said Mortgagee, may bid with the unpaid Obligations and indebtedness evidenced by the Settlement Agreement). Said sale shall be held at or on the property to be sold or at the Federal, county, or city courthouse for the county in which the property is located. The Mortgagee is hereby authorized to execute for and on behalf of the Mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said Mortgagor hereby constitutes and appoints the Mortgagee or any agent or attorney of the Mortgagee, the agent and attorney in fact of said Mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the Mortgagor, all of which are hereby expressly waived and conveyed to the Mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in State or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinbefore provided, the Mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4.    The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the Mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay and loan or mortgage in a first position on the property – if any; thirdly the Obligations and the indebtedness secured hereby; and fourthly, to pay any surplus or excess to the person or persons legally entitled thereto.

5.    In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total Obligations and indebtedness secured by this instrument and evidenced by said Settlement Agreement, the Mortgagee will be entitled to a deficiency judgment for the amount of the deficiency without regard to appraisement.

6.    In the event the Mortgagor fails to pay any Federal, state or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property the Mortgagee is hereby authorized at its option to pay the same. Any sums so paid by the Mortgagee shall be added to and become a part of the principal amount of the Obligations and the indebtedness

5

evidenced by said Settlement Agreement, subject to the same terms and conditions. If the Mortgagor shall pay and discharge the Obligations and the indebtedness evidenced by the Settlement Agreement, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7.    The covenants herein contained shall bind the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

8.    No waiver of any covenant herein or of the Obligations secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the Settlement Agreement secured hereby.

9.    A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

10.    Any written notice to be issued to the Mortgagor pursuant to the provisions of this instrument shall be addressed to, and made via the methods, provided for in the Settlement Agreement.

11.    Due on Sale Clause. The Mortgagor shall not sell, convey or otherwise transfer any interest in the property (whether voluntarily or by operation of law), or agree to do so, without the Mortgagee's prior written consent, including (a) any sale, conveyance, assignment, or other transfer of (including installment land sale contracts), or the grant of a security interest in, all or any part of the legal or equitable title to the property, except as otherwise permitted hereunder; (b) any lease of all or any portion of the property; or (c) any sale, conveyance, encumbrance, assignment, or other transfer of, or the grant of a security interest in, any share of stock of the Mortgagor, if a corporation or any partnership interest in the Mortgagor, if a partnership, or any membership interest, if a limited liability entity, except in favor of the Mortgagee. Any default under this Paragraph shall cause an immediate acceleration of the Obligations without any demand by the Mortgagee.

12.    This Mortgage shall be governed by and construed according to the laws of the Commonwealth of Pennsylvania.

IN WITNESS WHEREOF, the Mortgagor has executed this instrument and the Mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

WITNESS:                                                    MORTGAGOR:


By: _____
                                                            JIGNESH PANDYA


## ACKNOWLEDGMENT

State of _Pennsylvania_                    :
                                           :        SS
County of _Bucks_                          :

BE IT REMEMBERED, that on this _5_ day of _May 2022_, before me, the subscriber, personally appeared _Jignesh Pandya_, who, I am satisfied is the person who signed the within instrument, and he/she acknowledged that he/she signed, sealed, and delivered the same and that the within instrument is his/her voluntary act and deed.


_____
(Notary Public)

Commonwealth of Pennsylvania - Notary Seal
Antonia J. Foster, Notary Public
Bucks County
My commission expires March 10, 2026
Commission number 1052453
Member, Pennsylvania Association of Notaries

7

## SCHEDULE A

BEGINNING at a point on the Southwesterly side of Woodland Road (50 feet wide, a private road), a corner of Lot 8 on said plan; thence extending from said beginning point and along the said Southwesterly side of Woodland Road, South 27 degrees 49 minutes 21 seconds East, 266.25 feet to a point, at the beginning of the cul-de-sac of Woodland Road; thence extending along the cul-de-sac of Woodland Road, the two (2) following courses and distances: (1) on the arc of a circle curving to the right having a radius of 30 feet, the arc distance of 29.67 feet to a point of reverse curve; and (2) on the arc of a circle curving to the left having a radius of 62 feet, the arc distance of 80.58 feet to a point, a corner of Lot 6 on said Plan; thence extending along line of Lot 6, the two (2) following courses and distances, viz.: (1) South 41 degrees West 138.00 feet to a point; and (2) South 30 degrees 16 minutes 07 seconds East, 384.81 feet to a point; thence extending along lands now or late of John and Bertha Malcick, North 76 degrees 50 minutes 51 seconds West, 1,248.95 feet to a point; thence extending along line of Lot 8 on said plan, the two (2) following courses and distances, viz.: (1) North 63 degrees 34 minutes 27.4 seconds East, 913.29 feet to a point; and (2) North 62 degrees 10 minutes 39 seconds East, 175 feet to the first mentioned point and place of beginning.

## SCHEDULE B
### List of Properties

The following real property is owned by and titled to Jignesh Pandya:

Address:  8 Woodland Road Tax Parcel #:47-008-007-007

In the Town of Newton, County of Bucks, and Commonwealth of Pennsylvania

8

Case #2023-04916

| | |
|---|---|
| Case Number | 2023-04916 |
| Matter Code | |
| Commencement Date | 8/16/2023 1:34:43 PM |
| Last Filing Date | 4/10/2024 |
| Days Open | 183 |
| Case Type | COMPLAINT IN MORTGAGE FORECLOSURE |
| PFA Number | |
| Caption Plaintiff | UNIVEST BANK & TRUST CO |
| Caption Defendant | PANDYA, JIGNESH N |
| Lis Pendens Indicator | No |
| Status | 6 |
| Judge | ROBERT J. MELLON |
| Judge Code | 27 |
| Parcel Number | 47-008-007-007 |
| Remarks | COMPLAINT IN MORTGAGE FORECLOSURE REAL PROPERTY MORTGAGE FORECLOSURE:RESIDENTIAL WITH NOTICE TO DEFEND |
| Sealed | No |
| Consolidated | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| UNIVEST BANK & TRUST CO | 16 HARBOR PLACE PO BOX 197 PO BOX 197 SOUDERTON, PA 18964 UNITED STATES | AGRAWAL, AMAR | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PANDYA, JIGNESH N | 8 WOODLAND ROAD NEWTON, PA 18940 UNITED STATES | | Yes | 1 | | |
| PANDYA, MITAL | 2500 KNIGHTS ROAD APT 169 BENSALEM, PA 19020 UNITED STATES | | Yes | 2 | | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 8/16/2023 1:34:43 PM | E | COMPLAINT IN MORTGAGE FORECLOSURE REAL PROPERTY MORTGAGE FORECLOSURE:RESIDENTIAL WITH NOTICE TO DEFEND | No | 13440928 |
| 1 | 8/18/2023 10:21:27 AM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2023 1 10142 AMOUNT PAID $150.00 | No | 13443142 |
| 2 | 8/24/2023 11:07:46 AM | | SHERIFF' RETURN, UNDER OATH, NOT FOUND BY DEPUTY FRANK LEONHARDT AS TO DEFENDANT MITAL PANDYA. NOT SERVED DEFENDANT MOVED. 2500 KNIGHTS ROAD APT 169, BENSALEM, PA 19020, | No | 13447601 |
| 3 | 9/12/2023 3:38:46 PM | E | PRAECIPE TO REINSTATE COMPLAINT FILED. EO DIE, COMPLAINT REINSTATED. | No | 13460975 |
| 4 | 9/13/2023 12:56:06 PM | | SHERIFF' RETURN, UNDER OATH, NOT FOUND BY DEPUTY SAMANTHA PRICE AS TO DEFENDANT JIGNESH N PANDYA. NOT SERVED DEFENDANT NOT HOME. GATE LOCKED, GOOD ADDRESS FOR DEFENDANT. REQUEST POSTING ORDER. 8 WOODLAND ROAD, NEWTOWN, PA 18940, | No | 13461595 |
| 5 | 9/14/2023 9:21:03 AM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2023 1 11255 AMOUNT PAID $110.00 | No | 13462197 |
| 6 | 10/5/2023 10:12:16 AM | | SHERIFF'S RETURN, UNDER OATH, FILED. SGT. JAMES MITCHELL ON 10/5/2023 AT 2:32 PM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED PERSON IN CHARGE OF BUSINESS (A)(2)(III) JIGNESH PANYDA. CIVIL COMPLAINT 2023-04916 TO ABOVE WITHOUT INCIDENT. MR.PANDYA ACCEPTED COMPLAINT FOR MITAL PANDYA AT 121 FRIENDS LN IN NEWTOWN,, 8 WOODLAND ROAD, NEWTOWN, PA 18940, | No | 13479108 |

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 7 | 10/5/2023 10:12:29 AM | | SHERIFF'S RETURN, UNDER OATH, FILED. SGT. JAMES MITCHELL ON 10/5/2023 AT 2:34 PM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED PERSON IN CHARGE OF BUSINESS (A)(2)(III) JIGNESH PANDYA . CIVIL COMPLAINT 2023-05374 TO ABOVE WITHOUT INCIDENT. 8 WOODLAND ROAD, NEWTOWN, PA 18940, | No | 13479109 |
| 8 | 11/2/2023 4:45:47 PM | E | PRAECIPE TO REINSTATE COMPLAINT FILED. EO DIE, COMPLAINT REINSTATED. | No | 13499764 |
| 9 | 11/8/2023 10:50:46 AM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2023 1 13910 AMOUNT PAID $110.00 | No | 13502736 |
| 10 | 11/20/2023 10:02:30 AM | | SHERIFF'S RETURN, UNDER OATH, FILED. CPL GREGORY SZAFRAN ON 11/20/2023 AT 9:15 AM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED DEFENDANT PERSONALLY SERVED (A)(I) JIGNESH PANDYA. 8 WOODLAND ROAD, NEWTOWN, PA 18940, | No | 13510924 |
| 11 | 2/14/2024 3:41:53 PM | E | NOTICE 237.1 OF INTENTION TO FILE DEFAULT | No | 13575597 |
| 12 | 2/15/2024 9:54:19 AM | E | PRAECIPE TO ENTER JUDGMENT FILED IN FAVOR OF UNIVEST BANK & TRUST CO & Against JIGNESH N PANDYA; MITAL PANDYA. JUDGMENT ENTERED AND DAMAGES ASSESSED AT $2,713,765.32 AND POSSESSION. WITH NOTICE 237.1, AFFIDAVIT ADDRESS. WITH AFFIDAVIT OF NON-MILITARY SERVICE. NOTICE 236 SENT ON 2-15-2024. | No | 13575961 |
| 13 | 4/10/2024 2:39:44 PM | E | PRAECIPE FOR WRIT OF EXECUTION - MORTGAGE FORECLOSURE. TMP# 47-008-007-007 | No | 13623920 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| UNIVEST BANK & TRUST CO | PANDYA, JIGNESH N | 2/15/2024 9:52:40 AM | POSSESSION AND $2,713,765.32 |
| UNIVEST BANK & TRUST CO | PANDYA, MITAL | 2/15/2024 9:52:55 AM | POSSESSION AND $2,713,765.32 |

## Parcel Numbers

| Parcel Numbers |
|---|
| 47-008-007-007 |



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

# COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

UNIVEST BANK & TRUST CO

vs.

JIGNESH N PANDYA

NO.  2023-04916

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Bucks County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:   AMAR AGRAWAL, Esq., ID: 308159

Self-Represented (Pro Se) Litigant ☐

| **Class Action Suit** | ☐ Yes | ☒ No | |
|---|---|---|---|
| **MDJ Appeal** | ☐ Yes | ☒ No | **Money Damages Requested** ☐ |

**Commencement of Action**:

Complaint

**Amount in Controversy**:

_____

## Case Type and Code

Real Property: _____

Mortgage Foreclosure:Residential

**Other:** _____

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM; Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY
## CIVIL DIVISION

Univest Bank & Trust Co.

|                          |       |     |
|--------------------------|-------|-----|
| Plaintiff,               |   :   | No._____ |
| vs.                      |   :   |     |
|                          |   :   | _____ |
| Jignesh N. Pandya and Mital Pandya |   :   | **Form of Action** |
| Defendant(s).            |   :   | **Complaint** |

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Bucks County Bar Association
135 East State Street
Doylestown, PA 18901
Phone (215) 348-9413, 1-800-479-8585
www.bucksbar.org

PA Bar Association: www.pabar.org

Attorney for Plaintiff,

Attorney I.D. # 308159
Please type or print name and address

Amar A. Agrawal, Esquire
Eisenberg, Gold & Agrawal, P.C.
1040 North Kings Highway
Suite 200
Cherry Hill, New Jersey 08034
(856) 330-6200

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

Amar A. Agrawal, Esquire
Attorney Id. No. 308159
Eisenberg, Gold & Agrawal, P.C.
1040 North Kings Highway, Suite 200
Cherry Hill, New Jersey 08034
Phone # (856) 330-6200
Email: aagrawal@egalawfirm.com
Attorney for Plaintiff
File No.: UF-555-A

### IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CIVIL ACTION - LAW

| | |
|---|---|
| Univest Bank & Trust Co. | No. |
| Plaintiff, | |
| vs. | |
| Jignesh N. Pandya and Mital Pandya | |
| Defendant(s). | |

### COMPLAINT IN MORTGAGE FORECLOSURE

1.      The Plaintiff is Univest Bank & Trust Co. (hereinafter "*Plaintiff*" or "*UB*"), a duly organized and subsisting banking institution existing under the laws of the Commonwealth of Pennsylvania, the Mortgagee, with its principal place of business located at 16 Harbor Place, PO Box 197, Souderton, PA 18964.

2.      The Defendant is Jignesh N. Pandya (hereinafter "*Defendant*" or "*JNP*"), the Mortgagor and real owner of the premises hereinafter described in **Exhibit "A"** and commonly known as *8 Woodland Road, Newtown, PA 18940 (Parcel No. 47-008-007-007)* (the "*Property*"). *JNP* has a last known address of 8 Woodland Road, Newtown, PA 18940-2909.

3.      The Defendant is Mital Pandya (hereinafter "*Defendant*" or "*MP*"), the Mortgagor and real owner of the premises hereinafter described in **Exhibit "A"** and commonly known as *8 Woodland Road, Newtown, PA 18940 (Parcel No. 47-008-007-007)* (the "*Property*"). *MP* has a last known address of 2500 Knights Road, Apt 169, Bensalem, PA 19020-3410.

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

4.    On December 29, 2011, the Defendant executed a Promissory Note (the *"Note"*) evidencing a certain loan in the principal amount of $3,920,000.00 from Plaintiff to Defendant. A copy of the Note is attached hereto as **Exhibit "B."**

5.    On December 29, 2011, *JNP and MP* made, executed, and delivered a Mortgage (the *"Mortgage"*) upon the Property to Plaintiff, which Mortgage was recorded on January 10, 2012, in the Office of the Recorder of Deeds of Bucks County as Instrument No. 2012002241 in Book 6912 at Page 941. A copy of the Mortgage is attached hereto as **Exhibit "C."**

6.    On November 1, 2020, *JNP and MP* made, executed, and delivered a Loan Modification (*"Loan Modification"*) upon the Property to Plaintiff, which Assignment of Rents was recorded on February 8, 2023, in the Office of the Recorder of Deeds of Bucks County as Instrument No. 2023005299. A copy of the Assignment of Rents is attached hereto as **Exhibit "D."**

7.    Plaintiff remains the holder of said Note, Mortgage, and Loam Modification.

8.    The Property subject to the said Mortgage and Assignment of Rents is fully described in *Exhibits "A", "C", and "D"*, which are attached hereto, incorporated herein and made a part hereof.

9.    On or about June 29, 2023, Plaintiff properly prepared a Notice of Intention to Take Action under Section 403 of Act 6 of 1974 (41 Purden's Statutes, Section 403) combined with the Homeowners Emergency Mortgage Assistance Act, Act 91 1983 Notice and thereafter on June 29, 2023 mailed the same to the Defendant herein by certified mail, return receipt requested and regular mail in the Postal System of the United States. A true and correct copy of the aforesaid Notice is attached hereto, made a part hereof and marked **Exhibit "E"**, said Exhibit representing compliance with Pennsylvania Rule of Civil Procedure 1147 as to a cause of action in Mortgage Foreclosure.

10.    The within Cause of Action in Mortgage Foreclosure was instituted more than thirty (30) days following the forwarding to Defendant of Plaintiff's Notice of Intention to Take Action

Case# 2023-04916-0 - JUDGE 27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

under Section 403 of Act 6 of 1974, supra, and in compliance with the requirements of said Section
of Act 6 of 1974.

11.     The said Mortgage is in default because the monthly interest and principal payment
due for May 1, 2023, and all subsequent payments thereafter have not been paid, and by the terms of
said Mortgages upon default in such payments of interest and principal for a period of thirty (30)
days, the principal and all interest due thereon is collectible forthwith.

12.     The following amount are due on the Mortgage:

| | | |
|---|---|---|
| (a) | Principal | $2,654,060.54 |
| (b) | Interest to September 1, 2023 at $337.00 p.d. | $38,708.92 |
| (c) | Attorney's Commission (actual and anticipated legal fees to be updated at judgment) | $4,500.00 |
| (d) | Late Charges | $6,205.28 |
| (e) | Title Search | $70.75 |
| | **TOTAL:** | **$2,703,545.49** |

**WHEREFORE,** the Plaintiff, Univest Bank & Trust Co., demands Judgment against the
Defendant, Jignesh N. Pandya and Mital Pandya, for foreclosure and sale of the mortgaged premises
in the amounts due as set forth in paragraph 12, namely $2,703,545.49 plus the following amounts
accruing after September 1,2023 to the date of judgment:

(a)     Interest of $337.00 per day;

(b)     Late Charges of $889.31 per month;

(c)     Advances for taxes, insurance or other expenses relating to the real estate, plus
interest at the legal rate allowed on judgments after the date of judgment, additional attorneys' fees
(if any) hereafter incurred and costs of suit.

EISENBERG, GOLD & AGRAWAL, P.C.
Attorneys for Plaintiff

By: _____
Amar A. Agrawal, Esquire

Dated: 8/15/2023

Case# 2023-04916-0 - JUDGE27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

Amar A. Agrawal, Esquire
Attorney Id. No. 308159
Eisenberg, Gold & Agrawal, P.C.
1040 North Kings Highway, Suite 200
Cherry Hill, New Jersey 08034
Phone # (856) 330-6200
Email: aagrawal@egalawfirm.com
Attorney for Plaintiff
File No.: UF-555-A

### IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CIVIL ACTION - LAW

|  |  |
|---|---|
| Univest Bank & Trust Co.<br><br>Plaintiff,<br><br>vs.<br><br>Jignesh N. Pandya and Mital Pandya<br><br>Defendant(s). | No.<br><br>**AFFIDAVIT** |

COMMONWEALTH OF PENNSYLVANIA   :
                                                           : ss.
COUNTY OF MONTGOMERY          :

     John Koscinski, of full age, being duly sworn according to law, upon his oath, deposes and

says that: I am the Manager of Consumer and Mortgage Collections of Univest Bank & Trust Co.,

Plaintiff in the foregoing, and I am authorized by said Univest Bank & Trust Co. to make this

Affidavit on its behalf, and state that the facts set forth in the foregoing Complaint in Mortgage

Foreclosure are true and correct to the best of my knowledge, information and belief.

                                      John Koscinski, Manager of Consumer and
                                      Mortgage Collections

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 15ᵗʰ DAY
OF August, 2023

_Carla Lynne McCarthy_
NOTARY

Commonwealth of Pennsylvania - No...
Carla Lynne McCarthy, Notary P...
Montgomery County
My commission expires January 24, 2...
Commission number 1364...
Member, Pennsylvania Association of No...

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

# Exhibit "A"

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

NUMBER:  146945-UCA

ALL THAT CERTAIN lot or piece of ground, hereditaments and appurtenances, Situate in the Township of Upper Makefield, County of Bucks and State of Pennsylvania, described according to a Final Subdivision Plan of Woodland Acres, made by All County, Inc., dated 9/5/1978 and last revised 6/12/1980 and recorded 7/2/1980 in Plan Book 197 page 27, bounded and described as follows, to wit:

BEGINNING at a point on the Southwesterly side of Woodland Road (50 feet wide, a private road), a corner of Lot 8 on said plan; thence extending from said beginning point and along the said Southwesterly side of Woodland Road, South 27 degrees 49 minutes 21 seconds East, 266.25 feet to a point, at the beginning of the cul-de-sac of Woodland Road; thence extending along the cul-de-sac of Woodland Road, the two (2) following courses and distances:  (1) on the arc of a circle curving to the right having a radius of 30 feet, the arc distance of 29.67 feet to a point of reverse curve; and (2) on the arc of a circle curving to the left having a radius of 62 feet, the arc distance of 80.58 feet to a point, a corner of Lot 6 on said Plan; thence extending along line of Lot 6, the two (2) following courses and distances, viz.:  (1) South 41 degrees West 138.00 feet to a point; and (2) South 30 degrees 16 minutes 07 seconds East, 384.81 feet to a point; thence extending along lands now or late of John and Bertha Malcick  , North 76 degrees 50 minutes 51 seconds West, 1,248.95 feet to a point; thence extending along line of Lot 8 on said plan, the two (2) following courses and distances, viz.:  (1) North 63 degrees 34 minutes 27.4 seconds East, 913.29 feet to a point; and (2) North 62 degrees 10 minutes 39 seconds East, 175 feet to the first mentioned point and place of beginning.

BEING Lot 7 on said plan.

CONTAINING 10 acres of land, more or less.

BEING County Parcel # 47-8-7-7.

BEING THE SAME PREMISES WHICH Edward N. Stevenson,, by Deed dated 10/28/2005 and recorded 11/30/2005 in Bucks County, Pennsylvania in Land Record Book 4732, Page Page 1175, granted and conveyed unto John C. Melching, Jr. and Mary S. Melching, in fee.

Commonly known as: *8 Woodland Road, Newtown, PA 18940 (Parcel No. 47-008-007-007)*



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

# Exhibit "B"

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

Loan Number:

# ADJUSTABLE    RATE    NOTE

(LIBOR One-Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

December 29, 2011                    Doylestown                    Pennsylvania
  [Date]                              [City]                        [State]

8 Woodland Road
Newtown, PA 18940

[Property  Address]

**1.   BORROWER'S   PROMISE  TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 3,920,000.00            (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
Univest Bank and Trust Co.,
corporation
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.   INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of          4.000  %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3.   PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the first day of each month beginning on          February 1, 2012                    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on          January 1, 2042          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   14 North Main St, PO Box 64197
Souderton, PA 18964                                      or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ 18,714.68            . This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

UNIVEST BANK AND TRUST CO. MODIFIED

MULTISTATE   ADJUSTABLE   RATE NOTE - WSJ One-Year   LIBOR - Single Family - Fannie Mae UNIFORM INSTRUMENT
Wolters Kluwer Financial Services                                          Form 3536 6/01
VMP ® -166N (0906)
Page 1 of 3



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

**4.   INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The interest rate I will pay may change on the first day of          January, 2015          , and on that day every 12th month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding Two and Three Quarters                percentage points (                2.750 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than                6.000 % or less than                2.750 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than                10.000%.

My interest rate will never be less than 2.750%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5.   BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**6.   LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

UNIVEST BANK AND TRUST CO. MODIFIED
MULTISTATE   ADJUSTABLE   RATE NOTE - WSJ One-Year   LIBOR - Single Family - Fannie Mae UNIFORM INSTRUMENT

Form 3528 6/01

VMP ® -165N (0006)                Page 2 of 5



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of    15    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

UNIVEST BANK AND TRUST CO. MODIFIED

MULTISTATE  ADJUSTABLE  RATE NOTE - WSJ  One-Year  LIBOR - Single Family - Fannie Mae UNIFORM INSTRUMENT

Form 3526  6/01

VMP ® -166N (0401)                                             Page 3 of 5



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.
SIGNATURE PAGE FOLLOWS.

UNIVEST BANK AND TRUST CO. MODIFIED
MULTISTATE   ADJUSTABLE   RATE  NOTE - WSJ  One-Year   LIBOR - Single Family - Fannie  Mae  UNIFORM  INSTRUMENT

Form  3526  6/01

VMP ® -166N  (0802)                                    Page 4 of 6



Case# 2023-04916-0 - JUDGE.27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
Jignesh N Pandya                                -Borrower

_____ (Seal)
                                                -Borrower

_____ (Seal)
                                                -Borrower

_____ (Seal)
                                                -Borrower

_____ (Seal)
                                                -Borrower

_____ (Seal)
                                                -Borrower

_____ (Seal)
                                                -Borrower

_____ (Seal)
                                                -Borrower

*[Sign Original Only]*

UNIVEST BANK AND TRUST CO. MODIFIED
MULTISTATE   ADJUSTABLE   RATE  NOTE - WSJ  One-Year   LIBOR - Single Family - Fannie Mae UNIFORM INSTRUMENT
VMP ® -166N  (0806)                    Page 5 of 5                              Form 3526  6/01

Case# 2023-04916-0 - JUDGE.27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

# Exhibit "C"

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

### BUCKS COUNTY RECORDER OF DEEDS
**55 East Court Street**
**Doylestown, Pennsylvania  18901**
**(215) 348-6209**

Instrument Number - 2012002241
Recorded On 1/10/2012 At 7:58:54 AM            * Total Pages - 27
* Instrument Type - MORTGAGE - CORPORATIONS
Invoice Number - 478172          User -  SMC
* Mortgagor - PANDYA, JIGNESH N      — / 3 82//05 7
* Mortgagee - UNIVEST BK & TR CO
* Customer - SIMPLIFILE LC E-RECORDING

* **FEES**

| | |
|---|---|
| RECORDING FEES | $109.00 |
| TOTAL PAID | $109.00 |

---

This is a certification page

## DO NOT DETACH

This page is now part
of this legal document.

---

**RETURN DOCUMENT TO:**
ROBERT CHALPHIN ASSOC SOUTH
735 STREET ROAD
SOUTHAMPTON, PA 18966

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.



Joseph J. Szafran, Jr.
Recorder of Deeds

* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

Book: **6912** Page: **941**

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

Prepared By:
Univest Bank and Trust Co.
14 North Main St, PO Box 64197
Souderton, PA 18964

Return To:
Univest Bank and Trust Co.
14 North Main St, PO Box 64197
Souderton, PA 18964

Parcel Number: 47-8-7-7
Premises:
8 Woodland Road
Newtown, PA 18940

——————————— [Space Above This Line For Recording Data] ———————————

# PURCHASE MONEY
# MORTGAGE

Loan Number: 138211057

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated       December 29, 2011       , together with all Riders to this document.

**(B) "Borrower"** is
JIGNESH N. PANDYA MITAL PANDYA

Borrower is the mortgagor under this Security Instrument.

PENNSYLVANIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA) (0807) 00
Page 1 of 17



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E- Filed by: AMAR AGRAWAL, Esq.

**(C) "Lender"** is Univest Bank and Trust Co.
Lender is a corporation
organized and existing under the laws of                     PENNSYLVANIA
Lender's address is 14 North Main St, PO Box 64197
Souderton, PA 18964
Lender is the mortgagee under this Security Instrument.

**(D) "Note"** means the promissory note signed by Borrower and dated          December 29, 2011
The Note states that Borrower owes Lender
Three Million Nine Hundred Twenty Thousand and 00/100                                    **Dollars**
(U.S. $3,920,000.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments
and to pay the debt in full not later than          January 1, 2042          .

**(E) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(F) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under
the Note, and all sums due under this Security Instrument, plus interest.

**(G) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to
be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [X] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | |
| [ ] Other(s) [specify] | | |

**(H) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and
administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial
opinions.

**(I) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges
that are imposed on Borrower or the Property by a condominium association, homeowners association or similar
organization.

**(J) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or
similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or
magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term
includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by
telephone, wire transfers, and automated clearinghouse transfers.

**(K) "Escrow Items"** means those items that are described in Section 3.

**(L) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any
third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or
destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii)conveyance in
lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(M) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

PENNSYLVANIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                          Form 3839 1/01
VMP ®                                                                                             VMP6(PA) (0807).00
Wolters Kluwer Financial Services                                                                 Page 2 of 17



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the                County                [Type of Recording Jurisdiction] of                        Bucks                [Name of Recording Jurisdiction]:

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF, AS EXHIBIT 'A'

which currently has the address of
8 Woodland Road

Newtown                              [City] , Pennsylvania          18940         [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency.



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items.

PENNSYLVANIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA) (0807).00
Page 4 of 17



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.

PENNSYLVANIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA) (0907).00
Page 5 of 17



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower.

PENNSYLVANIA    - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VAP6(PA) (0807).00
Page 6 of 17



Case# 2023-04916-0 - JUDGE:27 Received at County of Buck's Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property.

PENNSYLVANIA   - Single  Family - Fannie Mae/Freddie  Mac UNIFORM   INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0207).00
Page 7 of 17



Case# 2023-04916-0 - JUDGE 27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

PENNSYLVANIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0807).00
Page 8 of 17



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

PENNSYLVANIA  - Single Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3809 1/01
VMP6(PA)  (0907).00
Page 9 of 17



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

PENNSYLVANIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA) (0907).00
Page 16 of 17



Case# 2023-04916-0 - JUDGE 27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

PENNSYLVANIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA) (0907).00
Page 11 of 17



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

PENNSYLVANIA  - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA) (0907).00
Page 12 of 17



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.**

**Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.**

**23. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

PENNSYLVANIA  - Single Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0607).00
Page 13 of 17



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

**24. Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**25. Reinstatement Period.** Borrower's time to reinstate provided in Section 19 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**26. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**27. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.**
**SIGNATURE PAGES FOLLOW.**

PENNSYLVANIA  - Single Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0807).00
Page 14 of 17




Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____

_____          _____ (Seal)
Jignesh N Pandya                                                                        -Borrower

_____ (Seal)
Mital Pandya                                                                                  -Borrower

_____ (Seal)
                                                                                                    -Borrower

_____ (Seal)
                                                                                                    -Borrower

**ADDITIONAL BORROWER SIGNATURES ON NEXT PAGE.**

PENNSYLVANIA  - Single  Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3039 1/01
VMP6(PA)  (0807).00
Page 15 of 17



Case# 2023-04916-0 - JUDGE:27 Received at County of Buck's Prothonotary on 08/16/2023 1:34 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____


_____ (Seal)
                                                    -Borrower


_____ (Seal)
                                                    -Borrower


_____ (Seal)
                                                    -Borrower


_____ (Seal)
                                                    -Borrower


PENNSYLVANIA  - Single  Family - Fannie Mae/Freddie  Mac UNIFORM   INSTRUMENT
VMP ®                                                          Form 3039 1/01
Wolters Kluwer Financial Services                             VMP6(PA)  (0007).03
                                                              Page 15 of 17



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

COMMONWEALTH OF PENNSYLVANIA, *Bucks*                              County ss:

On this, the 29ᵗʰ day of *December, 2011*, before me, the undersigned officer, personally appeared

Jignesh N. Pandya and Mital Pandya

known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires: 3/17/14

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Ashley Pascen, Notary Public
Doylestown Twp., Bucks County
My Commission Expires March 17, 2014
Member, Pennsylvania Association of Notaries.

                                                    Title of Officer

Certificate of Residence

I, David C Walbrandt, do hereby certify that the correct address of the within-named Mortgagee is

14 N. Main St, Souderton, PA 18964

Witness my hand this 29ᵗʰ day of December, 2011.

                                                    Agent of Mortgagee

PENNSYLVANIA  - Single Family - Fannie Mae/Freddie Mac UNIFORM  INSTRUMENT
VMP ®                                                            Form 3039 1/01
Wolters Kluwer Financial Services                                VMP6(PA) (0907).00
                                                                 Page 17 of 17



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

# *SCHEDULE "C"*

### NUMBER: 146945-UCA

ALL THAT CERTAIN lot or piece of ground, hereditaments and appurtenances, Situate in the Township of Upper Makefield, County of Bucks and State of Pennsylvania, described according to a Final Subdivision Plan of Woodland Acres, made by All County, Inc., dated 9/5/1978 and last revised 6/12/1980 and recorded 7/2/1980 in Plan Book 197 page 27, bounded and described as follows, to wit:

BEGINNING at a point on the Southwesterly side of Woodland Road (50 feet wide, a private road), a corner of Lot 8 on said plan; thence extending from said beginning point and along the said Southwesterly side of Woodland Road, South 27 degrees 49 minutes 21 seconds East, 266.25 feet to a point, at the beginning of the cul-de-sac of Woodland Road; thence extending along the cul-de-sac of Woodland Road, the two (2) following courses and distances: (1) on the arc of a circle curving to the right having a radius of 30 feet, the arc distance of 29.67 feet to a point of reverse curve; and (2) on the arc of a circle curving to the left having a radius of 62 feet, the arc distance of 80.58 feet to a point, a corner of Lot 6 on said Plan; thence extending along line of Lot 6, the two (2) following courses and distances, viz.: (1) South 41 degrees West 138.00 feet to a point; and (2) South 30 degrees 16 minutes 07 seconds East, 384.81 feet to a point; thence extending along lands now or late of John and Bertha Malcick , North 76 degrees 50 minutes 51 seconds West, 1,248.95 feet to a point; thence extending along line of Lot 8 on said plan, the two (2) following courses and distances, viz.: (1) North 63 degrees 34 minutes 27.4 seconds East, 913.29 feet to a point; and (2) North 62 degrees 10 minutes 39 seconds East, 175 feet to the first mentioned point and place of beginning.

BEING Lot 7 on said plan.

CONTAINING 10 acres of land, more or less.

BEING County Parcel # 47-8-7-7.

BEING THE SAME PREMISES WHICH Edward N. Stevenson,, by Deed dated 10/28/2005 and recorded 11/30/2005 in Bucks County, Pennsylvania in Land Record Book 4732, Page Page 1175, granted and conveyed unto John C. Melching, Jr. and Mary S. Melching, in fee.



Case# 2023-04916-0 - JUDGE.27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed By: AMAR AGRAWAL, Esq.

# ADJUSTABLE  RATE  RIDER

### (LIBOR One-Year Index (As Published In *The Wall Street Journal*)  - Rate Caps)

Loan Number: 138211057

THIS ADJUSTABLE  RATE RIDER is made this   29th   day of         December, 2011
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust,
or Security Deed (the "Security Instrument") of the same date given by the undersigned (the
"Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to

Univest Bank and Trust Co.,

corporation
(the "Lender") of the same date and covering the property described in the Security Instrument and
located at:

8 Woodland Road
Newtown, PA 18940

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME
AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL  COVENANTS.  In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

A.    INTEREST RATE AND MONTHLY PAYMENT  CHANGES

The Note provides for an initial interest rate of       4.000 %. The Note provides for changes in
the interest rate and the monthly payments as follows:

4. INTEREST  RATE AND MONTHLY  PAYMENT  CHANGES

(A) Change  Dates

The interest rate I will pay may change on the first day of         January, 2015
and on that day every 12th month thereafter. Each date on which my interest rate could change is
called a "Change Date."

**UNIVEST BANK AND TRUST CO. MODIFIED**
MULTISTATE  ADJUSTABLE  RATE RIDER - WSJ One-Year LIBOR - Single Family - Fannie Mae
UNIFORM  INSTRUMENT

Form 3189 6/01

Wolters Kluwer Financial Services
VMP ® -166R (0806)
Page 1 of 4                        Initials
DDS-LRD

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding
Two and Three Quarters                                                                                    percentage points
(             2.750 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than
6.000 % or less than             2.750 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than
10.000 %. My interest rate will never be less than 2.750%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**UNIVEST BANK AND TRUST CO. MODIFIED**
MULTISTATE   ADJUSTABLE   RATE  RIDER - WSJ  One-Year  LIBOR - Single  Family - Fannie  Mae
UNIFORM  INSTRUMENT
VMP ® -166R (0806)                              Page 2 of 4              Initials:              Form 3189 6/01
DDS-LRD

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

**B.   TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**
Section 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

UNIVEST BANK AND TRUST CO. MODIFIED
MULTISTATE   ADJUSTABLE   RATE   RIDER - WSJ One-Year LIBOR - Single Family - Fannie Mae UNIFORM INSTRUMENT
VMP ® -166R (0806)                    Page 3 of 4          Initials: _____   Form 3189 6/01
DDS-LRD

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)
Jignesh N Pandya                                 -Borrower

_____ (Seal)
Mital Pandya                                     -Borrower

_____ (Seal)
                                                 -Borrower

_____ (Seal)
                                                 -Borrower

**UNIVEST BANK AND TRUST CO. MODIFIED**
**MULTISTATE  ADJUSTABLE  RATE RIDER - WSJ One-Year LIBOR - Single Family - Fannie Mae**
**UNIFORM  INSTRUMENT**
VMP ® -166R (0805)                 Page 4 of 4                 Form 3189 6/01
DDS-LRD

12/29/2011   14:18 UNIVEST MORTGAGE DEPT.                                    (FAX)2157218901                    P.001/004

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

# PLANNED   UNIT   DEVELOPMENT   RIDER

Loan Number: 138211057

THIS PLANNED UNIT DEVELOPMENT RIDER is made this                    29th                    day of
December, 2011                              , and is incorporated into and shall be deemed to amend and supplement
the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date, given by the
undersigned (the "Borrower") to secure Borrower's Note to

Univest Bank and Trust Co.,
corporation
(the "Lender") of the same date and covering the Property described in the Security Instrument and located
at:

8 Woodland Road
Newtown, PA 18940

[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling,  together with
other such parcels and certain common areas and facilities, as described in
THE DECLARATION OF COVENANTS, CONDITIONS, AND RESTRICTIONS.

(the "Declaration"). The Property is a part of a planned unit development known as
Woodland Acres

[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association  or equivalent
entity owning or managing  the common areas and facilities of the PUD (the "Owners Association") and the
uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS.  In addition to the covenants and agreements made in the Security Instrument,
Borrower and Lender further covenant and agree as follows:

A. PUD Obligations.  Borrower shall perform all of Borrower's obligations under the PUD's Constituent
Documents. The "Constituent Documents" are the (i) Declaration;  (ii) articles of Incorporation, trust
instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other
rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and
assessments imposed pursuant to the Constituent Documents.

---

PUD Rider - 1ala
VMP ®
Wolters Kluwer Financial Services ©2009

T0166 (0911)
Page 1 of 4



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

**B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

---

PUD Rider - 1sta
VMP ®
Wolters Kluwer Financial Services ©2009

T0186 (0911)
Page 2 of 4



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____ (Seal)
Jignesh N Pandya                                    -Borrower

_____ (Seal)
Mital Pandya                                        -Borrower

_____ (Seal)
                                                    -Borrower

_____ (Seal)
                                                    -Borrower

_____ (Seal)
                                                    -Borrower

ADDITIONAL BORROWER SIGNATURES ON NEXT PAGE.

PUD Rider - 1sts
VMP ®
Wolters Kluwer Financial Services ©2009                T0186 (0911)
                                                       Page 3 of 4



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____ (Seal)
                                                 -Borrower

_____ (Seal)
                                                 -Borrower

_____ (Seal)
                                                 -Borrower

_____

PUD Rider - 1sts
VMP ®
Wolters Kluwer Financial Services ©2009                    T0186 (0911)
                                                           Page 4 of 4



Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

# Exhibit "D"

Inst. # 2023005299 - Page 1 of 6

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

### BUCKS COUNTY RECORDER OF DEEDS
**55 East Court Street**
**Doylestown, Pennsylvania 18901**
**(215) 348-6209**

Instrument Number - 2023005299
Recorded On 2/8/2023 At 10:21:22 AM          * Total Pages - 6
* Instrument Type - MORTGAGE MODIFICATION
Invoice Number - 1318362          User - KLJ
* Mortgagor - PANDYA, JIGNESH N
* Mortgagee - UNIVEST BANK AND TRUST CO
* Customer - SIMPLIFILE LC E-RECORDING

* **FEES**

| | |
|---|---|
| RECORDING FEES | $34.50 |
| TOTAL PAID | $34.50 |

Bucks County UPI Certification
On February 7, 2023 By LMC

This is a certification page

# DO NOT DETACH

This page is now part
of this legal document.

**RETURN DOCUMENT TO:**
GDV ABSTRACT, LLC
16000 HORIZON WAY&#10;SUITE 201
MOUNT LAUREL, NJ 08054

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.





Daniel J. McPhillips
Recorder of Deeds

* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

1B13AD

Inst. # 2023005299 - Page 2 of 6

```
CERTIFIED PROPERTY IDENTIFICATION NUMBERS
47-008-007--007   -   U MAKEFIELD TWP
        CERTIFIED 02/07/2023 BY LMC
```

138211057

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

Return To:
Univest Bank and Trust Co.
Attn: Mark Folweiler
14 North Main Street
P.O. Box 197
Souderton, PA 18964-0197

Parcel No. 47-8-7-7

_____ [Space Above This Line For Recording Data] _____

# LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 1ᵗʰ day of November 2020, between Jignesh N Pandya and Mital Pandya ("Borrower") and Univest Bank and Trust Co. ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated December 29, 2011 and recorded at Instrument Number-2012002241, Book 6912, Page 941 of the Bucks County Recorder of Deeds and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**8 Woodland Road, Newtown, PA 18940**
*Upper Makefield Township*

_____ .
(Property Address)

the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of November 1, 2020, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $2,924,935.87, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.75%, from November 1, 2020. Borrower promises to make monthly payments of principal and interest of U.S. $17,653.58, beginning on the 1ᵗʰ day of November 2020, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 4.75% will remain in effect until principal and interest are paid in full. If on April 1, 2043 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT          Form 3179  1/01 (rev. 4/14)   (page 1 of 4)

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a)    all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

    (a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

    (c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

    (d)    All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

    (e)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

    (f)    Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Inst. # 2023005299 - Page 4 of 6

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ☐.

_____ (Seal)
Mark Folweiler              -Lender
**Collections Manager**

By: _____
Mark Folweiler, **Collections Manager**

_12/23/2020_
Date of Lender's Signature

_____ (Seal)
Jignesh N Pandya          -Borrower

_Miral J Pandya_ (Seal)
Mital Pandya              -Borrower

_____ [Space Below This Line For Acknowledgments] _____

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT        Form 3179   1/01 (rev. 4/14)   (page 3 of 4)

Case# 2023-04916-0 - JUDGE.27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

**COMMONWEALTH OF PENNSYLVANIA:**

**COUNTY OF:** Bucks

On this **23rd** day of **December**, 2020, before me, a Notary Public in and for said State, the undersigned persons, personally appeared, **Mital + Jignesh Pandya**, known to me to be the persons whose names are subscribed to the foregoing instrument and acknowledged that they executed the same for the purposes therein contained.

*IN WITNESS WHEREOF*, I hereunto set my hand and Notarial Seal the day and year first above written.

*[signature]*

Commonwealth of Pennsylvania - Notary Seal
KRUPA PATEL - Notary Public
Bucks County
My Commission Expires Apr 8, 2022
Commission Number 1254924

**COMMONWEALTH OF PENNSYLVANIA:**

**COUNTY OF: MONTGOMERY:**

On this **23rd** day of **December**, 2020, before me, a Notary Public, in and for said Commonwealth, the undersigned officer, personally appeared ~~Stephen D. Robinson~~ mark Felweiler, who acknowledged herself to be the ~~Senior Vice President of~~ collecting manager UNIVEST BANK AND TRUST CO., a national banking organization, and that she as such officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the names of the Corporation by herself as said Officer.

*IN WITNESS WHEREOF*, I hereunto set my hand and Notarial Seal the day and year first above written.

*[signature] Diane J. Detweiler*

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Diane J. Detweiler, Notary Public
Souderton Boro. Montgomery County
My Commission Expires Sept. 3, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT          Form 3179   1/01 (rev. 4/14)   (page 4 of 4)

Inst. # 2023005299 - Page 6 of 6

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

# SCHEDULE "C"

**NUMBER: 14694S-UCA**

ALL THAT CERTAIN lot or piece of ground, hereditaments and appurtenances, Situate in the Township of Upper Makefield, County of Bucks and State of Pennsylvania, described according to a Final Subdivision Plan of Woodland Acres, made by All County, Inc., dated 9/5/1978 and last revised 6/12/1980 and recorded 7/2/1980 in Plan Book 197 page 27, bounded and described as follows, to wit:

BEGINNING at a point on the Southwesterly side of Woodland Road (50 feet wide, a private road), a corner of Lot 8 on said plan; thence extending from said beginning point and along the said Southwesterly side of Woodland Road, South 27 degrees 49 minutes 21 seconds East, 266.25 feet to a point, at the beginning of the cul-de-sac of Woodland Road; thence extending along the cul-de-sac of Woodland Road, the two (2) following courses and distances: (1) on the arc of a circle curving to the right having a radius of 30 feet, the arc distance of 29.67 feet to a point of reverse curve; and (2) on the arc of a circle curving to the left having a radius of 62 feet, the arc distance of 80.58 feet to a point, a corner of Lot 6 on said Plan; thence extending along line of Lot 6, the two (2) following courses and distances, viz.: (1) South 41 degrees West 138.00 feet to a point; and (2) South 30 degrees 16 minutes 07 seconds East, 384.81 feet to a point; thence extending along lands now or late of John and Bertha Malcick , North 76 degrees 50 minutes 51 seconds West, 1,248.95 feet to a point; thence extending along line of Lot 8 on said plan, the two (2) following courses and distances, viz.: (1) North 63 degrees 34 minutes 27.4 seconds East, 913.29 feet to a point; and (2) North 62 degrees 10 minutes 39 seconds East, 175 feet to the first mentioned point and place of beginning.

BEING Lot 7 on said plan.

CONTAINING 10 acres of land, more or less.

BEING County Parcel # 47-8-7-7.

BEING THE SAME PREMISES WHICH Edward N. Stevenson,, by Deed dated 10/28/2005 and recorded 11/30/2005 in Bucks County, Pennsylvania in Land Record Book 4732, Page Page 1175, granted and conveyed unto John C. Melching, Jr. and Mary S. Melching, in fee.

Case# 2023-04916-0 -JUDGE.27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

# Exhibit "E"

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.



# UNIVEST®
**BANKING ⁞ INSURANCE ⁞ INVESTMENTS**

Jignesh N Pandya
8 Woodland Rd

Newtown PA 18940-2909

Ref Loan #: XXXXX11057

Property Address:
    8 Woodland Road
    Newtown PA 18940-2909

Certified Mail # 1111111111111111

UNVCO05-2070 – Revised 10/2022

Case# 2023-04916-0 - JUDGE27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

Date:  June 29, 2023

# Act 91 Notice*

## La Notificación de Acto 91*

## <u>Save Your Home From Foreclosure</u>

This is an official Act 91 Notice. You are receiving this notice because Pennsylvania law requires mortgage lenders to send it to homeowners facing foreclosure. This notice contains important legal information about your rights and how you can save your home. **YOU MAY BE ELIGIBLE FOR STATE FUNDED ASSISTANCE** from the Homeowner's Emergency Mortgage Assistance Program (HEMAP), a program of the Pennsylvania Housing Finance Agency (PHFA).

### CALL A COUNSELING AGENCY FOR A MEETING.
### APPLYING FOR HEMAP MAY TEMPORARILY STOP A FORECLOSURE ACTION.

To apply, you **must** have a face-to-face meeting with a HEMAP-approved Consumer Credit Counseling Agency **within 33 days** of the date of this notice. This meeting is free and is the only way to apply for HEMAP. A list of approved Counseling Agencies is attached. A list is also available at **www.phfa.org/hemap**. If after speaking with a Counseling Agency you have further questions about HEMAP, please call 1 (800) 342-2397. Individuals with hearing impairment may call 711 (RELAY).

To make sure you meet the deadline, please call a Counseling Agency **immediately** to schedule a face-to-face meeting. Take this entire Act 91 Notice, including the attached Account Summary, with you to your face-to-face meeting. A counselor can:

- Help you apply for HEMAP and explain how the program works.
- Talk with your lender about a loan modification or other repayment plan.
- Explain possible options to avoid foreclosure such as loss mitigation, refinancing your loan, selling or transferring your property to a third party or having a third party cure the delinquency on your behalf through a short sale or assumption of mortgage.
- Provide referrals for other assistance, programs or services.
- Explain other rights you may have, including your right to assert the non-existence of the debt and any other defenses you may have.

Even if you miss the deadline, you may still apply for HEMAP, but a late HEMAP application will not stop your lender from foreclosing. However, if your application is approved, a HEMAP assistance loan will bring your mortgage current and stop the foreclosure. HEMAP may also temporarily help you make future mortgage payments.

Alternatively, you may save your home from foreclosure by curing your default. That means paying your lender all amounts currently due, including reasonable late charges, attorney fees and other costs and by otherwise fulfilling your mortgage obligations. You may cure the default at any time up to one hour before a Sheriff's Sale, up to three times in any calendar year.

If you have filed a petition in **bankruptcy**, this notice is provided for informational purposes only and is not an attempt to collect a debt. If you are protected by a bankruptcy filing you may still apply for HEMAP assistance.

*CONSULTE AL DORSO LA TRADUCCIÓN DE ESTA NOTIFICACIÓN IMPORTANTE, O LLAME AL 1.800.342.2397.

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

**Fecha:June 29, 2023**

# Notificación sobre la Ley 91
## La Notificación de Acto 91*
## Salve a su Hogar de la Ejecución Hipotecaria

La presente es una notificación oficial sobre la Ley 91. Usted está recibiendo esta notificación porque la ley de Pennsylvania requiere que los prestamistas hipotecarios la envíen a los propietarios de viviendas que se encuentren enfrentando una ejecución hipotecaria. Este aviso contiene información legal importante acerca de sus derechos y de lo que puede hacer para salvar su hogar. **ES POSIBLE QUE SEA ELEGIBLE PARA OBTENER AYUDA CON FONDOS ESTATALES** del Programa de Asistencia de Emergencia Hipotecaria para Dueños de Hogares (HEMAP, por sus siglas en inglés), un programa de la Agencia de Financiamiento de Hogares de Pennsylvania (PHFA, por sus siglas en inglés).

**LLAME A UNA AGENCIA DE ASESORAMIENTO PARA CONCERTAR UNA REUNIÓN. LA SOLICITUD PARA EL HEMAP PUEDE DETENER DE FORMA TEMPORARIA LA EJECUCIÓN DE UNA HIPOTECA.**

Para presentar su solicitud, <u>debe</u> celebrar una reunión presencial con una Agencia de Asesoría Crediticia para el Consumidor aprobada por el HEMAP, <u>antes de que transcurran 33 días,</u> a partir de la fecha de esta notificación. Esta reunión es gratuita y es la única manera de solicitar el HEMAP. Se adjunta una lista de Agencias de Asesoría aprobadas. También puede encontrar una lista en <u>www.phfa.org/hemap.</u> Si luego de hablar con una Agencia de Asesoría tiene
alguna pregunta sobre el HEMAP, por favor llame al 1 (800) 342-2397. Las personas con discapacidades auditivas pueden llamar al 711 (RELÉ).

Con el fin de asegurar que cumpla con el plazo, por favor llame a una Agencia de Asesoría y programe una reunión presencial **de inmediato.** Lleve esta Notificación sobre la Ley 91, junto con el Resumen de Cuenta adjunto, a su reunión presencial. Un asesor puede:

- Ayudarlo a presentar su solicitud al HEMAP y explicarle cómo funciona el programa.
- Hablar con su prestamista acerca de una modificación del préstamo uotro plan de pago.
- Explicarle las opciones posibles para evitar la ejecución de la hipoteca, como la mitigación de pérdidas, la refinanciación del préstamo, la venta o transferencia de su propiedad a un tercero, o que un tercero pague el atraso en su nombre, a través de una venta al descubierto o asumiendo la hipoteca.
- Derivarlo a otro tipo de asistencia, programa o servicio.
- Explicarle otros derechos que pueda tener, incluido su derecho a reivindicar la no existencia de la deuda y cualquier otra defensa que tenga.

Incluso si no cumple con el plazo, es posible presentar su solicitud para el HEMAP, pero la solicitud tardía al HEMAP no impedirá quesu prestamista ejecute la hipoteca. Sin embargo, si se aprueba su solicitud, el préstamo de ayuda del HEMAP pondrá su hipoteca al día y detendrá la ejecución. El HEMAP también puede ayudarlo, de manera temporal, a realizar los pagos de hipoteca futuros. También puede optar por la alternativa de subsanar el incumplimiento para salvar a su hogar dela ejecución hipotecaria. Eso significa pagarle asu prestamista todos los montos adeudados a la actualidad, incluidos los cargos moratorios, los honorarios de abogados y otros costos razonables, y cumplir con sus obligaciones hipotecarias. Puede subsanar el incumplimiento en cualquier momento, hasta una hora antes de la subasta judicial, un máximo de tres veces por cada año calendario.

Si usted ha presentado una solicitud de quiebra, esta notificación se proporciona solo con fines informativos y no es un intento de cobrar una deuda. Usted puede solicitar la ayuda del HEMAP, incluso si está protegido por una declaración de quiebra.

*SEE REVERSE SIDE FOR TRANSLATION OF THIS IMPORTANT NOTICE OR CALL 1.800.342.2397.

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

**ACT 91 NOTICE**
**Account Summary**

## Your Loan Details:

| Name(s) on Account: | Jignesh N Pandya |
|---|---|
| Address of Mortgaged Property: | 8 Woodland Road Newtown PA 18940-2909 |
| Account Number: | XXXXX11057 |

## How to Contact Your Lender:

| Current Lender or Servicer: | Univest Bank and Trust Co. |
|---|---|
| Lender or Servicer Address: | 14 North Main Street, PO Box 197 Souderton, PA 18964 |
| Lender or Servicer Phone Number: | 267-382-1128 |
| Contact Person: | Angelina Picton |
| Phone Number: | 267-382-1128 |
| Fax Number: | |
| Email: | pictona@univest.net |

## Default Information:

| Monthly Payments Missed: | -5/1/2023 , 6/1/2023 |
|---|---|
| Total Amount Past Due: | **Payment Amount: $30,224.22**<br>**Late Charge: $4,439.92**<br>**Less Unapplied Funds Received: $5,215.60**<br>**Other Charges: $0.00**<br>**Total: $34,664.14** |

Case# 2023-04916-0 - JUDGE-27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

## How to Cure the Default:

| | |
|---|---|
| Within 30 Days of the Date on This Notice: | Pay $34,664.14 |
| Send Payment and Make Payable to: | Univest Bank and Trust Co. 14 North Main Street, PO Box 197 Souderton, PA 18964 |
| To Cure "Other Default": | N/A |
| Is the Mortgage Assumable? | No. |

Case# 2023-04916-0 - JUDGE.27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

Amar A. Agrawal, Esquire
Attorney Id. No.
Eisenberg, Gold & Agrawal, P.C.
1040 North Kings Highway, Suite 200
Cherry Hill, New Jersey 08034
Phone # (856) 330-6200
Email: aagrawal@egalawfirm.com
Attorney for Plaintiff
File No.: UF-555-A

## COURT OF COMMON PLEAS OF BUCKS COUNTY
### PENNSYLVANIA
### CIVIL DIVISION — LAW

| | |
|---|---|
| Univest Bank & Trust Co. | |
| **Plaintiff** | No. |
| vs. | |
| Jignesh N. Pandya and Mital Pandya | |
| **Defendant** | |

## CERTIFICATION REGARDING STATUS OF FORECLOSED PREMISES AS RESIDENTIAL AND OWNER OCCUPIED

Pursuant to the Administrative Order dated _____, 2023 dealing with the Residential Mortgage Foreclosure Diversion Program, I hereby certify that the premises at issue in this action known and numbered as:

Premises Address:  8 Woodland Road, Newtown, PA 18940

Check applicable box or boxes:

☑ is an owner occupied residential premises exposed to judicial sale to enforce a residential mortgage.

☐ is not a residential premises within the meaning of the aforementioned order.

The undersigned verifies that the statements made herein are true and correct. I understand that false statements are made subject the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 6/15/2023

Amar A, Agrawal, Esquire
Attorney for Plaintiff
Eisenberg Gold & Agrawal PC
1040 N King Highway Suite 200
Cherry Hill NJ 08034

Case# 2023-04916-0 - JUDGE.27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY
CIVIL DIVISION

IN RE:  MORTGAGE FORECLOSURE :                    ADMINSTRATIVE ORDER NO. 55
DIVERSION PROGRAM :

AND NOW, this 26th day of June 2009, Bucks County Civil Division Administrative Order No. 55, promulgated on June 5, 2009, is hereby amended to read as follows:

1. All Complaints for mortgage foreclosure of any property shall be accompanied by a Certification Cover Sheet which includes a certification as to whether or not the mortgaged property is an owner-occupied residential property. (The Certification Cover Sheet is attached as Exhibit "A".)

2. Any Complaint for mortgage foreclosure of residential owner-occupied properties shall also be accompanied by the following:

   (a) An Urgent Notice, which shall be served on the Defendant along with the Complaint, directing the Defendant to contact a court-designated Hotline for assistance. (A Copy of the "Urgent Notice" is attached hereto as Exhibit "B".)

   (b) A Certificate of Service, in the form attached hereto as Exhibit "C".

3. Upon a request from Defendant to the Hotline for assistance and a conciliation conference, an Order for Conference shall be generated by the Court. (A sample copy of a Case Management Order is attached hereto as Exhibit "D".) The Order for Conference will be sent to all parties to the mortgage foreclosure action.

4. The entry of the Order for Conference shall include a stay of other proceedings in the case until at least 20 days following the conciliation conference.

5. As appropriate, any conciliation conference scheduled by the Court shall be conducted by judge *pro tem* designated by the Court.

6. Conciliation conference recommendation: At the conclusion of the conciliation conference, the conciliation moderator may issue a recommendation memorializing the results of the conference and scheduling future deadlines where appropriate. The Court may enter an order based on the recommendation, as appropriate.

7. This Amendment shall take effect thirty days from the date of publication in the Pennsylvania Bulletin and remain in effect until December 31, 2010, unless extended by the Court.

BY THE COURT:

SUSAN DEVLIN SCOTT, P.J.

Case# 2023-04916-0 - JUDGE;27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

# URGENT NOTICE

**Under a new Pilot Project of the Court of Common Pleas of Bucks County**

## You May be Able to Get Help to Save Your Home

### Call the Save Your Home Hotline
### Immediately at
### 1-866-760-8911

You will be put in touch with a Bucks County Housing Counselor. The Housing Counselor will assist you in trying to work out arrangements with your mortgage company. These services are FREE OF CHARGE.

Furthermore, if you are low income, you may be able to get free legal counsel. If you think you might be eligible, call the legal services helpline at 877-429-5994.

To get help, you must call the Hotline number above within the next TEN (10) days. They will tell you what to do next. Call the Hotline immediately. If you do not call the Hotline, you will not be able to get help under this Project to save your home.

# MAKE THIS CALL TO
# SAVE YOUR HOME.
# THE PROJECT IS FREE.
# 1-866-760-8911

EXHIBIT B

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

## COURT OF COMMON PLEAS OF BUCKS COUNTY
### PENNSYLVANIA
### CIVIL DIVISION — LAW

Univest Bank & Trust Co.

|                     Plaintiff | No. |
|---|---|
| vs.  | |
| Jignesh N. Pandya and Mital Pandya | |
|                     Defendant | |

### CERTIFICATION OF SERVICE

The undersigned verifies, subject to the penalties of 18 Pa.C.S. § 4904 relating to un-sworn falsification to authorities, that the attached Certification and Urgent notice were mailed to the Defendant(s) at their last known address and, if different, to the address of the premises subject to sale and to counsel of record if any, and to the owners of the noted premises via first class mail, as noted below:

Jignesh N. Pandya
8 Woodland Road,
Newtown, PA 18940-2909

Mital Pandya
2500 Knights Road, Apt 169,
Bensalem, PA 19020-3410

Date: __8|16|2023__

Amar A. Agrawal, Esquire
Attorney for Plaintiff

EXHIBIT C

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

## COURT OF COMMON PLEAS OF BUCKS COUNTY
### PENNSYLVANIA
### CIVIL DIVISION — LAW

| | |
|---|---|
| Univest Bank & Trust Co. | |
| Plaintiff | No. |
| vs. | |
| Jignesh N. Pandya and Mital Pandya | |
| Defendant | |

## ORDER FOR CONFERENCE

AND NOW, this _____ day of _____, 2023, Pursuant to the terms of the Residential Mortgage Foreclosure Diversion Program, it is hereby ORDERED and DECREE as follows:

1. A Conciliation Conference is Scheduled for _____, 2023 at _____ A.M./P.M. in Room _____(address)

2. Scheduling of the Conference shall stay all further action on the Complaint until at least 20 days following the Conference.

3. Prior to the conference, the Housing Counselor and the Defendant will explore option to address the mortgage delinquency. At Defendant's Request, the Housing Counselor and/or Pro Bono Legal Services shall promptly prepare and submit a written proposal for addressing the mortgage delinquency, payment and any and all supporting financial information to Plaintiff's attorney at least two weeks before the date of any scheduled Conciliation conference.

4. The Plaintiff shall evaluate and respond to Defendants proposal at the Conciliation Conference.

Exhibit D

Case# 2023-04916-0 - JUDGE:27 Received at County of Bucks Prothonotary on 08/16/2023 1:34 PM, Fee = $263.25, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

5.  The failure of the Defendant to attend the Conciliation Conference may result in the matter proceeding to judicial disposition whether by default judgment, Sheriff's sale or trial. A Defendant who does not attend the conciliation Conference shall have 20 days following the conference date to file an answer to the complaint after which time any applicable stay against the plaintiff shall be lifted.

6.  A representative of the Plaintiff or investor who has actual authority to modify mortgages, to enter into alternative payment agreements with the Defendant, or otherwise resolve the action shall be present at the Conciliation Conference, The failure of the Plaintiff or of a representative of the Plaintiff or investor with such authority to appear for the Conciliation Conference may result in the rescheduling of the Conciliation Conference and/or the further postponement of the Sheriff's Sale of property upon proper application for stay by Defendant.

BY THE COURT,

_____
                                    J.

Exhibit D

Case# 2023-04916-13 - JUDGE:27 Received at County of Bucks Prothonotary on 04/10/2024 2:39 PM; Fee = $29.50, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

UNIVEST BANK & TRUST CO, 16 HARBOR PLACE PO BOX 197, PO BOX 197, SOUDERTON, PA 18964,

vs.

JIGNESH N PANDYA, 8 WOODLAND ROAD, NEWTON, PA 18940, MITAL PANDYA, 2500 KNIGHTS ROAD APT 169, BENSALEM, PA 19020,

NO. 2023-04916

## PRAECIPE FOR WRIT OF EXECUTION – MORTGAGE FORECLOSURE

To the Prothonotary:

Issue Writ of Execution in the above matter,

TMP#  47-008-007-007

Amount Due:  2713765.32

Interest from: 02/29/2024:  14154.00

Total:  2727919.32

ORIGINAL SIGNATURE  RETAINED BY THE FILING PARTY

_____
Signature

AMAR AGRAWAL, Esq.
_____
Filing Party

308159
_____
ID Number

EISENBERG, GOLD & AGRAWAL, P.C.
_____
Firm Name

1040 NORTH KINGS HIGHWAY, SUITE 200
_____
Address

CHERRY HILL, NJ 08034
_____
Phone

856-330-6200
_____
Phone

Case# 2023-04916-13 - JUDGE:27 Received at County of Bucks Prothonotary on 04/10/2024 2:39 PM, Fee = $29.50, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

UNIVEST BANK & TRUST CO, 16 HARBOR PLACE PO BOX 197, PO BOX 197, SOUDERTON, PA 18964,

vs.

JIGNESH N PANDYA, 8 WOODLAND ROAD, NEWTON, PA 18940, MITAL PANDYA, 2500 KNIGHTS ROAD APT 169, BENSALEM, PA 19020,

NO. 2023-04916

## WRIT OF EXECUTION – MORTGAGE EXECUTION

Commonwealth of Pennsylvania, County of Bucks

To the Sheriff of BUCKS County, PA

To satisfy the judgment, interest and costs in the above matter you are directed to levy upon and sell the following described property (specifically described property below):
8 WOODLAND ROAD, NEWTOWN, PA 18940

Amount Due: $ 2713765.32

Interest: $ 14154.00

Total: $ 2727919.32

Costs to be added.



Date: 04/10/2024

_Coleen Christian_

PROHONOTARY

Marie L DiSalvo

Deputy

Case# 2023-04916-13 - JUDGE:27 Received at County of Bucks Prothonotary on 04/10/2024 2:39 PM. Fee = $29.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

Case# 2023-04916-13 - JUDGE:27 Received at County of Bucks Prothonotary on 04/10/2024 2:39 PM, Fee = $29.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: AMAR AGRAWAL, Esq.

# IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

## WRIT OF EXECUTION – MORTGAGE EXECUTION

|              | Real Debt    | $ | 2713765.32 |
|--------------|--------------|---|------------|
|              | Interest     | $ | 14154.00   |
| COSTS:       | Prothonotary | $ | 269.54     |
|              | Sheriff      | $ | 1700.00    |

AMAR AGRAWAL, Esq.
Filing Party

8 WOODLAND ROAD
Address where papers may be served

NEWTOWN, PA 18940

Case# 2023-04916-13 - JUDGE:27 Received at County of Bucks Prothonotary on 04/10/2024 2:39 PM, Fee = $29.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of
the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: AMAR AGRAWAL, Esq.

Exhibit "A"

NUMBER: 146945-UCA

---

ALL THAT CERTAIN lot or piece of ground, hereditaments and appurtenances, Situate in the Township of Upper Makefield, County of Bucks and State of Pennsylvania, described according to a Final Subdivision Plan of Woodland Acres, made by All County, Inc., dated 9/5/1978 and last revised 6/12/1980 and recorded 7/2/1980 in Plan Book 197 page 27, bounded and described as follows, to wit:

BEGINNING at a point on the Southwesterly side of Woodland Road (50 feet wide, a private road), a corner of Lot 8 on said plan; thence extending from said beginning point and along the said Southwesterly side of Woodland Road, South 27 degrees 49 minutes 21 seconds East, 266.25 feet to a point, at the beginning of the cul-de-sac of Woodland Road; thence extending along the cul-de-sac of Woodland Road, the two (2) following courses and distances: (1) on the arc of a circle curving to the right having a radius of 30 feet, the arc distance of 29.67 feet to a point of reverse curve; and (2) on the arc of a circle curving to the left having a radius of 62 feet, the arc distance of 80.58 feet to a point, a corner of Lot 6 on said Plan; thence extending along line of Lot 6, the two (2) following courses and distances, viz.: (1) South 41 degrees West 138.00 feet to a point; and (2) South 30 degrees 16 minutes 07 seconds East, 384.81 feet to a point; thence extending along lands now or late of John and Bertha Malcick_, North 76 degrees 50 minutes 51 seconds West, 1,248.95 feet to a point; thence extending along line of Lot 8 on said plan, the two (2) following courses and distances, viz.: (1) North 63 degrees 34 minutes 27.4 seconds East, 913.29 feet to a point; and (2) North 62 degrees 10 minutes 39 seconds East, 175 feet to the first mentioned point and place of beginning.

BEING Lot 7 on said plan.

CONTAINING 10 acres of land, more or less.

BEING County Parcel # 47-8-7-7.

BEING THE SAME PREMISES WHICH Edward N. Stevenson,, by Deed dated 10/28/2005 and recorded 11/30/2005 in Bucks County, Pennsylvania in Land Record Book 4732, Page Page 1175, granted and conveyed unto John C. Melching, Jr. and Mary S. Melching, in fee.

Commonly known as: *8 Woodland Road, Newtown, PA 18940 (Parcel No. 47-008-007-007)*

Case #2019-80105

| | |
|---|---|
| Case Number | 2019-80105 |
| Matter Code | |
| Commencement Date | 11/14/2019 1:12:43 PM |
| Last Filing Date | 11/14/2019 |
| Days Open | 1637 |
| Case Type | MECHANICS LIEN CLAIM |
| PFA Number | |
| Caption Plaintiff | INFINITE MECHANICAL LLC |
| Caption Defendant | PANDYA, JIGNESH N |
| Lis Pendens Indicator | No |
| Status | 1 |
| Judge | |
| Judge Code | |
| Parcel Number | |
| Remarks | MECHANICS LIEN CLAIM LABOR AND SERVICES EQUIPMENT/MATERIALS WITH A WRITTEN CONTRACT FOR 8 WOODLAND RD NEWTOWN BKS CO TMP#47-008-007-0007 |
| Sealed | No |
| Consolidated | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| INFINITE MECHANICAL LLC | 402 AVE B HOWSHAM, PA 19044 UNITED STATES | | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PANDYA, JIGNESH N | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | 1 | | |
| PANDYA, MITAL | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | 2 | | |

## Docket Entries

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|
| 0 | 11/14/2019 1:12:43 PM | MECHANICS LIEN CLAIM LABOR AND SERVICES EQUIPMENT/MATERIALS WITH A WRITTEN CONTRACT FOR 8 WOODLAND RD NEWTOWN BKS CO TMP#47-008-007-0007 | No | 12454588 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| INFINITE MECHANICAL LLC | PANDYA, JIGNESH N | 11/15/2019 9:39:56 AM | $45000.00 |
| INFINITE MECHANICAL LLC | PANDYA, MITAL | 11/15/2019 9:40:28 AM | $45000.00 |

Case #2019-00327

| | |
|---|---|
| Case Number | 2019-00327 |
| Matter Code | |
| Commencement Date | 1/18/2019 1:50:22 PM |
| Last Filing Date | 6/14/2021 |
| Days Open | 626 |
| Case Type | CERTIFICATION OF JUDGMENT FROM DISTRICT JUSTICE OF THE PEACE. ASSUMPSIT EO DIE JUDGMENT ENTERED IN THE SUM OF $ |
| PFA Number | |
| Caption Plaintiff | PLUMBARAMA CO. INC. |
| Caption Defendant | PANDYA, JAY |
| Lis Pendens Indicator | No |
| Status | 6 |
| Judge | ROBERT O. BALDI |
| Judge Code | 35 |
| Parcel Number | |
| Remarks | CERTIFICATION OF JUDGMENT FROM DISTRICT JUSTICE OF THE PEACE. ASSUMPSIT. EO DIE JUDGMENT ENTERED IN THE SUM OF $5589.40. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 1-18-2019. |
| Sealed | No |
| Consolidated | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PLUMBARAMA CO. INC. | 3431 BRISTOL PIKE BENSALEM, PA 19020 UNITED STATES | | Yes | 1 | | |
| KAJKOWSKI, LAWRENCE T. | 3431 BRISTOL PIKE BENSALEM, PA 19020 UNITED STATES | | Yes | 2 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PANDYA, JAY | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | | Yes | 1 | | |
| ROHAN MANAGEMENT SERVICES | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | | Yes | 2 | | |
| RONAK FOODS LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | | Yes | 3 | | |

## Garnishees

| Name | Address | Counsel | Notify | ProSe | Status |
|---|---|---|---|---|---|
| CITIZENS BANK NA | 31 CAMBRIDGE LANE NEWTOWN, PA 18940 UNITED STATES | | Yes | | |
| AMERICAN HERITAGE CREDIT UNION | 40 EAST STREET ROAD FEASTERVILLE-TREVOSE, PA 19053 UNITED STATES | | Yes | | |
| 2201 STREET ROAD LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | | Yes | | |
| E*TRADE SECURITIES LLC | 150 ALLENDALE ROAD KING OF PRUSSIA, PA 19406 UNITED STATES | | Yes | | |
| 2201 STREET ROAD LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | | Yes | | |
| AMERICAN HERITAGE CREDIT UNION | 40 EAST STREET ROAD FEASTERVILLE-TREVOSE, PA 19053 UNITED STATES | | Yes | | |

| Name | Address | Counsel | Notify | ProSe | Status |
|------|---------|---------|--------|-------|--------|
| E*TRADE SECURITIES LLC | 150 ALLENDALE ROAD<br>KING OF PRUSSIA, PA 19406 UNITED STATES | | Yes | | |
| CITIZENS BANK NA | 31 CAMBRIDGE LANE<br>NEWTOWN, PA 18940 UNITED STATES | | Yes | | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|------|-------------|---|-------------|--------|-----------|
| 0 | 1/18/2019 1:50:22 PM | | CERTIFICATION OF JUDGMENT FROM DISTRICT JUSTICE OF THE PEACE. ASSUMPSIT. EO DIE JUDGMENT ENTERED IN THE SUM OF $5589.40. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 1-18-2019. | No | 12173919 |
| 1 | 10/2/2020 2:20:49 PM | E | PRAECIPE FOR WRIT OF EXECUTION FILED WITH GARNISHEE(S); 2201 STREET ROAD LLC; AMERICAN HERITAGE CREDIT UNION; CITIZENS BANK NA; E*TRADE SECURITIES LLC; WRIT EXIT. | No | 12689846 |
| 2 | 10/5/2020 1:08:31 PM | E | PRAECIPE TO WITHDRAW WRIT OF EXECUTION FILED. EO DIE, WRIT OF EXECUTION MARKED WITHDRAWN. | No | 12690831 |
| 3 | 10/5/2020 3:04:10 PM | E | PRAECIPE FOR WRIT OF EXECUTION FILED WITH GARNISHEE(S); 2201 STREET ROAD LLC; AMERICAN HERITAGE CREDIT UNION; CITIZENS BANK NA; E*TRADE SECURITIES LLC; WRIT EXIT. | No | 12691058 |
| 4 | 10/13/2020 8:37:22 AM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION #2020 1 16883. AMOUNT PAID $300.00 ORIG DEBT $5,589.40 INTEREST $879.24 FORMER COSTS $90.25 PERSONAL PROPERTY 2 NEWTOWN & 1 FEASTERVILLE GARNISHMENTS TO DEPUTY . | No | 12696983 |
| 5 | 10/15/2020 9:01:38 AM | | SERVED WRIT, WITH COPY FOR DEFENDANT, ON GARNISHEE BY DEPUTY PATRICK WEILER ON 10/15/2020, SERVED PERSON IN CHARGE OF BUSINESS (A) (2)(III) JESSICA KAHANA. 40 EAST STREET RD, FEASTERVILLE, PA 19053, | No | 12699113 |
| 6 | 10/16/2020 9:29:33 AM | | SERVED WRIT, WITH COPY FOR DEFENDANT, ON GARNISHEE BY DEPUTY DALE WALTON ON 10/16/2020, SERVED PERSON IN CHARGE OF BUSINESS (A)(2)(III) ASMA SIDA. 121 FRIENDS LN, SUITE 301-302, NEWTOWN, PA 18940, | No | 12701363 |
| 7 | 10/16/2020 9:30:09 AM | | SERVED WRIT, WITH COPY FOR DEFENDANT, ON GARNISHEE BY DEPUTY DALE WALTON ON 10/16/2020, SERVED PERSON IN CHARGE OF BUSINESS (A)(2)(III) LEO CRACCHIOLO. 31 CAMBRIDGE LN, NEWTOWN, PA 18940, | No | 12701364 |
| 8 | 10/26/2020 1:09:36 PM | E | PRAECIPE TO WITHDRAW WRIT OF EXECUTION FILED. EO DIE, WRIT OF EXECUTION MARKED WITHDRAWN. | No | 12705909 |
| 9 | 3/31/2021 2:33:13 PM | | CLOSE WRIT - 20 1 16883 | No | 12811609 |
| 10 | 6/10/2021 2:23:27 PM | | SHERIFF'S REFUND MADE TO RUDOLPH CLARKE LLC, CHECK #97870, IN THE SUM OF $18.00 (ADVANCE REFUNDED - RECEIPT #2020-1-16883). | No | 12864619 |
| 11 | 6/14/2021 1:24:35 PM | | RETURN MADE TO PROTHONOTARY. | No | 12866650 |

## Judgments

| For | Against | Date | Amount |
|-----|---------|------|--------|
| PLUMBARAMA CO. INC. | PANDYA, JAY | 1/18/2019 3:04:14 PM | $5589.40 |
| PLUMBARAMA CO. INC. | ROHAN MANAGEMENT SERVICES | 1/18/2019 3:04:38 PM | $5589.40 |
| PLUMBARAMA CO. INC. | RONAK FOODS LLC | 1/18/2019 3:04:45 PM | $5589.40 |

Case #2020-02612

| | |
|---|---|
| **Case Number** | 2020-02612 |
| **Matter Code** | |
| **Commencement Date** | 6/15/2020 2:17:13 PM |
| **Last Filing Date** | 11/5/2021 |
| **Days Open** | 56 |
| **Case Type** | COMPLAINT |
| **PFA Number** | |
| **Caption Plaintiff** | SUMMIT SQUARE ASSOCIATES LP |
| **Caption Defendant** | PANDYA, JIGNESH |
| **Lis Pendens Indicator** | No |
| **Status** | 6 |
| **Judge** | James M. McMaster |
| **Judge Code** | 37 |
| **Parcel Number** | |
| **Remarks** | COMPLAINT CONTRACT DEBT COLLECTION: OTHER MONEY DAMAGES with NOTICE TO DEFEND |
| **Sealed** | No |
| **Consolidated** | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| SUMMIT SQUARE ASSOCIATES LP (BY ITS GENERAL PARTNER: SSA GP LP ; BY ITS GENERAL PARTNER: SUMMIT SQUARE MANAGEMENT LLC; BY ITS AGENT: R.D. PROPERTY MANAGEMENT INC,) | 21-J SUMMIT SQUARE CENTER LANGHORNE, PA 19047 UNITED STATES | LESSER, PETER ANDREW | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PANDYA, JIGNESH | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | 1 | | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 6/15/2020 2:17:13 PM | E | COMPLAINT CONTRACT DEBT COLLECTION: OTHER MONEY DAMAGES with NOTICE TO DEFEND | No | 12603664 |
| 1 | 6/19/2020 3:05:03 PM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION #20 1 07636 . AMOUNT PAID $ 88.00 | No | 12607631 |
| 2 | 6/23/2020 11:01:08 AM | | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY SAMANTHA HALL ON 6/23/2020 AT 8:56 AM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED FAMILY MEMBER (A)(2)(I) MITAL PANDYA, WIFE. 8 WOODLAND ROAD, NEWTOWN, PA 18940, | No | 12609407 |
| 3 | 8/10/2020 11:12:29 AM | E | PRAECIPE TO ENTER JUDGMENT FILED IN FAVOR OF SUMMIT SQUARE ASSOCIATES LP & Against JIGNESH PANDYA. JUDGMENT ENTERED AND DAMAGES ASSESSED AT $28,827.66. WITH NOTICE 237.1, AFFIDAVIT ADDRESS. WITH AFFIDAVIT OF NON-MILITARY SERVICE. NOTICE 236 SENT ON 8-10-2020. | No | 12644370 |
| 4 | 10/1/2021 11:01:59 AM | E | MOTION/PETITION TO COMPEL DEFT'S DEPOSITION IN AID OF EXECUTION BY PLTF. WITH SERVICE ON 10/01/2021. | No | 12944365 |
| 5 | 10/1/2021 11:01:59 AM | E | MEMORANDUM OF LAW/BRIEF | No | 12944370 |
| 6 | 11/5/2021 3:42:43 PM | | LETTER CAME TO HAND. COURT ADMIN PROBLEM NOTICE RETURNED IN RE: MOTION TO COMPEL FILED 10/1/2021 | No | 12970343 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| SUMMIT SQUARE ASSOCIATES LP | PANDYA, JIGNESH | 8/10/2020 11:10:38 AM | $28,827.66 |

Case #2020-05953

| | |
|---|---|
| **Case Number** | 2020-05953 |
| **Matter Code** | |
| **Commencement Date** | 11/13/2020 3:32:24 PM |
| **Last Filing Date** | 10/31/2022 |
| **Days Open** | 1272 |
| **Case Type** | COMPLAINT |
| **PFA Number** | |
| **Caption Plaintiff** | MASELLI WARREN P C |
| **Caption Defendant** | PANDYA, JIGNESH A/K/A |
| **Lis Pendens Indicator** | No |
| **Status** | 1 |
| **Judge** | BRIAN T. MCGUFFIN |
| **Judge Code** | 39 |
| **Parcel Number** | |
| **Remarks** | COMPLAINT CONTRACT DEBT COLLECTION: OTHER MONEY DAMAGES WITH NOTICE TO DEFEND |
| **Sealed** | No |
| **Consolidated** | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| MASELLI WARREN P C | 600 ALEXANDER ROAD SUITE 3-4A PRINCETON, NJ 08540 UNITED STATES | BRILL, CHRISTOPHER J. | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PANDYA, JIGNESH A/K/A (PANDYA, JAY) | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 1 | | |
| 2037 SOUTH BROAD STREET LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 2 | | |
| ABC COMPANIES 1-10 | 123 UNKNOWN NEWTOWN, PA 18940 UNITED STATES | | Yes | 3 | | |
| AVANEESH LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 4 | | |
| BHEEMA LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 5 | | |
| DOE, JOHN 1-10 | 123 UNKNOWN NEWTOWN, PA 18940 UNITED STATES | | Yes | 6 | | |
| JNP FOODS LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 7 | | |
| PANDYA BURGERS OF ALABAMA LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 8 | | |
| PANDYA REAL ESTATE HOLDINGS LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 9 | | |

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|------|---------|---------|--------|----------|-------|--------|
| PANDYA RESTAURANTS LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 10 | | |
| ROHAN MANAGEMENT SERVICES INC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 11 | | |
| ROHAN PROPERTIES LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 12 | | |
| RONAK FOODS LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 13 | | |
| RONAK PROPERTIES LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 14 | | |
| RONAK REAL ESTATE INVESTMENTS LP | 121 FRIENDS LANE SIUTE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 15 | | |
| RONAK REALTY GROUP LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 16 | | |
| SRI DHUMRAKETU LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 17 | | |
| SRI GUNINA LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 18 | | |
| SRI PRATHAMESH LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Roberto, Bianca | Yes | 19 | | |

## Docket Entries

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|------|-------------|-------------|--------|-----------|
| 0 | 11/13/2020 E 3:32:24 PM | COMPLAINT CONTRACT DEBT COLLECTION: OTHER MONEY DAMAGES WITH NOTICE TO DEFEND | No | 12720187 |
| 1 | 11/30/2020 11:33:32 AM | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2020 1 19876. AMOUNT PAID $ 124.00 | No | 12729282 |
| 2 | 12/2/2020 11:32:33 AM | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY DALE WALTON ON 12/2/2020 AT 10:31 AM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED ADULT IN CHARGE OF RESIDENCE (A)(2)(I) MITAL PANDYA. MITAL PANDYA, JIGNESH PANDYA'S WIFE ACCEPTED ALL PAPERS. 1- PANDYA REAL ESTATE HOLDINGS LLC 2- PANDYA RESTAURANTS LLC 3- ROHAN MANAGEMENT SERVICES INC 4-ROHAN PROPERTIES LLC 5- SRI GUNINA LLC 6- JNP FOODS LLC 7-RONAK PROPERTIES LLC 8- RONAK REAL ESTATE INVESTMENTSLP 9-RONAK REALTY GROUP LLC 10-PANDYA BURGERS OF ALABAMA LLC 11- SRI DHUMRAKETU LLC 12- SRI PRATHAMESH LLC 13- BHEEMA LLC 14- AVANEESH LLC 15- 2037 SOUTH BROAD STREET LLC 16- RONAK FOODS LLC. 121 FRIENDS LANE, SUITE 301, NEWTOWN, PA 18940, | No | 12731561 |

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 3 | 12/2/2020 11:33:01 AM | | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY DALE WALTON ON 12/2/2020 AT 10:36 AM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED ADULT IN CHARGE OF RESIDENCE (A)(2)(I) MITAL PANDYA. 8 WOODLAND ROAD, NEWTOWN, PA 18940, | No | 12731563 |
| 4 | 12/2/2020 11:33:37 AM | | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY DALE WALTON ON 12/2/2020 AT 10:38 AM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED ADULT IN CHARGE OF RESIDENCE (A)(2)(I) MITAL PANDYA. MITAL PANDYA, JIGNESH PANDYA'S WIFE ACCEPTED ALL PAPERS AT JIGNESH'S HOME ADDRES. 1- PANDYA REAL ESTATE HOLDINGS LLC 2- PANDYA RESTAURANTS LLC 3- ROHAN MANAGEMENT SERVICES INC 4-ROHAN PROPERTIES LLC 5- SRI GUNINA LLC 6- JNP FOODS LLC 7-RONAK PROPERTIES LLC 8- RONAK REAL ESTATE INVESTMENTSLP 9- RONAK REALTY GROUP LLC 10-PANDYA BURGERS OF ALABAMA LLC 11- SRI DHUMRAKETU LLC 12- SRI PRATHAMESH LLC 13- BHEEMA LLC 14- AVANEESH LLC 15- 2037 SOUTH BROAD STREET LLC 16- RONAK FOODS LLC. 121 FRIENDS LANE, SUITE 301, NEWTOWN, PA 18940, | No | 12731574 |
| 5 | 12/8/2020 10:00:36 AM | | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY DALE WALTON ON 12/8/2020 AT 8:46 AM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED PERSON IN CHARGE OF BUSINESS (A)(2)(III) KRUPA PATEL WITNESS DEPUTY WALTON. KRUPA PATEL ACCEPTED PAPERS 1-16 ALL LISTED BELOW AT THE LISTED ADDRESS OF 121 FRIEND'S LANE STE 301 NEWTOWN 1. PANDYA REAL ESTATE HOLDINGS LLC 2. PANDYA RESTAURANTS LLC 3. ROHAN MANAGEMENT SERVICES INC 4. ROHAN PROPERTIES LLC 5. SRI GUNINA LLC 6. JNP FOODS LLC 7. RONAK PROPERTIES LLC 8. RONAK REAL ESTATE INVESTMENTS LP 9. RONAK REALTY GROUP LLC 10. PANDYA BURGERS OF ALABAMA LLC 11. SRI DHUMRAKETU LLC 12. SRI PRATHAMESH LLC 13. BHEEMA LLC 14. AVANEESH LLC 15. 2037 SOUTH BORAD STREET LLC 16 RONAK FOODS LLC. 121 FRIENDS LANE, SUITE 301, NEWTOWN, PA 18940, | No | 12734910 |
| 6 | 6/8/2021 11:07:24 PM | E | PRELIMINARY OBJECTIONS BY DEFTS TO COMPLAINT. WITH SERVICE ON 06/08/2021. | No | 12862563 |
| 7 | 6/8/2021 11:07:24 PM | E | MEMORANDUM OF LAW/BRIEF. WITH SERVICE ON 06/08/2021. | No | 12862564 |
| 8 | 6/8/2021 11:07:24 PM | E | ENTRY OF APPEARANCE OF BIANCA ROBERTO ESQ., ENTERED FOR DEFTS. WITH SERVICE ON 06/08/2021. | No | 12862566 |
| 9 | 6/9/2021 4:53:41 PM | E | PRAECIPE BY DEFTS TO ATTACH . WITH SERVICE ON 06/09/2021. | No | 12863760 |
| 10 | 6/28/2021 10:56:07 AM | E | ENTRY OF APPEARANCE OF MICHAEL LIPUMA ESQ., ENTERED FOR PLTF. WITH SERVICE ON 06/28/2021. | No | 12877134 |
| 11 | 6/28/2021 2:10:58 PM | E | AMENDED COMPLAINT WITH NOTICE TO DEFEND. WITH SERVICE ON 06/28/2021. | No | 12877573 |
| 12 | 6/29/2021 12:38:17 PM | E | PRAECIPE FOR WITHDRAWAL SHAWN EDWARDS ESQ AS ATTORNEY FOR PLAINTIFF | No | 12878362 |
| 13 | 7/20/2021 6:00:06 PM | E | PRELIMINARY OBJECTIONS BY DEFTS TO AMENDED COMPLAINT. WITH SERVICE ON 07/20/2021. | No | 12893316 |
| 14 | 7/20/2021 6:00:06 PM | E | MEMORANDUM OF LAW/BRIEF. WITH SERVICE ON 07/20/2021. | No | 12893318 |
| 15 | 8/9/2021 4:00:21 PM | E | ANSWER TO PRELIMINARY OBJECTIONS BY PLTF . WITH SERVICE ON 08/09/2021. | No | 12906671 |
| 16 | 8/9/2021 4:01:14 PM | E | MEMORANDUM OF LAW/BRIEF. WITH SERVICE ON 08/09/2021. | No | 12906672 |
| 17 | 8/27/2021 3:04:42 PM | E | PRAECIPE UNDER B.C.R.C.P. 208.3(B). BY DEFTS WITH SERVICE ON 08/27/2021. WITH SERVICE ON 08/27/2021. | No | 12920170 |
| 18 | 9/10/2021 7:40:20 AM | | FILE SENT TO JUDGE MCGUFFIN PURSUANT TO RULE 208.3(B) PRAECIPE.FILED 8/27/21 | No | 12928665 |
| 19 | 12/1/2021 1:23:10 AM | | CASE INTERVENTION ORDER ENTERED. THIS ORDER WAS DOCKETED AND SENT PURSUANT TO PA.R.C.P.236. | No | 12986196 |
| 20 | 12/21/2021 11:37:31 AM | | ORDER ENTERED BY BRIAN T. MCGUFFIN, J. ON 12/20/21 THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 12/21/2021 PURSUANT TO PA. R. C. P. 236. | No | 13001969 |

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 21 | 12/29/2021 12:20:15 PM | | RETURNED COPY OF ORDER UNDELIVERED TO ABC COMPANIES 1-10 | No | 13005888 |
| 22 | 1/13/2022 2:11:01 PM | | RETURNED COPY OF ORDER UNDELIVERED TO JOHN DOE 1-10 | No | 13016629 |
| 23 | 1/19/2022 1:51:54 PM | E | ANSWER AND NEW MATTER BY DEFTS TO COMPLAINT WITH SERVICE ON 01/19/2022. WITH SERVICE ON 01/19/2022. | No | 13020374 |
| 24 | 2/4/2022 3:24:23 PM | E | REPLY/RESPONSE BY PLTF TO NEW MATTER. WITH SERVICE ON 02/04/2022. | No | 13033570 |
| 25 | 5/26/2022 3:44:13 PM | E | MOTION/PETITION TO COMPEL DISCOVERY BY PLTF. WITH SERVICE ON 05/26/2022. | No | 13117911 |
| 26 | 6/1/2022 2:21:30 PM | | ORDER ENTERED COMPELLING ANSWERS TO INTERROGATORIES SIGNED BY BRIAN T. MCGUFFIN, J. ON 5/31/22 THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 06/02/2022 PURSUANT TO PA. R. C. P. 236. | No | 13121019 |
| 27 | 7/1/2022 2:01:22 AM | | COURT ADMIN CASE MANAGEMENT ORDER ENTERED. CERTIFIED READY DATE 9/13/2022 | No | 13141772 |
| 28 | 7/6/2022 12:35:20 PM | E | PRAECIPE TO WITHDRAW APPEARANCE OF MICHAEL LIPUMA ESQ., AND TO SUBSTITUTE APPEARANCE OF CHRISTOPHER BRILL ESQ., FOR PLAINTIFF | No | 13144370 |
| 29 | 7/13/2022 4:29:59 PM | E | STATEMENT OF TRIAL/ARBITRATION STATUS CERTIFIED READY DATE 9/13/2022 1-2 DAYS NON JURY TRIAL | No | 13150117 |
| 30 | 7/26/2022 11:57:58 AM | | RETURNED COPY OF ORDER UNDELIVERED TO JOHN DOE 1-10 | No | 13158921 |
| 31 | 7/26/2022 12:00:02 PM | | RETURNED COPY OF ORDER UNDELIVERED TO ABC COMPANIES 1-10 | No | 13158922 |
| 32 | 10/7/2022 9:01:36 AM | | ORDERED ON TRIAL LIST SETTING PRE-TRIAL REQUIREMENTS, PER P.J. SEE FILE FOR DISTRIBUTION. CIVIL TRIAL TERM 11/14/22 - 11/23/22 (SIGNED 10/6/22) THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 10/11/2022 PURSUANT TO PA. R. C. P. 236. | No | 13213853 |
| 34 | 10/17/2022 2:15:16 PM | | PLAINTIFFS PRETRIAL MEMORANDUM OF LAW/BRIEF | No | 13220506 |
| 33 | 10/17/2022 11:54:10 PM | E | PRE-TRIAL MEMORANDUM BY DEFTS. WITH SERVICE ON 10/17/2022. | No | 13220110 |
| 35 | 10/31/2022 10:52:47 AM | | ORDER ENTERED OCTOBER 28, 2022 FIXING CONFERENCE DATE. CONFERENCE FIXED FOR NOVEMBER 4, 2022 AT 1:30 PM IN INNER CONFERENCE ROOM BY JEFFREY G. TRAUGER, J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT PURSUANT TO PA. R. C. P. 236. | No | 13229970 |
| 36 | 10/31/2022 10:55:40 AM | | ORDER ENTERED OCTOBER 28, 2022 BY ROEBRT O. BALDI, J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT PURSUANT TO PA. R. C. P. 236. | No | 13229972 |

Case #2021-04179

| | |
|---|---|
| Case Number | 2021-04179 |
| Matter Code | |
| Commencement Date | 8/3/2021 1:58:59 PM |
| Last Filing Date | 12/29/2022 |
| Days Open | 513 |
| Case Type | EXEMPLIFICATION OF JUDGMENT FROM STATE OF ,FILED. |
| PFA Number | |
| Caption Plaintiff | ALL GAS & WELDING SUPPLY CO INC |
| Caption Defendant | PANDYA, JIGNESH |
| Lis Pendens Indicator | No |
| Status | 6 |
| Judge | James M. McMaster |
| Judge Code | 37 |
| Parcel Number | |
| Remarks | EXEMPLIFICATION OF JUDGMENT FROM STATE OF NEW YORK, FILED IN FAVOR OF ALL GAS & WELDING SUPPLY CO INC & AGAINST JIGNESH PANDYA. JUDGMENT ENTERED IN THE SUM OF $5730.00. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 8-3-2021. |
| Sealed | No |
| Consolidated | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| ALL GAS & WELDING SUPPLY CO INC | PO BOX 333 THOMPSONVILLE, NY 12784 UNITED STATES | | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PANDYA, JIGNESH | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | | Yes | 1 | | |

## Docket Entries

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|
| 0 | 8/3/2021 1:58:59 PM | EXEMPLIFICATION OF JUDGMENT FROM STATE OF NEW YORK, FILED IN FAVOR OF ALL GAS & WELDING SUPPLY CO INC & AGAINST JIGNESH PANDYA. JUDGMENT ENTERED IN THE SUM OF $5730.00. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 8-3-2021. | No | 12902465 |
| 1 | 12/29/2022 11:13:57 AM | CASE MARKED COMPLETED FOR AOPC REPORTING PURPOSES ONLY | No | 13270216 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| ALL GAS & WELDING SUPPLY CO INC | PANDYA, JIGNESH | 8/3/2021 2:04:18 PM | $5730.00 |

Case #2022-00343

| | |
|---|---|
| **Case Number** | 2022-00343 |
| **Matter Code** | |
| **Commencement Date** | 1/21/2022 4:04:59 PM |
| **Last Filing Date** | 7/26/2023 |
| **Days Open** | 478 |
| **Case Type** | COMPLAINT |
| **PFA Number** | |
| **Caption Plaintiff** | PEPSICO INC D/B/A |
| **Caption Defendant** | RONAK FOODS LLC |
| **Lis Pendens Indicator** | No |
| **Status** | 6 |
| **Judge** | RAYMOND F. MCHUGH |
| **Judge Code** | 38 |
| **Parcel Number** | |
| **Remarks** | COMPLAINT CONTRACT DEBT COLLECTION: OTHER MONEY DAMAGES WITH NOTICE TO DEFEND |
| **Sealed** | No |
| **Consolidated** | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PEPSICO INC D/B/A (PEPSI BEVERAGES COMPANY) | 11701 ROOSEVELT BOULEVARD PHILADELPHIA, PA 19154 UNITED STATES | MARKIND, LLOYD STEPHEN | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| RONAK FOODS LLC | 210 E STREET ROAD, SUITE 3B FEASTERVILLE-TREVOSE, PA 19053 UNITED STATES | Roberto, Bianca | Yes | 1 | | |
| PANDYA, JIGNESH | 210 E STREET ROAD SUITE 3B FEASTERVILLE-TREVOSE, PA 19053 UNITED STATES | Roberto, Bianca | Yes | 2 | | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 1/21/2022 4:04:59 PM | E | COMPLAINT CONTRACT DEBT COLLECTION: OTHER MONEY DAMAGES WITH NOTICE TO DEFEND | No | 13022673 |
| 1 | 2/3/2022 1:13:21 PM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2022 1 01232 AMOUNT PAID $100.00 | No | 13032394 |
| 2 | 2/4/2022 3:09:47 PM | | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY DALE WALTON ON 2/4/2022 AT 2:14 PM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED PERSON IN CHARGE OF BUSINESS (A)(2)(III) ASMA SIDAT. ON FRIDAY 2/4/2022 AT 1304 HOURS I SERVED ASMA SIDAT CIVIL COMPLAINT 2022-00343 AT 121 FRIENDS LN SUITE 301 NEWTOWN. SHE ACCEPTED PAPERS FOR RONAK FOODS LLC. I CLEARED AT 1306 HOURS WITHOUT FURTHER INCIDENT. 121 FRIENDS LANE, SUITE 301, NEWTOWN, PA 18940, | No | 13033515 |
| 3 | 6/3/2022 4:01:18 PM | E | ENTRY OF APPEARANCE OF BIANCA ROBERTO ESQ., ENTERED FOR DEFT. WITH SERVICE ON 06/03/2022. | No | 13123128 |
| 4 | 6/7/2022 12:10:26 PM | E | STIPULATION OF COUNSEL FOR LEAVE TO FILE AMENDED COMPLAINT | No | 13124775 |
| 5 | 6/10/2022 10:17:05 AM | E | CERTIFICATE OF SERVICE. WITH SERVICE ON 06/08/2022. | No | 13127627 |
| 6 | 6/16/2022 2:37:38 PM | E | AMENDED COMPLAINT BY PLTF WITH NOTICE TO DEFEND. WITH SERVICE ON 06/16/2022. | No | 13131935 |

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 7 | 7/6/2022 11:50:29 PM | E | PRELIMINARY OBJECTIONS BY DEFTS TO AMENDED COMPLAINT. WITH SERVICE ON 07/06/2022. | No | 13144948 |
| 8 | 7/6/2022 11:50:29 PM | E | MEMORANDUM OF LAW/BRIEF. WITH SERVICE ON 07/06/2022. | No | 13144949 |
| 9 | 7/8/2022 5:57:47 PM | E | PRAECIPE TO SUBSTITUTE VERIFICATION BY DEFTS WITH SERVICE ON 07/08/2022. WITH SERVICE ON 07/08/2022. | No | 13146874 |
| 10 | 7/15/2022 5:58:19 PM | E | SERVICE OF AMENDED COMPLAINT ACCEPTED BY ATTORNEY FOR DEFENDANT JIGNESH PANDYA. WITH SERVICE ON 07/13/2022. | No | 13152044 |
| 11 | 7/15/2022 5:58:19 PM | E | CERTIFICATE OF SERVICE. WITH SERVICE ON 07/13/2022. | No | 13152045 |
| 12 | 8/4/2022 12:21:45 PM | E | AMENDED COMPLAINT (SECOND) BY PLTF . WITHJ NOTICE TO DEFEND WITH SERVICE ON 08/02/2022. WITH SERVICE ON 08/02/2022. | No | 13167417 |
| 13 | 8/24/2022 11:13:58 PM | E | PRELIMINARY OBJECTIONS BY DEFTS TO SECOND AMENDED COMPLAINT WITH SERVICE ON 08/24/2022. WITH SERVICE ON 08/24/2022. | No | 13182412 |
| 14 | 8/24/2022 11:13:58 PM | E | MEMORANDUM OF LAW/BRIEF. WITH SERVICE ON 08/24/2022. | No | 13182413 |
| 15 | 8/24/2022 11:32:34 PM | E | PRAECIPE TO SUBSTITUTE VERIFICATION BY DEFTS. WITH SERVICE ON 08/24/2022. | No | 13182414 |
| 16 | 9/14/2022 8:06:01 AM | E | AMENDED COMPLAINT (THIRD) WITHOUT NOTICE TO DEFEND. WITH SERVICE ON 09/13/2022. | No | 13196634 |
| 17 | 10/3/2022 6:15:43 PM | E | PRELIMINARY OBJECTIONS BY DEFTS TO THIRD AMENDED COMPLAINT. WITH SERVICE ON 10/03/2022. | No | 13210400 |
| 18 | 10/3/2022 6:15:43 PM | E | MEMORANDUM OF LAW/BRIEF. WITH SERVICE ON 10/03/2022. | No | 13210401 |
| 19 | 10/4/2022 1:05:57 PM | E | PRAECIPE TO SUBSTITUTE VERIFICATION BY PLTF. WITH SERVICE ON 09/30/2022. | No | 13211081 |
| 20 | 2/1/2023 1:24:15 AM | | CASE INTERVENTION ORDER ENTERED. THIS ORDER WAS DOCKETED AND SENT PURSUANT TO PA.R.C.P.236 | No | 13293263 |
| 21 | 5/14/2023 5:11:42 PM | E | STIPULATION TO ENTER JUDGMENT FILED IN FAVOR OF PEPSICO INC D/B/A & AGAINST RONAK FOODS LLC; JIGNESH PANDYA. EO DIE JUDGMENT ENTERED IN THE SUM OF $33,631.26. NOTICE 236 SENT ON 5-14-2023. WITH SERVICE ON 05/14/2023. | No | 13371080 |
| 22 | 7/26/2023 9:28:40 AM | | AMENDED CASE INTERVENTION ORDER ENTERED JULY 24, 2023 BY ROBERT O. BALDI, J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 07/26/2023 PURSUANT TO PA. R. C. P. 236. | No | 13424172 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| PEPSICO INC D/B/A | RONAK FOODS LLC | 5/14/2023 5:07:09 PM | 33631.26 |
| PEPSICO INC D/B/A | PANDYA, JIGNESH | 5/14/2023 5:07:19 PM | 33631.26 |

Case #2022-01044

| | |
|---|---|
| **Case Number** | 2022-01044 |
| **Matter Code** | |
| **Commencement Date** | 3/4/2022 11:29:31 AM |
| **Last Filing Date** | 12/21/2023 |
| **Days Open** | 796 |
| **Case Type** | WRIT OF SUMMONS |
| **PFA Number** | |
| **Caption Plaintiff** | LEZOTTE, DANIEL TRUSTEE & |
| **Caption Defendant** | PANDYA, JIGNESH |
| **Lis Pendens Indicator** | No |
| **Status** | 1 |
| **Judge** | DIANE E. GIBBONS |
| **Judge Code** | 33 |
| **Parcel Number** | |
| **Remarks** | WRIT OF SUMMONS TORT OTHER VOIDABLE TRANSFER AND VEIL PIERCING MONEY DAMAGES |
| **Sealed** | No |
| **Consolidated** | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| LEZOTTE, DANIEL TRUSTEE & | 1519 COWPER COURT SAN JOSE, CA 95120 UNITED STATES | Andersen, Benjamin Albert Stambaugh, Deborah R Esquire | Yes | 1 | | |
| LEZOTTE, MARY TRUSTEE & | 1519 COWPER COURT SAN JOSE, CA 95120 UNITED STATES | Andersen, Benjamin Albert Stambaugh, Deborah R Esquire | Yes | 2 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PANDYA, JIGNESH (PANDYA, JAY) | 8 WOODLAND RD NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 1 | | |
| 2008 W OREGON AVE LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 2 | | |
| 2105 BURLINGTON LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 3 | | |
| 8001 ROOSEVELT BLVD LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 4 | | |
| JNP FOODS LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 5 | | |
| PANDYA, MITAL | 8 WOODLAND RD NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 6 | | |
| RONAK REALTY GROUP LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 7 | | |
| SHRI BALLALESHWAR LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 8 | | |

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|------|---------|---------|--------|----------|-------|--------|
| SHRI CHINTAMANI LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 9 | | |
| SHRI GIRIJATMAJ LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 10 | | |
| SHRI MAYURESHWAR LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 11 | | |
| SHRI SIDDHATEK LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 12 | | |
| SHRI VARADAVINAYAK LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 13 | | |
| SHRI VIGHNESHWAR LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 14 | | |
| SRI BALAGANAPATI LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 15 | | |
| SRI CHATURBHUJ LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 16 | | |
| SRI DEVADEVA LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 17 | | |
| SRI GUNINA LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 18 | | |
| SRI MAHAGANAPATI LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 19 | | |
| SRI MANOMAY LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 20 | | |
| SRI RAKTA LLC | 121 FRIENDS LANE SUITE 301-302 NEWTOWN, PA 18940 UNITED STATES | Mester, Laurence Andrew | Yes | 21 | | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|------|-------------|---|-------------|--------|-----------|
| 0 | 3/4/2022 11:29:31 AM | E | WRIT OF SUMMONS TORT OTHER VOIDABLE TRANSFER AND VEIL PIERCING MONEY DAMAGES | No | 13053474 |
| 1 | 3/9/2022 9:03:45 AM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2022 1 02899 AMOUNT PAID $700.00 | No | 13057544 |

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 2 | 3/10/2022 11:01:14 AM | | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY DALE WALTON ON 3/10/2022 AT 8:44 AM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED PERSON IN CHARGE OF BUSINESS (A)(2)(III) ASMA SIDET. ACCEPTED PAPERS FOR THE FOLLOWING: (1) 2008 W OREGON AVE LLC (2) 2105 BURLINGTON LLC (3) 8001 ROOSEVELT BLVD LLC (4) JNP FOODS LLC (5) RONAK REALTY GROUP LLC (6) SHRI BALLALESHWAR LLC (7) SHRI CHINTAMANI LLC (8) SHRI GIRIJATMAJ LLC (9) SHRI MAYURESHWAR LLC (10) SHRI SIDDHATEK LLC (11) SHRI VARADAVINAYAK LLC (12) SHRI VIGHNESHWAR LLC (13) SRI BALAGANAPATI LLC (14) SRI CHATURBHUJ LLC (15) SRI DEVADEVA LLC (16) SRI GUNINA LLC (17) SRI MAHAGANAPATI LLC (18) SRI MANOMAY LLC (19) SRI RAKTA LLC. 121 FRIENDS LANE, SUITE 301-302, NEWTOWN, PA 18940, | No | 13058831 |
| 3 | 3/10/2022 11:02:14 AM | | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY DALE WALTON ON 3/10/2022 AT 9:44 AM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED DEFENDANT PERSONALLY SERVED (A)(I) MITAL PANDYA. ACCEPTED PAPERS FOR HERSELF AND JIGNESH PANDYA (JAY PANDYA) SHE ADVISED ME TO STOP BRINGING THE PAPERS TO THIS ADDRESS AND TO DROP THEM OFF AT THE BUSINESS. I EXPLAINED TO HER I GO TO THE ADDRESS LISTED AND ADVISED HER THAT SHE WAS ALSO LISTED AS A DEFENDANT. 8 WOODLAND RD, NEWTOWN, PA 18940, | No | 13058841 |
| 4 | 4/1/2023 1:20:24 AM | | CASE INTERVENTION ORDER ENTERED. THIS ORDER WAS DOCKETED AND SENT PURSUANT TO PA.R.C.P.236 | No | 13339179 |
| 5 | 5/9/2023 5:03:13 PM | E | CERTIFICATE OF SERVICE | No | 13367985 |
| 6 | 6/23/2023 5:01:12 PM | | COMPLAINT IN EQUITY MONEY DAMAGES WITHOUT NOTICE TO DEFEND | No | 13401495 |
| 7 | 6/26/2023 1:10:42 PM | | CERTIFICATE OF SERVICE OF COMPLAINT | No | 13402068 |
| 8 | 6/29/2023 11:00:37 AM | E | CERTIFICATE OF SERVICE BY PLTF OF COMPLAINT VIA US MAIL UPON DEFTS ON 6/29/2023 | No | 13404947 |
| 9 | 7/6/2023 1:44:52 PM | | CERTIFICATE OF SERVICE OF COMPLAINT BY PLTF VIA US MAIL UPON DEFTS. WITH SERVICE ON 07/06/2023. | No | 13409717 |
| 10 | 7/20/2023 4:19:25 PM | | AMENDED CASE INTERVENTION ORDER ENTERED JULY 19, 2023 BY ROBERT O. BALDI, J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 07/21/2023 PURSUANT TO PA. R. C. P. 236. | No | 13420852 |
| 11 | 8/11/2023 5:51:14 PM | E | ANSWER AND NEW MATTER BY DEFTS TO COMPLAINT. WITH SERVICE ON 08/11/2023. | No | 13438080 |
| 12 | 8/31/2023 10:04:29 AM | E | REPLY/RESPONSE BY PLTFS TO NEW MATTER OF DEFTS. WITH SERVICE ON 08/31/2023. | No | 13452638 |
| 13 | 9/8/2023 12:30:39 PM | E | ENTRY OF APPEARANCE OF DEBORAH STAMBAUGH ESQ., ENTERED FOR PLTFS. WITH SERVICE ON 09/08/2023. | No | 13458342 |
| 14 | 9/29/2023 10:46:23 AM | E | AGREED CASE MANAGEMENT ORDER. | No | 13473473 |
| 15 | 10/6/2023 10:30:10 AM | | LETTER CAME TO HAND COURT ADMIN PROBLEM NOTICE. | No | 13479161 |
| 16 | 10/12/2023 9:29:16 AM | | MOTION/PETITION (JOINT) TO APPROVE AGREED CASE MANAGMENT ORDER IN LIGHT OF EXTRAORDINARY CIRCUMSTANCES. WITH SERVICE ON 10/12/2023. | No | 13482570 |
| 17 | 12/21/2023 4:18:06 PM | E | NOTICE OF PENDING BANKRUPTCY PROCEEDINGS 23-13723. WITH SERVICE ON 12/21/2023. | No | 13535383 |
| 18 | 12/21/2023 4:18:06 PM | E | CERTIFICATE OF SERVICE. OF NOTICE OF PENDING BANKRUPTCY. WITH SERVICE ON 12/21/2023. | No | 13535390 |

Case #2022-01819

| | |
|---|---|
| **Case Number** | 2022-01819 |
| **Matter Code** | |
| **Commencement Date** | 4/20/2022 10:35:14 AM |
| **Last Filing Date** | 9/7/2022 |
| **Days Open** | 56 |
| **Case Type** | COMPLAINT |
| **PFA Number** | |
| **Caption Plaintiff** | NORTH MILL CREDIT TRUST |
| **Caption Defendant** | DAKSHAYA LLC |
| **Lis Pendens Indicator** | No |
| **Status** | 6 |
| **Judge** | ROBERT O. BALDI |
| **Judge Code** | 35 |
| **Parcel Number** | |
| **Remarks** | COMPLAINT CONTRACT DEBT COLLECTION: OTHER MONEY DAMAGES with NOTICE TO DEFEND |
| **Sealed** | No |
| **Consolidated** | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| NORTH MILL CREDIT TRUST | 81 THROCKMORTON AVENUE STE. 203 MILL VALLEY, CA 94941 UNITED STATES | ROWLAND, LYNDSAY ELIZABETH | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| DAKSHAYA LLC | 8 WOODLAND AVENUE C/O JIGNESH PANDYA NEWTOWN, PA 18940 UNITED STATES | | Yes | 1 | | |
| PANDYA, JIGNESH | 8 WOODLAND AVENUE NEWTOWN, PA 18940 UNITED STATES | | Yes | 2 | | |
| ROHAN RESTAURANT GROUP LLC | 121 FRIENDS LANE NEWTOWN, PA 18940 UNITED STATES | | Yes | 3 | | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 4/20/2022 10:35:14 AM | E | COMPLAINT CONTRACT DEBT COLLECTION: OTHER MONEY DAMAGES with NOTICE TO DEFEND | No | 13089401 |
| 1 | 4/22/2022 2:26:34 PM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2022 1 04852 AMOUNT PAID $160.00 | No | 13091804 |
| 2 | 5/2/2022 3:25:46 PM | | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY DALE WALTON ON 5/2/2022 AT 11:01 AM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED PERSON IN CHARGE OF BUSINESS (A)(2)(III) TONI FOSTER. ACCEPTED PAPERS FOR ROHAN RESTAURANT GROUP LLC. 121 FRIENDS LANE, NEWTOWN, PA 18940, | No | 13098331 |
| 3 | 5/5/2022 10:50:21 AM | | SHERIFF' RETURN, UNDER OATH, NOT FOUND BY DEPUTY DALE WALTON AS TO DEFENDANT (1) JIGNESH PANDYA (2) DAKSHAYA, LLC. NOT SERVED OTHER. CAN NOT ENTER ONTO THE PROPERTY. SUGGEST POSTING. 8 WOODLAND AVENUE, NEWTOWN, PA 18940, | No | 13101049 |
| 4 | 5/19/2022 10:09:09 AM | E | PRAECIPE TO REINSTATE COMPLAINT FILED. EO DIE, COMPLAINT REINSTATED. | No | 13112260 |
| 5 | 5/25/2022 9:36:57 AM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2022 1 05931 AMOUNT PAID $130.00 | No | 13116322 |

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 6 | 6/3/2022 10:22:54 AM | | SHERIFF' RETURN, UNDER OATH, NOT FOUND BY DEPUTY DALE WALTON AS TO DEFENDANT (1) DAKSHAYA LLC (2) JENGISH PANDYA. NOT SERVED DEFENDANT UNKNOWN, OTHER. SPOKE TO ED JANUARY. HE STATED THEY RENT THE HOME AND THE DEFENDANTS LISTED COULD POSSIBLY BE THE OWNERS OF THE HOME. 183 EAGLE ROAD, NEWTOWN, PA 18940, | No | 13123466 |
| 7 | 6/15/2022 10:56:33 AM | E | MOTION/PETITION FOR LEAVE TO MAKE SUBSTITUTED SERVICE BY PLAINTIFF. WITH SERVICE ON 06/15/2022. | No | 13130675 |
| 8 | 6/15/2022 11:12:03 AM | E | MEMORANDUM OF LAW/BRIEF | No | 13130725 |
| 9 | 6/15/2022 2:04:18 PM | E | PRAECIPE TO ENTER JUDGMENT FILED IN FAVOR OF NORTH MILL CREDIT TRUST & Against ROHAN RESTAURANT GROUP LLC. JUDGMENT ENTERED AND DAMAGES ASSESSED AT $167,465.12. WITH NOTICE 237.1, AFFIDAVIT ADDRESS. WITH AFFIDAVIT OF NON-MILITARY SERVICE. NOTICE 236 SENT ON 6-15-2022. | No | 13131050 |
| 10 | 7/19/2022 2:41:18 PM | | ORDER FOR ALTERNATIVE SERVICE ENTERED BY ROBERT O. BALDI, J. ON 7/18/22 THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 07/20/2022 PURSUANT TO PA. R. C. P. 236. | No | 13154052 |
| 11 | 7/21/2022 10:40:53 AM | E | PRAECIPE TO REINSTATE COMPLAINT FILED. EO DIE, COMPLAINT REINSTATED. | No | 13155644 |
| 12 | 7/25/2022 1:12:51 PM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2022 1 08735 AMOUNT PAID $130.00 | No | 13157873 |
| 13 | 7/27/2022 1:15:01 PM | E | CERTIFICATE OF SERVICE OF COMPLAINT | No | 13160316 |
| 14 | 8/3/2022 9:00:41 AM | | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY DALE WALTON ON 8/3/2022 AT 8:08 AM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED BY POSTING (1094) . POSTED TO THE FRONT GATE POST. 8 WOODLAND AVENUE, C/O JIGNESH PANDYA, NEWTOWN, PA 18940, | No | 13165840 |
| 15 | 9/7/2022 1:56:01 PM | E | PRAECIPE TO ENTER JUDGMENT FILED IN FAVOR OF NORTH MILL CREDIT TRUST & Against DAKSHAYA LLC; JIGNESH PANDYA. JUDGMENT ENTERED AND DAMAGES ASSESSED AT $167,465.12. WITH NOTICE 237.1, AFFIDAVIT ADDRESS. WITH AFFIDAVIT OF NON-MILITARY SERVICE. NOTICE 236 SENT ON 9-7-2022. | No | 13191909 |
| 16 | 9/7/2022 1:56:01 PM | E | AFFIDAVIT OF LAST KNOWN ADDRESS BY PLAINTIFF | No | 13191915 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| NORTH MILL CREDIT TRUST | ROHAN RESTAURANT GROUP LLC | 6/15/2022 2:03:32 PM | $167,465.12 |
| NORTH MILL CREDIT TRUST | DAKSHAYA LLC | 9/7/2022 1:53:40 PM | $167,465.12 |
| NORTH MILL CREDIT TRUST | PANDYA, JIGNESH | 9/7/2022 1:53:55 PM | $167,465.12 |

Case #2022-04247

| | |
|---|---|
| **Case Number** | 2022-04247 |
| **Matter Code** | |
| **Commencement Date** | 8/29/2022 1:21:08 PM |
| **Last Filing Date** | 3/19/2024 |
| **Days Open** | 122 |
| **Case Type** | EXEMPLIFICATION OF JUDGMENT FROM STATE OF ,FILED. |
| **PFA Number** | |
| **Caption Plaintiff** | PIZZA HUT LLC |
| **Caption Defendant** | RONAK FOODS, LLC |
| **Lis Pendens Indicator** | No |
| **Status** | 6 |
| **Judge** | WALLACE H. BATEMAN, JR. |
| **Judge Code** | 34 |
| **Parcel Number** | |
| **Remarks** | EXEMPLIFICATION OF JUDGMENT FROM STATE OF TEXAS, FILED IN FAVOR OF PIZZA HUT LLC & AGAINST RONAK FOODS, LLC; JNP FOODS, LLC; PANDYA RESTAURANTS, LLC; JIGNESH N PANDYA. JUDGMENT ENTERED IN THE SUM OF $6,688,751.14. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 8-29-2022. |
| **Sealed** | No |
| **Consolidated** | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PIZZA HUT LLC (PIZZA HUT, INC.) | GENERAL COUNSEL'S OFFICE 7100 CORPORATE DR PLANO, TX 75024 UNITED STATES | Eldridge, Lisa Carney | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| RONAK FOODS, LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | | Yes | 1 | | |
| JNP FOODS, LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | | Yes | 2 | | |
| PANDYA RESTAURANTS, LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | | Yes | 3 | | |
| PANDYA, JIGNESH N | 8 WOODLAND RD NEWTOWN, PA 18940 UNITED STATES | | Yes | 4 | | |

## Garnishees

| Name | Address | Counsel | Notify | ProSe | Status |
|---|---|---|---|---|---|
| CITIZENS BANK | 105 EAST STREET ROAD FEASTERVILLE, PA 19053 UNITED STATES | | Yes | | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 8/29/2022 1:21:08 PM | | EXEMPLIFICATION OF JUDGMENT FROM STATE OF TEXAS, FILED IN FAVOR OF PIZZA HUT LLC & AGAINST RONAK FOODS, LLC; JNP FOODS, LLC; PANDYA RESTAURANTS, LLC; JIGNESH N PANDYA. JUDGMENT ENTERED IN THE SUM OF $6,688,751.14. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 8-29-2022. | No | 13184716 |
| 1 | 9/26/2022 3:30:14 PM | E | ENTRY OF APPEARANCE OF LISA ELDRIDGE ESQ., ENTERED FOR PLTF. WITH SERVICE ON 09/26/2022. | No | 13205117 |
| 2 | 9/26/2022 4:21:48 PM | | MOTION/PETITION FOR ADMISSION PRO HAC VICE BY JOEL B. BAILEY. WITH SERVICE ON 09/26/2022. | No | 13205256 |
| 3 | 9/26/2022 4:25:38 PM | E | MOTION/PETITION FOR ADMISSION PRO HAC VICE BY MEGAN ALTOBELLI. WITH SERVICE ON 09/26/2022. | No | 13205258 |
| 4 | 10/5/2022 9:24:20 AM | | ORDER ENTERED OCTOBER 3, 2022 GRANTING MEGAN A. ALTOBELLI PRO HAC VICE BY WALLACE H. BATEMAN JR., P.J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 10/05/2022 PURSUANT TO PA. R. C. P. 236. | No | 13211777 |
| 5 | 10/5/2022 9:25:28 AM | | ORDER ENTERED OCTOBER 3, 2022 GRANTING JOEL B. BAILEY PRO HAC VICE BY WALLACE H. BATEMAN JR., P.J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 10/05/2022 PURSUANT TO PA. R. C. P. 236. | No | 13211778 |
| 6 | 11/23/2022 9:16:35 AM | E | MOTION/PETITION FOR CHARGING ORDER BY PLTF. WITH SERVICE ON 11/23/2022. | No | 13246836 |
| 7 | 12/2/2022 11:23:25 AM | | RULE RETURNABLE JANUARY 9, 2023 BY WALLACE H. BATEMAN,. JR., P.J. (12/1/22). THIS ORDER/JUDGMENT WAS DOCKETED AND SENT PURSUANT TO PA. R. C. P. 236. | No | 13252728 |
| 8 | 12/8/2022 3:55:15 PM | E | PRAECIPE FOR WRIT OF EXECUTION FILED WITH GARNISHEE(S); CITIZENS BANK; WRIT EXIT. | No | 13257436 |
| 9 | 12/29/2022 10:43:40 AM | | CASE MARKED COMPLETED FOR AOPC REPORTING PURPOSES ONLY | No | 13270126 |
| 10 | 1/27/2023 10:47:25 AM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION #23 1 00172. AMOUNT PAID $160.00. ORIGI DEBT $6,688751.08 INTEREST $974,145.76 FORMER COSTS $29.95 PERSONAL PROPERTY FEASTERVILLE GARNISHMENT TO DEPUTY. PERSONAL PROPERTY NEWTOWN POSSESSION TO DEPUTY. | No | 13290359 |
| 11 | 1/30/2023 12:41:59 PM | E | MOTION/PETITION TO MAKE RULE ABSOLUTE BY PLAINTIFF. WITH SERVICE ON 01/30/2023. | No | 13291645 |
| 12 | 1/31/2023 11:51:41 AM | | SERVED WRIT AND INTERROGATORIES WITH COPY FOR DEFENDANT ON GARNISHEE BY DEPUTY FRANK LEONHARDT ON 1/31/2023, SERVED PERSON IN CHARGE OF BUSINESS (A)(2)(III) LEAH GRIFFIS. ADDRESS SERVED WAS 176 WEST STREET RD. 105 EAST STREET RD, FEASTERVIELLE, PA 19053, | No | 13293819 |
| 13 | 2/14/2023 1:22:34 PM | | ORDER ENTERED DECEMBER 1, 2022 RULE ABSOLUTE BY WALLACE H. BATEMAN, JR., P.J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 02/14/2023 PURSUANT TO PA. R. C. P. 236. | No | 13303294 |
| 14 | 2/21/2023 11:14:06 AM | | CHARGING ORDER ENTERED FEBRUARY 17, 2023 BY WALLACE H. BATEMAN, JR., P.J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 02/21/2023 PURSUANT TO PA. R. C. P. 236. | No | 13307265 |
| 17 | 3/1/2023 2:44:48 PM | | PAPERS NOT SERVED BECAUSE REFUSED ENTRY. EMPLOYEE NIKI CHAUHAN PRESENT AND STATED SHE DOES NOT KNOW ANY OF THE 3 DEFENDANTS LISTED IN THIS CASE. 121 FRIENDS LANE, SUITE 301, NEWTOWN, PA 18940, | No | 13317814 |
| 15 | 3/3/2023 10:31:31 AM | | ANSWER OF GARNISHEE TO INTERROGATORIES CITIZENS BANK | No | 13316211 |
| 16 | 3/3/2023 10:31:44 AM | | CERTIFICATE OF SERVICE | No | 13316212 |
| 18 | 3/6/2023 9:29:57 AM | | PAPERS NOT SERVED BECAUSE DEFENDANT NOT HOME. PROPERTY IS FULLY GATED AND FENCED. NO ANSWER VIA PHONE INTERCOM. 8 WOODLAND ROAD, NEWTOWN, PA 18940, | No | 13318279 |
| 19 | 3/4/2024 3:42:50 PM | | CLOSE WRIT - 2023 1 00172. | No | 13591410 |
| 20 | 3/13/2024 1:16:30 PM | | SHERIFF'S REFUND MADE TO CLARK HILL PLC, CHECK #1584, IN THE SUM OF $144.00 (ADVANCE REFUNDED - RECEIPT #2023-1-00172). | No | 13603384 |

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|------|-------------|-------------|--------|-----------|
| 21 | 3/19/2024 3:16:00 PM | RETURN MADE TO PROTHONOTARY. | No | 13604373 |

## Judgments

| For | Against | Date | Amount |
|-----|---------|------|--------|
| PIZZA HUT LLC | RONAK FOODS, LLC | 8/29/2022 1:33:23 PM | $6,688,751.14 |
| PIZZA HUT LLC | JNP FOODS, LLC | 8/29/2022 1:34:10 PM | $6,688,751.14 |
| PIZZA HUT LLC | PANDYA RESTAURANTS, LLC | 8/29/2022 1:34:22 PM | $6,688,751.14 |
| PIZZA HUT LLC | PANDYA, JIGNESH N | 8/29/2022 1:35:13 PM | $6,688,751.14 |

Case #2022-05609

| | |
|---|---|
| Case Number | 2022-05609 |
| Matter Code | |
| Commencement Date | 11/4/2022 12:21:22 PM |
| Last Filing Date | 4/29/2024 |
| Days Open | 475 |
| Case Type | COMPLAINT |
| PFA Number | |
| Caption Plaintiff | ZEE BRIDGE CAPITAL LLC |
| Caption Defendant | 2201 STREET RD LLC |
| Lis Pendens Indicator | No |
| Status | 6 |
| Judge | C. THEODORE FRITSCH, JR. |
| Judge Code | 29 |
| Parcel Number | |
| Remarks | COMPLAINT CONTRACT DEBT COLLECTION: OTHER MONEY DAMAGES WITH NOTICE TO DEFEND |
| Sealed | No |
| Consolidated | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| ZEE BRIDGE CAPITAL LLC | 380 RED LION ROAD STE 103 HUNTINGDON VALLEY, PA 19006 UNITED STATES | Teitelman, Andrew | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| 2201 STREET RD LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Jessee, Seth Mester, Laurence Andrew | Yes | 1 | | |
| PANDYA, JIGNESH | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | Jessee, Seth | No | 2 | | Inactive |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 11/4/2022 12:21:22 PM | E | COMPLAINT CONTRACT DEBT COLLECTION: OTHER MONEY DAMAGES WITH NOTICE TO DEFEND | No | 13234226 |
| 1 | 11/14/2022 1:36:14 PM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2022 1 13978 AMOUNT PAID $130.00 | No | 13239378 |
| 2 | 11/15/2022 9:23:57 AM | | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY DALE WALTON ON 11/15/2022 AT 1:15 PM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED PERSON IN CHARGE OF BUSINESS (A)(2)(III) DARA FOYE. ACCEPTED PAPERS FOR 1) 2201 STREET RD LLC 2) JIGNESH PANDYA. 121 FRIENDS LANE SUITE 301, NEWTOWN, PA 18940, | No | 13241237 |
| 3 | 12/6/2022 1:26:20 PM | E | ENTRY OF APPEARANCE OF SETH JESSEE ESQ., ENTERED FOR DEFTS | No | 13255093 |
| 4 | 12/6/2022 1:28:42 PM | E | ANSWER AND AFFIRMATIVE DEFENSES BY DEFTS | No | 13255114 |
| 5 | 12/29/2022 2:55:31 PM | E | MOTION FOR SUMMARY JUDGMENT BY PLTF. WITH SERVICE ON 12/29/2022. | No | 13270573 |
| 6 | 1/27/2023 10:50:27 AM | E | REPLY/RESPONSE BY DEFTS TO PLTFS MOTION FOR SUMMARY JUDGMENT. WITH SERVICE ON 01/27/2023. | No | 13290356 |
| 7 | 1/30/2023 2:51:16 PM | E | PRAECIPE UNDER B.C.R.C.P. 208.3(B). BY PLTF WITH SERVICE ON 01/30/2023. WITH SERVICE ON 01/30/2023. | No | 13291898 |
| 8 | 1/30/2023 2:51:16 PM | E | MEMORANDUM OF LAW/BRIEF.IN SUPPORT OF PLTF'S MOTION FOR SUMMARY JUDGMENT BY PLTF WITH SERVICE ON 01/30/2023. WITH SERVICE ON 01/30/2023. | No | 13291919 |

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 9 | 2/13/2023 7:56:29 AM | | FILE SENT TO JUDGE FRITSCH PURSUANT TO RULE 208.3(B) PRAECIPE.FILED 1/30/23 | No | 13301691 |
| 10 | 2/14/2023 1:27:53 PM | | ORDER ENTERED FEBRUARY 13, 2023 BY C. THEODORE FRITSCH, JR., J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 02/14/2023 PURSUANT TO PA. R. C. P. 236. | No | 13303295 |
| 11 | 3/8/2023 1:48:49 PM | | ORDER ENTERED BY C. THEODORE FRITSCH, JR., J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 03/08/2023 PURSUANT TO PA. R. C. P. 236. | No | 13319862 |
| 12 | 5/23/2023 1:28:10 PM | E | MOTION/PETITION TO WITHDRAW APPEARANCE BY 2201 STREET ROAD LLC. WITH SERVICE ON 05/23/2023. | No | 13377527 |
| 13 | 6/1/2023 1:54:02 AM | | CASE INTERVENTION ORDER ENTERED. THIS ORDER WAS DOCKETED AND SENT PURSUANT TO PA.R.C.P.236 | No | 13383749 |
| 16 | 6/9/2023 1:30:35 PM | | MOTION/PETITION TO COMPEL PLAINTIFFS MOTION TO COMPEL DEPOSITION OF DEFENDANT | No | 13391852 |
| 17 | 6/9/2023 1:32:10 PM | | AFFIDAVIT PURSUANT O B.C.R.C.P. NO. 208.2 | No | 13391853 |
| 18 | 6/9/2023 1:33:50 PM | | CERTIFICATE OF SERVICE | No | 13391864 |
| 14 | 6/9/2023 2:57:00 PM | | ORDER ENTERED COMPELLING DEPOSITIONS BY ROBERT O. BALDI, J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 06/12/2023 PURSUANT TO PA. R. C. P. 236. | No | 13391622 |
| 15 | 6/9/2023 2:57:25 PM | | CIVIL COURT SHEET | No | 13391623 |
| 19 | 7/6/2023 10:00:15 AM | | LETTER CAME TO HAND COURT ADMIN PROBLEM NOTICE. | No | 13409280 |
| 20 | 7/20/2023 5:48:21 PM | E | MOTION FOR SUMMARY JUDGMENT (RENEWED) BY PLTF WITH SERVICE ON 07/20/2023. WITH SERVICE ON 07/20/2023. | No | 13421000 |
| 21 | 8/4/2023 12:55:39 PM | E | ENTRY OF APPEARANCE OF LAURENCE MESTER ESQ., ENTERED FOR 2201 STREET RD LLC. WITH SERVICE ON 08/04/2023. | No | 13432508 |
| 22 | 8/21/2023 11:20:49 AM | E | REPLY/RESPONSE BY DEFTS TO MOTION FOR SUMMARY JUDGMENT. WITH SERVICE ON 08/21/2023. | No | 13444511 |
| 24 | 8/24/2023 12:19:33 PM | E | MEMORANDUM OF LAW/BRIEF BY PLTF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT. WITH SERVICE ON 08/24/2023. | No | 13447810 |
| 23 | 8/24/2023 12:21:21 PM | E | PRAECIPE UNDER B.C.R.C.P. 208.3(B).BY PLTF WITH SERVICE ON 08/24/2023. WITH SERVICE ON 08/24/2023. | No | 13447815 |
| 25 | 8/31/2023 6:40:42 PM | E | CERTIFICATION NOTICE UNDER B.C.,C.C.P. #261(B) BY PLTF. WITH SERVICE ON 08/31/2023. | No | 13453386 |
| 26 | 9/5/2023 3:13:29 PM | E | MEMORANDUM OF LAW/BRIEF BY DEFT IN OPPOSITION TO SECOND MOTION FOR SUMMARY JUDGMENT . WITH SERVICE ON 09/05/2023. | No | 13455471 |
| 27 | 9/6/2023 7:42:55 AM | | FILE SENT TO JUDGE FRITSCH PURSUANT TO RULE 208.3(B) PRAECIPE. FILED 8/24/23 | No | 13455765 |
| 28 | 9/12/2023 11:28:53 AM | | ORDER ENTERED SEPTEMBER 11, 2023 ORAL ARGUMENT SCHEDULED FOR SEPTEMBER 28, 2023 AT 9:30 AM IN CHAMBERS BY C. THEODORE FRITSCH, JR., J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 09/12/2023 PURSUANT TO PA. R. C. P. 236. | No | 13460437 |
| 29 | 10/2/2023 11:09:32 AM | | ORDER ENTERED SEPTEMBER 29, 2023 BY C. THEODORE FRITSCH, JR., J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 10/02/2023 PURSUANT TO PA. R. C. P. 236. | No | 13474738 |
| 30 | 11/14/2023 5:55:12 PM | E | PRAECIPE FOR EQUITY/NON-JURY TRIAL FILED. NOTICE OF INTENT TO CERTIFY GIVEN.8/31/23. WITH SERVICE ON 11/14/2023. | No | 13507365 |
| 31 | 11/21/2023 3:19:30 PM | | ORDERED ON TRIAL LIST SETTING PRE-TRIAL REQUIREMENTS, PER P.J. SEE FILE FOR DISTRIBUTION. CIVIL TRIAL TERM 1/3/2024 - 1/19/2024. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 11/22/2023 PURSUANT TO PA. R. C. P. 236. | No | 13512894 |
| 32 | 12/1/2023 5:05:14 PM | E | PRE-TRIAL MEMORANDUM BY PLTF | No | 13520221 |

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 33 | 12/6/2023 9:35:11 AM | E | PRE-TRIAL MEMORANDUM FILED BY DEFTS. WITH SERVICE ON 12/06/2023. | No | 13522792 |
| 34 | 12/12/2023 11:09:39 AM | | ORDER ENTERED DECEMBER 8, 2023 BY ROBERT O. BALDI, J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 12/12/2023 PURSUANT TO PA. R. C. P. 236. | No | 13526945 |
| 35 | 12/14/2023 1:45:03 PM | E | STIPULATION/ORDER TO DISMISS DEFT PANDYA ONLY FILED BY ANDREW TEITELMAN | No | 13529648 |
| 36 | 12/20/2023 11:49:22 AM | | ORDER APPROVING STIPULATION OF COUNSEL ENTERED DECEMBER 19, 2023 DISMISSING DEFT JIGNESH PANDYA WITHOUT PREJUDICE BY C. THEODORE FRITSCH, JR., J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 12/20/2023 PURSUANT TO PA. R. C. P. 236. | No | 13533750 |
| 37 | 12/28/2023 9:44:28 AM | E | STIPULATION OF COUNSEL FILED BY ANDREW TEITELMAN | No | 13537857 |
| 38 | 1/23/2024 12:04:53 PM | | ORDER ENTERED JANUARY 22, 2024 WAIVER TRIAL IS RESCHEDULED FOR JANUARY 26, 2024 AT 9:30 AM IN COURTROOM 350 BY JEFFREY G. TRAUGER, J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 01/23/2024 PURSUANT TO PA. R. C. P. 236. | No | 13556559 |
| 39 | 1/26/2024 3:43:08 PM | | CIVIL COURT SHEET | No | 13560509 |
| 40 | 1/29/2024 1:41:51 PM | | DECISION ENTERED JANUARY 26, 2024 BY JEFFREY G. TRAUGER, J. THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 01/29/2024 PURSUANT TO PA. R. C. P. 236. | No | 13561403 |
| 41 | 2/26/2024 9:30:48 AM | E | PRAECIPE TO ENTER JUDGMENT ON THE NON-JURY VERDICT ENTERED in favor of ZEE BRIDGE CAPITAL LLC and against 2201 STREET RD LLC for the sum of 10,981,423.98 on the verdict dated 01/26/2024. NOTICE 236 SENT ON 2-26-2024. WITH SERVICE ON 02/26/2024. | No | 13581709 |
| 42 | 2/27/2024 10:36:38 AM | E | PRAECIPE FOR WRIT OF EXECUTION FILED AND WRIT EXIT. | No | 13585096 |
| 43 | 3/15/2024 10:49:19 AM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2024 1 03736 . AMOUNT PAID $2500.00 CHECK # 1148 | No | 13603438 |
| 44 | 3/15/2024 10:52:27 AM | | REAL ESTATE SALE: SALE DATE JUNE 14, 2024 ATTORNEY ON WRIT ANDREW TEITELMAN 267-255-6864 | No | 13603509 |
| 45 | 3/15/2024 10:53:01 AM | | ADDRESS OF REAL ESTATE: 2201 STREET ROAD, BENSALEM (VACANT LAND-COMMERCIAL) TAX PARCEL # .02-033-026 | No | 13603510 |
| 46 | 3/15/2024 10:53:43 AM | | REAL DEBT FIXED IN THE AMOUNT OF $ 11,152,090.54 | No | 13603511 |
| 47 | 3/15/2024 10:54:12 AM | | INTEREST ADDED IN THE SUM OF $ 170,066.56 | No | 13603512 |
| 48 | 3/15/2024 10:54:43 AM | | FORMER COSTS IN THE SUM OF $ 327.25 | No | 13603513 |
| 49 | 3/15/2024 10:55:02 AM | | REAL ESTATE SALE: SERVICE TO DEPUTY ON THIS DATE | No | 13603539 |
| 50 | 3/26/2024 2:22:45 PM | | SHERIFF' RETURN, UNDER OATH, NOT FOUND BY DEPUTY JAMES MCCOLE AS TO DEFENDANT 2201 STREET RD LLC. NOT SERVED OTHER. 3 ATTEMPTS WITH NO CONTACT. OFFICE DOES NOT APPEAR TO HAVE BEEN USED SINCE DECEMBER. 121 FRIENDS LANE SUITE 301, NEWTOWN, PA 18940, | No | 13611075 |
| 51 | 3/26/2024 2:23:47 PM | | SHERIFF' RETURN, UNDER OATH, NOT FOUND BY DEPUTY JAMES MCCOLE AS TO DEFENDANT 2201 STREET RD LLC. NOT SERVED OTHER. 3 ATTEMPTS WITH NO CONTACT. GATED DRIVEWAY. NO ANSWER ON INTERCOM . 8 WOODLAND RAOD, NEWTOWN, PA 18940, | No | 13611076 |
| 52 | 4/29/2024 12:54:25 PM | | SHERIFF'S LEVY & HAND BILL POSTED BY DEPUTY BARAN ON 4/25/24 AT 9:00AM. BOTH POSTED TO FENCE AT MAIN DRIVEWAY TO THE VACANT PROPERTY | | 13638498 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| ZEE BRIDGE CAPITAL LLC | 2201 STREET RD LLC | 2/22/2024 2:23:08 PM | 10,981,423.98 |

Case #2022-73642

| | |
|---|---|
| Case Number | 2022-73642 |
| Matter Code | |
| Commencement Date | 11/28/2022 4:35:12 PM |
| Last Filing Date | 11/28/2022 |
| Days Open | 527 |
| Case Type | COMMONWEALTH LIEN |
| PFA Number | |
| Caption Plaintiff | PA DEPT OF LABOR AND INDUSTRY |
| Caption Defendant | PANDYA, JIGNESH |
| Lis Pendens Indicator | No |
| Status | 1 |
| Judge | |
| Judge Code | |
| Parcel Number | |
| Remarks | COMMONWEALTH LIEN IN THE AMOUNT OF $5,455.04 |
| Sealed | No |
| Consolidated | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PA DEPT OF LABOR AND INDUSTRY | UNKNOWN HARRISBURG, PA 17128 UNITED STATES | | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PANDYA, JIGNESH (; ) | 8 WOODLAND RD NEWTOWN, PA 18940 157 | | Yes | 1 | | |

## Docket Entries

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|
| 0 | 11/28/2022 4:35:12 PM | COMMONWEALTH LIEN IN THE AMOUNT OF $5,455.04 | No | 13248917 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| PA DEPT OF LABOR AND INDUSTRY | PANDYA, JIGNESH | 11/28/2022 4:35:11 PM | 5455.04 |

Case #2023-00237

| | |
|---|---|
| **Case Number** | 2023-00237 |
| **Matter Code** | |
| **Commencement Date** | 1/18/2023 10:45:04 AM |
| **Last Filing Date** | 1/18/2023 |
| **Days Open** | 476 |
| **Case Type** | EXEMPLIFICATION OF JUDGMENT FROM STATE OF ,FILED. |
| **PFA Number** | |
| **Caption Plaintiff** | PIZZA HUT, LLC S/I/I |
| **Caption Defendant** | RONAK FOODS, LLC |
| **Lis Pendens Indicator** | No |
| **Status** | 1 |
| **Judge** | Jeffrey L. Finley |
| **Judge Code** | 32 |
| **Parcel Number** | |
| **Remarks** | EXEMPLIFICATION OF JUDGMENT FROM STATE OF TEXAS, FILED IN FAVOR OF PIZZA HUT, LLC S/I/I & AGAINST RONAK FOODS, LLC; JNP FOODS, LLC; PANDYA RESTAURANTS, LLC; JIGNESH PANDYA. JUDGMENT ENTERED IN THE SUM OF $11,078,442.25. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 1-18-2023. |
| **Sealed** | No |
| **Consolidated** | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PIZZA HUT, LLC S/I/I (PIZZA HUT, INC.) | GENEREAL COUNSEL'S OFFICE 7100 CORPORATE DRIVE PLANO, TX 75024 UNITED STATES | | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| RONAK FOODS, LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | | Yes | 1 | | |
| JNP FOODS, LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | | Yes | 2 | | |
| PANDYA RESTAURANTS, LLC | 121 FRIENDS LANE SUITE 301 NEWTOWN, PA 18940 UNITED STATES | | Yes | 3 | | |
| PANDYA, JIGNESH | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | 4 | | |

## Docket Entries

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|
| 0 | 1/18/2023 10:45:04 AM | EXEMPLIFICATION OF JUDGMENT FROM STATE OF TEXAS, FILED IN FAVOR OF PIZZA HUT, LLC S/I/I & AGAINST RONAK FOODS, LLC; JNP FOODS, LLC; PANDYA RESTAURANTS, LLC; JIGNESH PANDYA. JUDGMENT ENTERED IN THE SUM OF $11,078,442.25. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 1-18-2023. | No | 13283114 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| PIZZA HUT, LLC S/I/I | RONAK FOODS, LLC | 1/18/2023 10:59:29 AM | $11,078,442.25 |
| PIZZA HUT, LLC S/I/I | JNP FOODS, LLC | 1/18/2023 11:00:39 AM | $11,078,442.25 |
| PIZZA HUT, LLC S/I/I | PANDYA RESTAURANTS, LLC | 1/18/2023 11:00:45 AM | $11,078,442.25 |
| PIZZA HUT, LLC S/I/I | PANDYA, JIGNESH | 1/18/2023 11:00:51 AM | $11,078,442.25 |

Case #2023-02569

| | |
|---|---|
| Case Number | 2023-02569 |
| Matter Code | |
| Commencement Date | 5/5/2023 10:18:33 AM |
| Last Filing Date | 5/6/2024 |
| Days Open | 369 |
| Case Type | EXEMPLIFICATION OF JUDGMENT FROM STATE OF ,FILED. |
| PFA Number | |
| Caption Plaintiff | SOUTHERN SHOALS, LLC |
| Caption Defendant | PANDYA, MITAL |
| Lis Pendens Indicator | No |
| Status | 1 |
| Judge | CHARISSA J. LILLER |
| Judge Code | 41 |
| Parcel Number | |
| Remarks | EXEMPLIFICATION OF JUDGMENT FROM STATE OF NEW YORK, FILED IN FAVOR OF SOUTHERN SHOALS, LLC & AGAINST MITAL PANDYA; JIGNESH PANDYA. JUDGMENT ENTERED IN THE SUM OF $4,366,585.55. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 5-5-2023. |
| Sealed | No |
| Consolidated | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| SOUTHERN SHOALS, LLC | C/O CURLEY & ROTHMAN, LLC 1100 E. HECTOR STREET, SUITE 425 CONSHOHOCKEN, PA 19428 UNITED STATES | Rothman, Scott M | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PANDYA, MITAL (PANDYA, MITAL J) | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | TUTTLE, ALEXANDER GEOFFREY | Yes | 1 | | |
| PANDYA, JIGNESH (PANDYA, JIGNESH N) | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | TUTTLE, ALEXANDER GEOFFREY | Yes | 2 | | |

## Garnishees

| Name | Address | Counsel | Notify | ProSe | Status |
|---|---|---|---|---|---|
| AMERICAN HERITAGE CREDIT UNION | 765 E. BUTLER AVE. NEW BRITAIN, PA 18901 UNITED STATES | | Yes | | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 5/5/2023 10:18:33 AM | | EXEMPLIFICATION OF JUDGMENT FROM STATE OF NEW YORK, FILED IN FAVOR OF SOUTHERN SHOALS, LLC & AGAINST MITAL PANDYA; JIGNESH PANDYA. JUDGMENT ENTERED IN THE SUM OF $4,366,585.55. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 5-5-2023. | No | 13365079 |
| 1 | 8/16/2023 3:04:21 PM | E | PRAECIPE FOR WRIT OF EXECUTION FILED AND WRIT EXIT. | No | 13441129 |
| 2 | 8/16/2023 3:04:21 PM | E | NOTICE | No | 13441148 |
| 3 | 8/17/2023 11:04:36 AM | E | PRAECIPE FOR WRIT OF EXECUTION FILED AND WRIT EXIT. | No | 13441895 |

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 4 | 8/17/2023 11:04:36 AM | E | NOTICE | No | 13441940 |
| 5 | 8/23/2023 2:32:18 PM | E | PRAECIPE BY PLTF TO AMEND CAPTION | No | 13447003 |
| 6 | 9/5/2023 10:39:26 AM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2023 1 10927 AMOUNT PAID $ 2000.00 (8 WOODLAND ROAD, NEWTOWN) | No | 13460265 |
| 7 | 9/5/2023 10:47:45 AM | | REAL ESTATE SALE: SALE DATE DECEMBER 8, 2023 ATTORNEY ON WRIT SCOTT M. ROTHMAN 610-834-8819 | No | 13460266 |
| 8 | 9/5/2023 10:48:54 AM | | ADDRESS OF REAL ESTATE: 8 WOODLAND ROAD, NEWTOWN TAX PARCEL # 47-008-007-007 | No | 13460267 |
| 9 | 9/5/2023 10:49:29 AM | | REAL DEBT FIXED IN THE AMOUNT OF $4,366,585.55 | No | 13460268 |
| 10 | 9/5/2023 10:50:03 AM | | INTEREST ADDED IN THE SUM OF $105,462.20 | No | 13460354 |
| 11 | 9/5/2023 10:50:30 AM | | FORMER COSTS IN THE SUM OF $91.75 | No | 13460355 |
| 12 | 9/5/2023 10:50:49 AM | | REAL ESTATE SALE: SERVICE TO DEPUTY ON THIS DATE | No | 13460356 |
| 13 | 9/5/2023 12:00:48 PM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2023 1 10926 AMOUNT PAID $2000.00 (HIDDEN POND RD) | No | 13460357 |
| 14 | 9/5/2023 12:04:07 PM | | REAL ESTATE SALE: SALE DATE DECEMBER 8, 2023 ATTORNEY ON WRIT SCOTT M. ROTHMAN 610-834-8819 (HIDDEN POND DRIVE) | No | 13460358 |
| 15 | 9/5/2023 12:05:50 PM | | ADDRESS OF REAL ESTATE: 1471 HIDDEN POND DRIVE, YARDLEY TAX PARCEL # .20-024-186 | No | 13460619 |
| 16 | 9/5/2023 12:06:58 PM | | REAL DEBT FIXED IN THE AMOUNT OF $4,366,585.55 | No | 13460620 |
| 17 | 9/5/2023 12:07:38 PM | | INTEREST ADDED IN THE SUM OF $105,462.20 | No | 13460621 |
| 18 | 9/5/2023 12:08:13 PM | | FORMER COSTS IN THE SUM OF $62.25 | No | 13460622 |
| 19 | 9/5/2023 12:09:27 PM | | REAL ESTATE SALE: SERVICE TO DEPUTY ON THIS DATE | No | 13460629 |
| 20 | 9/29/2023 11:19:19 AM | E | PRAECIPE FOR WRIT OF EXECUTION FILED WITH GARNISHEE(S); AMERICAN HERITAGE CREDIT UNION; WRIT EXIT. | No | 13473492 |
| 21 | 10/20/2023 12:37:08 PM | | SHERIFF'S RETURN, UNDER OATH, FILED. SGT. JAMES MITCHELL ON 10/5/2023 AT 2:26 PM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED DEFENDANT PERSONALLY SERVED (A)(I) JIGNESH PANYDA NOTICE OF SALE 2023-02569 TO ABOVE WITHOUT INCIDENT. MR.PANDYA ACCEPTED COMPLAINT AT 121 FRIENDS LN IN NEWTOWN, MR. PANYDA ACCEPTED SERVICE FOR MITAL PANYDA ALSO. 8 WOODLAND ROAD, NEWTOWN, PA 18940, | No | 13489267 |
| 22 | 10/23/2023 12:33:50 PM | | SHERIFF'S RETURN, UNDER OATH, FILED. SGT. JAMES MITCHELL ON 10/5/2023 AT 2:30 PM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED DEFENDANT PERSONALLY SERVED (A)(I) JIGNESH PANYDA NOTICE OF SALE, WRIT, CLAIM FOR EXEMPTION & NOTICEOF WRIT 2023-02569 TO ABOVE WITHOUT INCIDENT. MR.PANDYA ACCEPTED ALL PAPERS AT 121 FRIENDS LN IN NEWTOWN, MR. PANYDA ACCEPTED FOR MITAL PANYDA . 8 WOODLAND ROAD, NEWTOWN, PA 18940, | No | 13490264 |
| 23 | 10/23/2023 12:41:11 PM | | INCOMPLETE DOCKET ENTRY. SEE BELOW ENTRY FOR CORRECT DESCRIPTION RE: 8 WOODLAND ROAD PROPERTY | No | 13490281 |
| 24 | 10/23/2023 12:42:36 PM | | SHERIFF'S LEVY & HAND BILL POSTED BY SGT. MITCHELL ON 10/16/23 AT 12:35PM. POSTED FOR 1471 HIDDEN POND DRIVE | No | 13490282 |
| 25 | 10/23/2023 2:13:16 PM | | SHERIFF'S LEVY & HAND BILL POSTED BY SGT. MITCHELL ON 10/16/23 AT 12:57PM BY POSTING BOTH TO FRONT GATE. GATE IS LOCKED AND CANT GET INTO PROPERTY AT 8 WOODLAND ROAD ADDRESS. | No | 13490439 |

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|------|-------------|-------------|--------|-----------|
| 26 | 11/2/2023 9:48:02 AM | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION #2023 1 13688. AMOUNT PAID $300.00. ORIG DEBT $4,366,585.55 INTEREST $107,614.49 FORMER COSTS $91.75. PERSONAL PROPERTY NEW BRITAIN GARNISHMENT TO DEPUTY | No | 13498853 |
| 27 | 11/8/2023 2:15:07 PM | SERVED WRIT AND INTERROGATORIES WITH COPY FOR DEFENDANT ON GARNISHEE BY DEPUTY ANTHONY RHODUNDA ON 11/8/2023, SERVED PERSON IN CHARGE OF BUSINESS (A)(2)(III) MORGAN MCKINNEY, TELLER. ACCEPTED FOR DEFENDANT. 765 E BUTLER AVE, NEW BRITHAIN, PA 18901, | No | 13504295 |
| 28 | 12/8/2023 10:40:22 AM | SALE ADJOURNED BY ATTORNEY ON WRIT CURLEY & ROTHMAN TO 2/9/2024 DUE TO DEFENDANT FILING BANKRUPTCY CH 11 #23-13723 | No | 13524838 |
| 31 | 1/30/2024 11:04:24 AM | REAL ESTATE SALE: DEFTS. BANKRUPTCY DISMISSAL FOR 23-13723 DATED 1/11/24 RECEIVED | No | 13574811 |
| 29 | 2/12/2024 11:02:28 AM | SALE ADJOURNED BY ATTORNEY ON WRIT CURLEY & ROTHMAN TO APRIL 12, 2024 DUE TO DEFT. JIGNESH PANDYA FILING CH. 13. BANKRUPTCY ON 2/9/24 AT 10:30AM AT 24-10440. (HIDDEN POND) | No | 13574809 |
| 30 | 2/12/2024 11:02:58 AM | SALE ADJOURNED BY ATTORNEY ON WRIT CURLEY & ROTHMAN TO APRIL 12, 2024 DUE TO DEFT. JIGNESH PANDYA FILING CH. 13. BANKRUPTCY ON 2/9/24 AT 10:30AM AT 24-10440. (WOODLAND) | No | 13574810 |
| 32 | 4/12/2024 11:24:21 AM | CIVIL COURT SHEET | No | 13625587 |
| 33 | 4/12/2024 12:42:16 PM | MOTION/PETITION (EMERGENCY) TO POSTPONE THE APRIL 12, 2024 SHERIFF'S SALE LISTINGS OF 8 WOODLAND ROAD, NEWTOWN PA 18940 AND 1471 HIDDEN POND DRIVE, YARDLEY PA 19067 UNTIL MAY 10, 2024 FILED BY DEFTS | No | 13625816 |
| 34 | 4/12/2024 12:47:16 PM | CERTIFICATE OF SERVICE | No | 13625817 |
| 35 | 4/12/2024 1:54:26 PM | REAL ESTATE 1471 HIDDEN POND SOLD TO PLAINTIFF FOR COSTS IN THE SUM OF $1,724.63 | No | 13625876 |
| 36 | 4/12/2024 1:55:13 PM | REAL ESTATE 8 WOODLAND SOLD TO PLAINTIFF FOR COSTS IN THE SUM OF $1,813.00 | No | 13625877 |
| 37 | 4/17/2024 9:28:22 AM | SHERIFF'S REFUND MADE TO CURLEY & ROTHMAN LLC, CHECK # 1672, IN THE SUM OF $240.88. SOLD FOR COST ON APRIL 12, 2024. (ADVANCE REFUNDED - RECEIPT # 2023-1-10926). | No | 13629065 |
| 38 | 4/17/2024 9:30:31 AM | SHERIFSHERIFF'S REFUND MADE TO CURLEY & ROTHMAN LLC, CHECK # 1672, IN THE SUM OF $150.19. SOLD FOR COST ON APRIL 12, 2024. (ADVANCE REFUNDED - RECEIPT # 2023-1-10927). | No | 13629066 |
| 39 | 5/6/2024 E 1:02:43 PM | ENTRY OF APPEARANCE OF ALEXANDER TUTTLE ESQ., ENTERED FOR DEFTS | No | 13646390 |

## Judgments

| For | Against | Date | Amount |
|-----|---------|------|--------|
| SOUTHERN SHOALS, LLC | PANDYA, MITAL | 5/5/2023 10:25:43 AM | $4,366,585.55 |
| SOUTHERN SHOALS, LLC | PANDYA, JIGNESH | 5/5/2023 10:25:58 AM | $4,366,585.55 |

Case #2023-03791

| | |
|---|---|
| **Case Number** | 2023-03791 |
| **Matter Code** | |
| **Commencement Date** | 7/3/2023 8:12:38 AM |
| **Last Filing Date** | 3/20/2024 |
| **Days Open** | 77 |
| **Case Type** | COMPLAINT |
| **PFA Number** | |
| **Caption Plaintiff** | NATIONAL CONSTRUCTION RENTALS INC |
| **Caption Defendant** | 2201 STREET ROAD LLC |
| **Lis Pendens Indicator** | No |
| **Status** | 6 |
| **Judge** | CHARISSA J. LILLER |
| **Judge Code** | 41 |
| **Parcel Number** | |
| **Remarks** | COMPLAINT CONTRACT DEBT COLLECTION: OTHER MONEY DAMAGES with NOTICE TO DEFEND |
| **Sealed** | No |
| **Consolidated** | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| NATIONAL CONSTRUCTION RENTALS INC | 6401 PASSAYNUK AVENUE PHILADELPHIA, PA 19153 UNITED STATES | Zellner, Brian Kenneth | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| 2201 STREET ROAD LLC | 121 FRIENDS LANE NEWTOWN, PA 18940 UNITED STATES | | Yes | 1 | | |
| PANDYA, JIGNESH | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | 2 | | |

## Garnishees

| Name | Address | Counsel | Notify | ProSe | Status |
|---|---|---|---|---|---|
| CITIZENS BANK | UNKNOWN , UNITED STATES | | Yes | | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 7/3/2023 8:12:38 AM | E | COMPLAINT CONTRACT DEBT COLLECTION: OTHER MONEY DAMAGES with NOTICE TO DEFEND | No | 13407081 |
| 1 | 7/12/2023 12:43:50 PM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2023-1-08326. AMOUNT PAID $ 170.00. | No | 13413604 |
| 2 | 8/3/2023 11:28:23 AM | | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY SAMANTHA PRICE ON 8/1/2023 AT 2:01 PM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED DEFENDANT PERSONALLY SERVED (A)(I) JIGNESH PANDYA. 121 FRIENDS LANE, NEWTOWN, PA 18940, | No | 13431113 |
| 3 | 8/3/2023 11:28:54 AM | | SHERIFF'S RETURN, UNDER OATH, FILED. DEPUTY SAMANTHA PRICE ON 8/1/2023 AT 2:00 PM, SERVED DEFENDANT(S) PURSUANT TO PA.R.C.P. #402(A), SERVED DEFENDANT PERSONALLY SERVED (A)(I) JIGNESH PANDYA. SERVED AT 121 FRIENDS LANE NEWTOWN. 8 WOODLAND ROAD, NEWTOWN, PA 18940, | No | 13431124 |
| 4 | 9/18/2023 11:19:45 AM | | PRAECIPE TO ENTER JUDGMENT FILED IN FAVOR OF NATIONAL CONSTRUCTION RENTALS INC & Against 2201 STREET ROAD LLC; JIGNESH PANDYA. JUDGMENT ENTERED AND DAMAGES ASSESSED AT $23,502.38. WITH NOTICE 237.1, AFFIDAVIT ADDRESS. WITH AFFIDAVIT OF NON-MILITARY SERVICE. NOTICE 236 SENT ON 9-18-2023. | No | 13464318 |

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|
| 5 | 10/16/2023 10:35:00 AM | PRAECIPE FOR WRIT OF EXECUTION FILED WITH GARNISHEE(S); CITIZENS BANK ; WRIT EXIT. | No | 13484740 |
| 6 | 10/19/2023 11:23:46 AM | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION #2023 1 12893. AMOUNT PAID $300.00. ORIG DEBT $23,502.38 INTEREST $88.86 FORMER COSTS $315.50 PERSONAL PROPERTY DOYLESTOWN GARNISHMENT TO DEPUTY | No | 13487847 |
| 7 | 10/25/2023 8:16:56 AM | SERVED WRIT AND INTERROGATORIES WITH COPY FOR DEFENDANT ON GARNISHEE BY DEPUTY ANTHONY RHODUNDA ON 10/25/2023, SERVED PERSON IN CHARGE OF BUSINESS (A)(2)(III) SAM NELSON, TELLER. ACCEPTED FOR DEFENDANT. 559 N MAIN ST, DOYLESTOWN, PA 18901, | No | 13493111 |
| 8 | 11/14/2023 9:54:09 AM | ANSWER OF GARNISHEE TO INTERROGATORIES CITIZENS BANK | No | 13506428 |
| 9 | 11/14/2023 9:54:25 AM | CERTIFICATE OF SERVICE | No | 13506434 |
| 10 | 11/22/2023 11:34:46 AM | CLOSE WRIT - 2023 1 12893. | No | 13513556 |
| 11 | 3/13/2024 1:33:13 PM | SHERIFF'S REFUND MADE TO HYNUM LAW, CHECK #1594, IN THE SUM OF $124.00 (ADVANCE REFUNDED - RECEIPT #2023-1-12893). | No | 13603445 |
| 12 | 3/20/2024 9:01:07 AM | RETURN MADE TO PROTHONOTARY. | No | 13605479 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| NATIONAL CONSTRUCTION RENTALS INC | 2201 STREET ROAD LLC | 9/18/2023 11:19:58 AM | $23,502.38 |
| NATIONAL CONSTRUCTION RENTALS INC | PANDYA, JIGNESH | 9/18/2023 11:20:20 AM | $23,502.38 |

Case #2023-05595

| | |
|---|---|
| Case Number | 2023-05595 |
| Matter Code | |
| Commencement Date | 9/15/2023 3:50:00 PM |
| Last Filing Date | 9/18/2023 |
| Days Open | 0 |
| Case Type | COMPLAINT IN CONFESSION OF JUDGMENT FOR MONEY |
| PFA Number | |
| Caption Plaintiff | AMERICAN BANK |
| Caption Defendant | 240 NUTT ROAD LLC |
| Lis Pendens Indicator | No |
| Status | 6 |
| Judge | DENISE M. BOWMAN |
| Judge Code | 42 |
| Parcel Number | |
| Remarks | COMPLAINT IN CONFESSION OF JUDGMENT FOR MONEY IN THE SUM OF $3,070,047.83 |
| Sealed | No |
| Consolidated | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| AMERICAN BANK | 615 WATERFRONT DRIVE ALLENTOWN, PA 18102 UNITED STATES | Fogerty, Kevin T. | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| 240 NUTT ROAD LLC | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | 1 | | |
| 417 BALTIMORE PIKE LLC | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | 2 | | |
| PANDYA PROPERTIES, LLC | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | 3 | | |
| PANDYA REAL ESTATE HOLDINGS LLC | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | 4 | | |
| PANDYA, JIGNESH N | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | 5 | | |
| PANDYA, MITAL J | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | 6 | | |
| RONAK FOODS, LLC | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | 7 | | |
| SRI GUNINA, LLC | 8 WOODLAND ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | 8 | | |

## Docket Entries

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|
| 0 | 9/15/2023 3:50:00 PM | COMPLAINT IN CONFESSION OF JUDGMENT FOR MONEY IN THE SUM OF $3,070,047.83 | No | 13463695 |
| 1 | 9/18/2023 9:00:13 AM | ENTRY OF APPEARANCE OF KEVIN T. FOGERTY ESQ., ENTERED FOR PLAINTIFF | No | 13464040 |

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|------|-------------|-------------|--------|-----------|
| 2 | 9/18/2023 9:00:52 AM | WARRANT OF ATTORNEY FOR DEFENDANT FILED. APPEARANCE OF KEVIN T. FOGERTY, ESQ., ENTERED. | No | 13464041 |
| 3 | 9/18/2023 9:01:14 AM | NOTICE MAILED IN ACCORDANCE WITH PA. R.C.P. 236 AS AMENDED. | No | 13464042 |
| 4 | 9/18/2023 9:01:53 AM | AFFIDAVIT AS TO DEFENDANT'S INCOME | No | 13464043 |
| 5 | 9/18/2023 9:02:12 AM | AFFIDAVIT OF LAST KNOWN ADDRESS | No | 13464139 |
| 6 | 9/18/2023 9:02:42 AM | AFFIDAVIT OF NON-MILITARY SERVICE | No | 13464140 |
| 7 | 9/18/2023 9:03:59 AM | AFFIDAVIT OF BUSINESS USE FOR LOAN | No | 13464141 |
| 8 | 9/18/2023 9:04:15 AM | AFFIDAVIT OF NON-CONSUMER CREDIT TRANSACTION | No | 13464142 |

## Judgments

| For | Against | Date | Amount |
|-----|---------|------|--------|
| AMERICAN BANK | 240 NUTT ROAD LLC | 9/15/2023 3:51:54 PM | $3,070,047.83 |
| AMERICAN BANK | 417 BALTIMORE PIKE LLC | 9/18/2023 8:46:41 AM | $3,070,047.83 |
| AMERICAN BANK | PANDYA PROPERTIES, LLC | 9/18/2023 8:46:48 AM | $3,070,047.83 |
| AMERICAN BANK | PANDYA REAL ESTATE HOLDINGS LLC | 9/18/2023 8:46:55 AM | $3,070,047.83 |
| AMERICAN BANK | PANDYA, JIGNESH N | 9/18/2023 8:47:03 AM | $3,070,047.83 |
| AMERICAN BANK | PANDYA, MITAL J | 9/18/2023 8:47:14 AM | $3,070,047.83 |
| AMERICAN BANK | RONAK FOODS, LLC | 9/18/2023 8:47:22 AM | $3,070,047.83 |
| AMERICAN BANK | SRI GUNINA, LLC | 9/18/2023 8:47:29 AM | $3,070,047.83 |

Case #2023-07777

| | |
|---|---|
| **Case Number** | 2023-07777 |
| **Matter Code** | |
| **Commencement Date** | 12/13/2023 12:33:13 PM |
| **Last Filing Date** | 5/2/2024 |
| **Days Open** | 147 |
| **Case Type** | WRIT OF SUMMONS |
| **PFA Number** | |
| **Caption Plaintiff** | SUNSET LEGACY INC |
| **Caption Defendant** | PANDYA, JIGNESH |
| **Lis Pendens Indicator** | No |
| **Status** | 1 |
| **Judge** | DENISE M. BOWMAN |
| **Judge Code** | 42 |
| **Parcel Number** | |
| **Remarks** | WRIT OF SUMMONS TORT INTENTIONAL MONEY DAMAGES |
| **Sealed** | No |
| **Consolidated** | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| SUNSET LEGACY INC | 742 CORNERSTONE LANE<br>BRYN MAWR, PA 19010 UNITED STATES | Rhoades, Mark Linza | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PANDYA, JIGNESH (PANDYA, JAY) | 8 WOODLAND ROAD<br>NEWTOWN, PA 18940 UNITED STATES | | Yes | 1 | | |
| ENGAGE BRANDS LLC | 121 FRIENDS LANE, SUITE 301<br>NEWTOWN, PA 18940 UNITED STATES | | Yes | 2 | | |
| PANDYA MANAGEMENT LLC | 121 FRIENDS LANE, SUITE 301<br>NEWTOWN, PA 18940 UNITED STATES | | Yes | 3 | | |
| PANDYA RESTAURANT GROWTH BRANDS LLC | 121 FRIENDS LANE, SUITE 301<br>NEWTOWN, PA 18940 UNITED STATES | | Yes | 4 | | |
| PATEL, KRUPA | 73 BRECKNOCK COURT<br>NEWTOWN, PA 18940 UNITED STATES | | Yes | 5 | | |
| THE ROHAN GROUP | 121 FRIENDS LANE, SUITE 301<br>NEWTOWN, PA 18940 UNITED STATES | | Yes | 6 | | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 12/13/2023 12:33:13 PM | E | WRIT OF SUMMONS TORT INTENTIONAL MONEY DAMAGES | No | 13528399 |
| 1 | 1/24/2024 11:29:23 AM | E | PRAECIPE TO REISSUE WRIT OF SUMMONS FILED. EO DIE, WRIT REISSUED. | No | 13557775 |
| 2 | 1/29/2024 2:31:44 PM | | RECEIVED IN SHERIFF'S OFFICE FOR SERVICE. TRANSACTION # 2024 1 01268 AMOUNT PAID $310.00 | No | 13561121 |

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 3 | 2/1/2024 1:58:22 PM | | SHERIFF' RETURN, UNDER OATH, NOT FOUND BY DEPUTY JAMES MCCOLE AS TO DEFENDANT KRUPA PATEL. NOT SERVED DEFENDANT MOVED. PER CURRENT RESIDENT- DEFENDANT MOVED 4 YEARS AGO. 73 BRECKNOCK COURT, NEWTOWN, PA 18940, | No | 13565364 |
| 4 | 2/12/2024 10:48:21 AM | | SHERIFF' RETURN, UNDER OATH, NOT FOUND BY DEPUTY JAMES MCCOLE AS TO DEFENDANT (1) ENGAGE BRANDS LLC (2) PANDYA MANAGEMENT LLC (3) PANDYA RESTAURANT GROWTH BRANDS LLC (4) THE ROHAN GROUP. NOT SERVED OTHER. 3 ATTEMPTS MADE. BUSINESS LOCATION DOES NOT APPEAR ACTIVELY USED. 121 FRIENDS LANE, SUITE 301, NEWTOWN, PA 18940, | No | 13574745 |
| 5 | 2/20/2024 11:37:33 AM | | SHERIFF' RETURN, UNDER OATH, NOT FOUND BY DEPUTY JAMES MCCOLE AS TO DEFENDANT JIGNESH PANDYA. NOT SERVED DEFENDANT NOT HOME. 3 ATTEMPTS MADE. REQUEST POSTING. 8 WOODLAND ROAD, NEWTOWN, PA 18940, | No | 13581306 |
| 6 | 4/22/2024 10:16:04 AM | E | PRAECIPE TO REISSUE WRIT OF SUMMONS FILED. EO DIE, WRIT REISSUED. | No | 13633267 |
| 7 | 5/2/2024 1:27:17 PM | E | CERTIFICATE OF SERVICE BY PLTF OF WRIT OF SUMMONS VIA REGULAR AND CERTIFIED MAIL UPON ENGAGE BRANDS LLC. WITH SERVICE ON 05/02/2024. | No | 13643139 |

Case #2024-00524

| | |
|---|---|
| **Case Number** | 2024-00524 |
| **Matter Code** | |
| **Commencement Date** | 1/25/2024 3:13:53 PM |
| **Last Filing Date** | 1/25/2024 |
| **Days Open** | 0 |
| **Case Type** | COMPLAINT IN CONFESSION OF JUDGMENT FOR MONEY |
| **PFA Number** | |
| **Caption Plaintiff** | MERIDIAN BANK |
| **Caption Defendant** | PANDYA, JIGNESH |
| **Lis Pendens Indicator** | No |
| **Status** | 6 |
| **Judge** | WALLACE H. BATEMAN, JR. |
| **Judge Code** | 34 |
| **Parcel Number** | |
| **Remarks** | COMPLAINT IN CONFESSION OF JUDGMENT FOR MONEY IN THE SUM OF $3,398,909.50 |
| **Sealed** | No |
| **Consolidated** | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| MERIDIAN BANK | 9 OLD LINCOLN HIGHWAY<br>MALVERN, PA 19355 UNITED STATES | KLEIN, SCOTT M | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PANDYA, JIGNESH | 8 WOODLAND ROAD<br>NEWTOWN, PA 18940 UNITED STATES | | Yes | 1 | | |

## Docket Entries

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|
| 0 | 1/25/2024 3:13:53 PM | COMPLAINT IN CONFESSION OF JUDGMENT FOR MONEY IN THE SUM OF $3,398,909.50 | No | 13558623 |
| 1 | 1/25/2024 3:18:06 PM | ENTRY OF APPEARANCE OF SCOTT M. KLEIN ESQ., ENTERED FOR PLAINTIFF | No | 13559584 |
| 2 | 1/25/2024 3:18:40 PM | WARRANT OF ATTORNEY FOR DEFENDANT FILED. APPEARANCE OF SCOTT M. KLEIN, ESQ., ENTERED. | No | 13559585 |
| 3 | 1/25/2024 3:19:04 PM | NOTICE MAILED IN ACCORDANCE WITH PA. R.C.P. 236 AS AMENDED. | No | 13559586 |
| 4 | 1/25/2024 3:20:43 PM | NOTICE OF DEFENDANT'S RIGHTS UNDER PA. R.C.P. 2737.1, GIVEN. | No | 13559587 |
| 5 | 1/25/2024 3:21:13 PM | AFFIDAVIT AS TO DEFENDANT'S INCOME | No | 13559588 |
| 6 | 1/25/2024 3:21:29 PM | AFFIDAVIT OF BUSINESS USE FOR LOAN | No | 13559594 |
| 7 | 1/25/2024 3:21:50 PM | AFFIDAVIT OF LAST KNOWN ADDRESS | No | 13559595 |
| 8 | 1/25/2024 3:22:08 PM | AFFIDAVIT OF NON-MILITARY SERVICE | No | 13559596 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| MERIDIAN BANK | PANDYA, JIGNESH | 1/25/2024 3:16:30 PM | $3,398,909.50 |

Case #2024-02476

| | |
|---|---|
| **Case Number** | 2024-02476 |
| **Matter Code** | |
| **Commencement Date** | 4/18/2024 10:19:38 AM |
| **Last Filing Date** | 4/18/2024 |
| **Days Open** | 20 |
| **Case Type** | EXEMPLIFICATION OF JUDGMENT FROM STATE OF ,FILED. |
| **PFA Number** | |
| **Caption Plaintiff** | US FOODS INC A DELAWARE CORPORATION |
| **Caption Defendant** | BOSTON MARKET CORPORATION A DELAWARE CORPORATION |
| **Lis Pendens Indicator** | No |
| **Status** | 1 |
| **Judge** | ROBERT O. BALDI |
| **Judge Code** | 35 |
| **Parcel Number** | |
| **Remarks** | EXEMPLIFICATION OF JUDGMENT FROM STATE OF ILLINOIS, FILED IN FAVOR OF US FOODS INC A DELAWARE CORPORATION & AGAINST BOSTON MARKET CORPORATION A DELAWARE CORPORATION; ENGAGE BRANDS LLC A DELAWARE LIMITED LIABILITY COMPANY; JIGNESH N PANDYA IV. JUDGMENT ENTERED IN THE SUM OF $15,224,368.25. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 4-18-2024. |
| **Sealed** | No |
| **Consolidated** | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| US FOODS INC A DELAWARE CORPORATION | C/O AMATO AND KEATING PC 107 NORTH COMMERCE WAY BETHLEHEM, PA 18017 UNITED STATES | Wechsler, Daniel | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| BOSTON MARKET CORPORATION A DELAWARE CORPORATION | 121 FRIENDS LN STE 301 NEWTOWN, PA 18940 UNITED STATES | | Yes | 1 | | |
| ENGAGE BRANDS LLC A DELAWARE LIMITED LIABILITY COMPANY | 121 FRIENDS LN STE 301 NEWTOWN, PA 18940 UNITED STATES | | Yes | 2 | | |
| PANDYA IV, JIGNESH N | 8 WOODLAND RD NEWTOWN, PA 18940 UNITED STATES | | Yes | 3 | | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 4/18/2024 10:19:38 AM | E | EXEMPLIFICATION OF JUDGMENT FROM STATE OF ILLINOIS, FILED IN FAVOR OF US FOODS INC A DELAWARE CORPORATION & AGAINST BOSTON MARKET CORPORATION A DELAWARE CORPORATION; ENGAGE BRANDS LLC A DELAWARE LIMITED LIABILITY COMPANY; JIGNESH N PANDYA IV. JUDGMENT ENTERED IN THE SUM OF $15,224,368.25. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 4-18-2024. | No | 13630454 |
| 1 | 4/18/2024 10:19:38 AM | E | AFFIDAVIT BY PLAINTIFF | No | 13630463 |
| 2 | 4/18/2024 10:19:38 AM | E | AFFIDAVIT OF NON-MILITARY SERVICE BY PLAINTIFF | No | 13630490 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| US FOODS INC A DELAWARE CORPORATION | BOSTON MARKET CORPORATION A DELAWARE CORPORATION | 4/18/2024 10:12:56 AM | $15,224,368.25 |
| US FOODS INC A DELAWARE CORPORATION | ENGAGE BRANDS LLC A DELAWARE LIMITED LIABILITY COMPANY | 4/18/2024 10:13:09 AM | $15,224,368.25 |
| US FOODS INC A DELAWARE CORPORATION | PANDYA IV, JIGNESH N | 4/18/2024 10:13:19 AM | $15,224,368.25 |

Case #2024-02618

| Case Number | 2024-02618 |
|---|---|
| Matter Code | |
| Commencement Date | 4/24/2024 12:56:42 PM |
| Last Filing Date | 4/25/2024 |
| Days Open | 14 |
| Case Type | CERTIFICATION OF JUDGMENT FROM ANOTHER COURT FILED. ASSUMPSIT. JUDGMENT ENTERED IN THE SUM OF $ |
| PFA Number | |
| Caption Plaintiff | GWEN FILES TRIANTOS 2012 TRUST |
| Caption Defendant | BOSTON CHICKEN OF PA LLC |
| Lis Pendens Indicator | No |
| Status | 1 |
| Judge | CHARISSA J. LILLER |
| Judge Code | 41 |
| Parcel Number | |
| Remarks | CERTIFICATION OF JUDGMENT FROM DELAWARE COUNTY COURT FILED IN FAVOR OF GWEN FILES TRIANTOS 2012 TRUST & AGAINST PANDYA PROPERTIES LLC; BOSTON CHICKEN OF PA LLC; JIGNESH PANDYA. ASSUMPSIT. JUDGMENT ENTERED IN THE SUM OF $1,920,300.00. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 4-12-2024. |
| Sealed | No |
| Consolidated | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| GWEN FILES TRIANTOS 2012 TRUST | 1820 VALLEYDALE COVE BIRMINGHAM, AL 34244 UNITED STATES | NEWMAN, BRIAN | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| BOSTON CHICKEN OF PA LLC | 121 FRIENDS LANE SUITE 302 NEWTOWN, PA 18940 UNITED STATES | | Yes | 1 | | |
| PANDYA PROPERTIES LLC | 121 FRIENDS LANE SUITE 302 NEWTOWN, PA 18940 UNITED STATES | | Yes | 2 | | |
| PANDYA, JIGNESH (PANDYA, JAY) | 210 EAST STREET ROAD SUITE 3B FEASTERVILLE, PA 19053 UNITED STATES | | Yes | 3 | | |

## Garnishees

| Name | Address | Counsel | Notify | ProSe | Status |
|---|---|---|---|---|---|
| GALLAGHER, RYAN | 183 EAGLE ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | | |
| GALLAGHER, ANGELINA | 183 EAGLE ROAD NEWTOWN, PA 18940 UNITED STATES | | Yes | | |
| HADDAD, SOPHIA | 1471 HIDDEN POND DRIVE YARDLEY, PA 19067 UNITED STATES | | Yes | | |

## Docket Entries

| Seq. | Filing Date | | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 4/24/2024 12:56:42 PM | E | CERTIFICATION OF JUDGMENT FROM DELAWARE COUNTY COURT FILED IN FAVOR OF GWEN FILES TRIANTOS 2012 TRUST & AGAINST PANDYA PROPERTIES LLC; BOSTON CHICKEN OF PA LLC; JIGNESH PANDYA. ASSUMPSIT. JUDGMENT ENTERED IN THE SUM OF $1,920,300.00. WITH AFFIDAVIT OF ADDRESS. NOTICE 236 SENT ON 4-12-2024. | No | 13625905 |
| 1 | 4/24/2024 4:50:07 PM | E | PRAECIPE FOR WRIT OF EXECUTION FILED AND WRIT EXIT. | No | 13635834 |
| 2 | 4/24/2024 4:55:54 PM | E | PRAECIPE FOR WRIT OF EXECUTION FILED WITH GARNISHEE(S); ANGELINA GALLAGHER; RYAN GALLAGHER; SOPHIA HADDAD; WRIT EXIT. | No | 13635842 |
| 3 | 4/25/2024 11:47:47 AM | E | INTERROGATORIES IN EXECUTION TO SOPHIA MAURICE HADDAD | No | 13636299 |
| 4 | 4/25/2024 11:47:47 AM | E | INTERROGATORIES IN EXECUTION TO RYAN WILLIAMS GALLAGHER | No | 13636303 |
| 5 | 4/25/2024 11:47:47 AM | E | INTERROGATORIES IN EXECUTION TO ANGELINA MICHELLE GALLAGHER | No | 13636310 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| GWEN FILES TRIANTOS 2012 TRUST | PANDYA PROPERTIES LLC | 4/12/2024 1:40:08 PM | $1,920,300.00 |
| GWEN FILES TRIANTOS 2012 TRUST | BOSTON CHICKEN OF PA LLC | 4/12/2024 1:40:13 PM | $1,920,300.00 |
| GWEN FILES TRIANTOS 2012 TRUST | PANDYA, JIGNESH | 4/12/2024 1:40:18 PM | $1,920,300.00 |

Case #2024-70000

| | |
|---|---|
| **Case Number** | 2024-70000 |
| **Matter Code** | |
| **Commencement Date** | 1/1/2024 4:35:03 PM |
| **Last Filing Date** | 1/1/2024 |
| **Days Open** | 128 |
| **Case Type** | COMMONWEALTH LIEN |
| **PFA Number** | |
| **Caption Plaintiff** | PA DEPT OF LABOR AND INDUSTRY |
| **Caption Defendant** | PANDYA, JIGNESH |
| **Lis Pendens Indicator** | No |
| **Status** | 1 |
| **Judge** | |
| **Judge Code** | |
| **Parcel Number** | |
| **Remarks** | COMMONWEALTH LIEN IN THE AMOUNT OF $743.75 |
| **Sealed** | No |
| **Consolidated** | No |

## Plaintiffs

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PA DEPT OF LABOR AND INDUSTRY | UNKNOWN HARRISBURG, PA 17128 UNITED STATES | | Yes | 1 | | |

## Defendants

| Name | Address | Counsel | Notify | Sequence | ProSe | Status |
|---|---|---|---|---|---|---|
| PANDYA, JIGNESH () | 73 Brecknock CT Newtown, PA 18940 157 | | Yes | 1 | | |

## Docket Entries

| Seq. | Filing Date | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|
| 0 | 1/1/2024 4:35:03 PM | COMMONWEALTH LIEN IN THE AMOUNT OF $743.75 | No | 13538516 |

## Judgments

| For | Against | Date | Amount |
|---|---|---|---|
| PA DEPT OF LABOR AND INDUSTRY | PANDYA, JIGNESH | 1/1/2024 4:35:03 PM | 743.75 |

*Charles Jones*
A DataTrace Company

```
*******************************************
*** UNITED STATES PATRIOT NAME SEARCH ***
*******************************************
```

531-1663-33                    RE: AC-1362776071
**CERTIFIED TO:**


                    ACTION TITLE NJ TAX B
                    519 S BROAD STREET
                    Glen Rock NJ 07452


CHARLES JONES LLC HEREBY CERTIFIES THAT IT HAS SEARCHED THE
LIST OF "SPECIALLY DESIGNATED NATIONALS AND BLOCKED PERSONS"
MAINTAINED BY THE OFFICE OF FOREIGN ASSETS CONTROL, U.S.
DEPARTMENT OF THE TREASURY, PURSUANT TO EXECUTIVE ORDER 13224 AS
AMENDED BY EXECUTIVE ORDER 13268, AS WELL AS "THE CONSOLIDATED
SANCTIONS LIST" THAT INCLUDES THE LIST OF "FOREIGN SANCTIONS
EVADERS" PURSUANT TO EXECUTIVE ORDER 13608 AND MAINTAINED BY
THE OFFICE OF FOREIGN ASSETS CONTROL, U.S. DEPARTMENT OF THE
TREASURY AND REPORTS THE FOLLOWING FINDINGS WITH RESPECT TO THE
NAME(S) LISTED BELOW:

                                              THROUGH

JIGNESH PANDYA (Individual)                   05-10-2024


```
          *************************************
          ***** CLEAR PATRIOT NAME SEARCH *****
          *************************************
```


NOTE:  According to the U.S. Department of Treasury, no U.S.
person may deal with any Libyan or Iraqi government official
whether their name appears on the list or not.


DATE ISSUED: 05-13-2024


                                   CHARLES JONES LLC
                                   P.O. BOX 8488
PS24-134-01739  134  0639134 49    TRENTON, NJ 08650

*Charles Jones*
A DataTrace Company

```
*****************************************
*** UNITED STATES PATRIOT NAME SEARCH ***
*****************************************
```

531-1663-33                    RE: AC-1362776072
**CERTIFIED TO:**


                ACTION TITLE NJ TAX B
                519 S BROAD STREET
                Glen Rock NJ 07452


CHARLES JONES LLC HEREBY CERTIFIES THAT IT HAS SEARCHED THE
LIST OF "SPECIALLY DESIGNATED NATIONALS AND BLOCKED PERSONS"
MAINTAINED BY THE OFFICE OF FOREIGN ASSETS CONTROL, U.S.
DEPARTMENT OF THE TREASURY, PURSUANT TO EXECUTIVE ORDER 13224 AS
AMENDED BY EXECUTIVE ORDER 13268, AS WELL AS "THE CONSOLIDATED
SANCTIONS LIST" THAT INCLUDES THE LIST OF "FOREIGN SANCTIONS
EVADERS" PURSUANT TO EXECUTIVE ORDER 13608 AND MAINTAINED BY
THE OFFICE OF FOREIGN ASSETS CONTROL, U.S. DEPARTMENT OF THE
TREASURY AND REPORTS THE FOLLOWING FINDINGS WITH RESPECT TO THE
NAME(S) LISTED BELOW:

                                         THROUGH

   MITAL PANDYA (Individual)             05-10-2024


            ***********************************
            ***** CLEAR PATRIOT NAME SEARCH *****
            ***********************************


   NOTE: According to the U.S. Department of Treasury, no U.S.
   person may deal with any Libyan or Iraqi government official
   whether their name appears on the list or not.


DATE ISSUED: 05-13-2024


                                    CHARLES JONES LLC
                                    P.O. BOX 8488
PS24-134-01748  134   0641134 49    TRENTON, NJ 08650
```

5/13/24, 9:48 AM                                    PACER Service Center Receipt

| **PACER Service Center** | | 05/13/2024 09:55:00 |
|---|---|---|
| **User** | ATRPACER | |
| **Client Code** | | |
| **Description** | All Court Types Party Search | |
| | All Courts; Name Pandya, Jignesh ; Role db, def, dft, intp, jdb, jtdb; Court ID PA; Jurisdiction BK; Page: 1 | |
| **Billable Pages** | 1 ($0.10) | |

# PACER Case Locator

New Search ⌄    Saved Items ⌄    Court Information ⌄    Settings ⌄                                    Brandi Kinsey ⌄

🏠 › Party Search › Advanced Search › Search Results

**Search Criteria:** Party Search: Jurisdiction Type: [Bankruptcy]; Court ID: [PA]; Last Name: [Pandya]; First Name: [Jignesh]; Party Role: [DB, DEF, DFT, INTP, JDB, JTDB] 📄

**Result Count 2**

| Party Name | Case Number | Case Title | Court | Disposition | Date Dismissed | Date Discharged |
|---|---|---|---|---|---|---|
| 🔵 Pandya, Jignesh (db) | ☆ 2:2023bk13723 | Jignesh Pandya and Mital Pandya | Pennsylvania Eastern Bankruptcy Court | Dismissed for ... | 01/11/2024 | |
| 🔵 Pandya, Jignesh (db) | ☆ 2:2024bk10440 | Jignesh Pandya and Mital Pandya | Pennsylvania Eastern Bankruptcy Court | Dismissed for ... | 03/08/2024 | |

| | |
|---|---|
| **PACER Service Center** | 05/13/2024 09:55:00 |
| **User** | ATRPACER |
| **Client Code** | |
| **Description** | All Court Types Party Search |
| | All Courts; Name Pandya, Jignesh; Role db, def, dft, intp, jdb, jtdb; Court ID PA; Jurisdiction BK; Page 1 |
| **Billable Pages** | 1 ($0.10)    Print Receipt |

**Icon Legend**

📖 Save search to Saved Searches
↓↑ Sort search results
☐ Choose columns to display
🔃 Refine the current search
⊛ Download search results
☆ Save case to Saved Cases
★ Remove case from Saved Cases
ꜜA Reduce font size
ꜛA Enlarge font size

Icon Legend

ꜛA ꜜA ↓↑ ☐ 🔃 ⊛

PACER FAQ                                    Privacy & Security                                    **PACER Service Center**

(800) 676-6856
pacer@psc.uscourts.gov

This site is maintained by the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary.

| PACER Service Center | |
| --- | --- |
| | 05/13/2024 09:56:48 |
| **User** | ATRPACER |
| **Client Code** | |
| **Description** | All Court Types Party Search |
| | All Courts; Name Pandya, Mital ; Role db, def, dft, intp, jdb, jtdb; Court ID PA; Jurisdiction BK; Page: 1 |
| **Billable Pages** | 1 ($0.10) |



PACER Case Locator

Public Access To Court Electronic Records

New Search ⌄    Saved Items ⌄    Court Information ⌄    Settings ⌄

Party Search 〉 Advanced Search 〉 Search Results

**Search Criteria:** Party Search: Jurisdiction Type: [Bankruptcy]; Court ID: [PA]; Last Name: [Pandya]; First Name: [Mital]; Party Role: [DB, DEF, DFT, INTP, JDB, JTDB] 🔍
**Result Count:** 2

| Party Name | Case Number | Case Title | Court | Disposition | Date Dismissed | Date Discharged |
|---|---|---|---|---|---|---|
| Ⓖ Pandya, Mital (db) | ☆ 22023bk13723 | Jignesh Pandya and Mital Pandya | Pennsylvania Eastern Bankruptcy Court | Dismissed for ... | 01/11/2024 | |
| Ⓖ Pandya, Mital (db) | ☆ 22024bk10440 | Jignesh Pandya and Mital Pandya | Pennsylvania Eastern Bankruptcy Court | Dismissed for ... | 03/08/2024 | |

**PACER Service Center**
**User**            ATRPACER                    05/13/2024 09:56:48
**Client Code**
**Description**     All Court Types Party Search
                    All Courts; Name Pandya, Mital ; Role db, def, dft,
                    intp, jdb, jtdb; Court ID PA; Jurisdiction BK; Page 1
**Billable**        1 ($0.10)                                Print Receipt
**Pages**

Icon Legend

**Icon Legend**
🖫  Save search to Saved Searches
↓≡  Sort search results
☐  Choose columns to display
🔄  Refine the current search
🔗  Download search results
⊛  Save case to Saved Cases
★  Remove case from Saved Cases
↓A  Reduce font size
↑A  Enlarge font size

↑A ↓A ↓≡ ☐ 🔗 ⊛

Brandi Kinsey ⌄

Privacy & Security

PACER FAQ

Cont