**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| JIGNESH AND MITAL PANDYA, | : | |
| | : | |
| Debtors. | : | Case No. 24-10440 (AMC) |
| | : | |
| | : | **Hearing Date:  4/30/25** |
| | : | **11:00 am** |

**CREDITOR SOUTHERN SHOALS' MOTION FOR EXTENSION OF TIME TO FILE
NOTICE OF APPEAL PURSUANT TO F. R. B. P. 8002(d) AS A RESULT OF
EXCUSABLE NEGLECT BY LOCAL BANKRUPTCY COUNSEL**

This office represents Southern Shoals, LLC's  ("Southern Shoals"), one of the top

twenty creditors of the debtor in the above referenced chapter 11 (the "Debtors"). Univest Bank

and Trust Company ("Univest") filed a Motion Vacating the Automatic Stay *Nunc Pro Tunc* to

February 9, 2024 in the Debtor's Bankruptcy (the "Univest Motion"). Southern Shoals filed a

Motion to Reconsider this Court's Order granting the Univest Motion (the "Southern Shoals'

Motion"). At the December 18, 2024 hearing on Southern Shoals' Motion, the Court requested

the parties submit a "letter brief" further detailing the facts and legal arguments in the parties'

filings. A further hearing was held on February 12, 2025 after the submission of the parties' letter

briefs.  Southern Shoals' Motion for Reconsideration was denied at the February 12, 2025

hearing for the reasons stated on the record.  Pursuant to Fed. R. Bankr. P. 8002(d), Southern

Shoals files this instant motion seeking an extension of time based on the following[1]:

---

[1] Southern Shoals also seeks at this time to re-open this bankruptcy case in an abundance of caution solely for
procedural reasons.  Southern Shoals does not believe that re-opening the bankruptcy case for purposes of its motion
was necessary since Univest seemed to purposely avoid providing Southern Shoals with notice of its motion for
relief *nunc pro tunc*.  Additionally, the Office of the United States Trustee ("OUST") expressed concerns at the

## FACTUAL BACKGROUND

1. Southern Shoals was the Plaintiff in an action in the Supreme Court of the State of New York County of Suffolk.  A judgment was entered on March 16, 2023 in favor or Southern Shoals as against Mital Pandya and Jignesh Pandya, jointly and severally, in the amount of $4,366,585.55 plus statutory interest from March 16, 2023 (the "Judgment").  The Judgment remains unpaid.

2. Southern Shoals domesticated the Judgment in Bucks County, Pennsylvania and noticed a Sheriff's sale of the real property owned by Debtors located at 8 Woodland Road, Newtown, Pennsylvania (the "Property") on December 8, 2023 (the "Sheriff's Sale").

3. On the morning of the Sheriff's Sale, the Debtors filed their first case for chapter 11 bankruptcy protection in this Court at Bankr. No.  23-13723 (the "First Case").

4. The First Case was dismissed on January 11, 2024.

5. On February 9, 2024, husband and wife Debtors filed for relief under Chapter 11 of the United States Bankruptcy Code at the above bankruptcy case number (the "Second Case").

6. Univest was listed as a creditor of the Debtor and notice of the Second Case was served upon Univest upon Univest's counsel's offices in Souderton, PA and Cherry Hill, NJ on or soon after the filing of the Second Case.

7. On February 15, 2024, while the Second Case was pending, and in clear violation of the provisions of 11 U.S.C. §362(a), Univest filed a Judgment in Mortgage Foreclosure against the Debtors in the Court of Common Pleas of Bucks County, Pennsylvania at civil

---

hearing on December 18, 2024 that for purposes of Southern Shoal's Motion, the Second Case was not re-opened, again. Therefore, Southern Shoals requests that the Second Case be reopened if the court or the OUST deems necessary.

docket no. 2023-04916 (the "Foreclosure Judgment"), to foreclose on the Debtors

Property.

8. On February 23, 2024, Univest's counsel filed a Notice of Appearance in the Second Case.

9. Not only was Univest counsel's provided notice of the Second Case pursuant to the
Debtor's creditor matrix, but they entered their appearance in the Second Case and were
actively receiving ECF notices.

10. Univest should have been aware of the date of the filing of the Second Case sometime
soon after February 9, 2024 pursuant to the creditor matrix, but most definitely was aware
by February 23, 2024 when Univest's counsel entered their appearance.  Univest therefore
knew at the latest, by February 23, 2024 that it had obtained an improper Foreclosure
Judgment in violation of the automatic stay against the Debtors on February 15, 2024.

11. Univest failed however, to take any action to void or withdraw its Foreclosure Judgment in
the civil foreclosure action, nor did it file a *Praecipe* for Suggestion of Bankruptcy to
notify the State Court that the Debtors were protected by the automatic stay as of February
9, 2024.   Instead, Univest filed for a Writ of Execution in the civil foreclosure action
based on the void Foreclosure Judgment and scheduled a Sheriff's Sale for September 12,
2024 (the "September 24th Sheriff Sale").

12. In the interim, on June 3, 2024, Southern Shoals acquired title to the Property pursuant to
a Deed issued by the Sheriff of Bucks County, recorded on the same date with the Bucks
County Office of the Recorder of Deeds as Instrument No. 2024021764. Southern Shoals
took title to the Property subject to the recorded mortgage held by first lien holder,
Univest.

13. In or about August 2024, Southern Shoals and Univest engaged in discussions concerning a potential purchase of the Univest debt by way an assignment of Univest's Mortgage to Southern Shoals.   A Loan Sale Agreement was circulated among the parties, but it was never consummated.

14. During Southern Shoals' due diligence in the discussions set forth above, Southern Shoals discovered that Univest obtained its Foreclosure Judgment during the period when the automatic stay was in effect, and therefore requested that Univest correct the violation of the bankruptcy stay by withdrawing and then re-filing for the Foreclosure Judgment.

15. Univest refused to withdraw or re-file the Foreclosure Judgment, in order to postpone the September 24th Sheriff Sale.

16. Southern Shoals became concerned that the September 24th Sheriff Sale based on a void judgment, would yield a title dispute, including a likely dispute between Southern Shoals and any third-party purchaser at the sheriff sale.

17. On September 11, 2024, Southern Shoals filed an Emergency Petition to Intervene in the civil foreclosure proceedings, and further moved to stay the Sheriff's Sale, quash the Writ of Execution, and set aside the void judgment ("Southern Shoals Emergency Petition").

18. In response to Southern Shoals' Emergency Petition, Univest postponed the Sheriff Sale for 60 days, to the November 8, 2024 Sheriff's sale date.  Southern Shoals believed that Univest's postponement of the Sheriff' sale meant that Univest intended to correct their bankruptcy stay violation by withdrawing and re-entering the Foreclosure Judgment.

19. The parties were not in contact during the above referenced time periods between September 11, 2024 up to and including November 8, 2024.

20. When Univest failed to correct their bankruptcy stay violation, Southern Shoals had no choice but to schedule an emergency petition for a hearing in Bucks County Court of Common Pleas, for the morning of the rescheduled Sheriff's sale, November 8, 2024 (the "Emergency Hearing").

21. At the Emergency Hearing on November, 8, 2024, Univest counsel served counsel for Southern Shoals with a brief opposing the arguments raised at the Emergency Hearing. Attached to Univest's brief was a copy of an Order entered by this Honorable Court on November 1, 2024, granting the relief sought in the Univest Motion. To say that Southern Shoals' counsel was surprised by the existence of the Univest Motion and the November 1, 2024 order is an understatement.

22. Southern Shoals was not given the opportunity to oppose the Univest Motion since they were never provided with notice of such motion filed in this Bankruptcy Court.

23. Southern Shoals filed a timely Motion for Reconsideration and a hearing was heard first on December 18, 2024.  The Court requested additional argument via "letter briefs" to be filed by both parties by January 29, 2025, and scheduled another hearing on the merits for February 12, 2025.

24. At the hearing held on February 12, 2025 after the submission of the parties' letter briefs. Southern Shoals' Motion for Reconsideration was denied for the reasons stated on the record.

25. Unbeknownst to Southern Shoals, Univest allowed the subject property to be sold at sheriff sale on February 14, 2025 without waiting for Southern Shoals' appeal time to expire, which would have been February 27, 2025. [2]

---

[2] Southern Shoals was forced to file a petition to void or vacate the sheriff sale improperly held on February 14, 2025.  See attached as **Exhibit "A,"** Southern Shoals' Petition to Set Aside Sheriff Sale.

## **LEGAL ARGUMENT**

26. Pursuant to Fed. R. Bankr. P. 8002(d), Southern Shoals files this instant motion seeking an extension of time based on the following:

- This Court denied Southern Shoals' Motion for Reconsideration via Order dated February 18, 2025.

- Southern Shoals' Notice of Appeal pursuant to Fed. R. Bank. P. 8002(d)(1)(B) was due to be filed within 14 days of February 18, 2025, or by March 4, 2025.

- Pursuant to Fed. R. Bank P. 8002(d)(1)(b), "the bankruptcy court may extend the time to file a notice of appeal within 21 days after that time (14 days), if the party shows excusable neglect…." *See* <u>Fed. R. Bankr. P. 80002.</u>

- The time for Southern Shoals to file a request for an extension of the notice of appeal is March 25, 2025, or 21 days from March 4, 2025.

- Southern Shoals instant motion is therefore, timely.

- Undersigned counsel's mother was admitted to the hospital in mid-January 2025 and sent home for hospice care around February 10, 2025.

- Undersigned counsel's mother's funeral was held on February 27, 2025.

- Undersigned counsel had no time in which to research whether (a) an appeal could even be filed on a denial to a Motion for Reconsideration, (b) whether the district court or the bankruptcy appellate panel would be the more appropriate venue and (c) whether any such appeal should have been taken from the order granting relief from the stay *nunc pro tunc.*

27. Southern Shoals relied solely on undersigned bankruptcy counsel for advice on appeal deadlines and agreed to pay undersigned counsel a retainer to research the issues set forth in paragraph 26 above.

28. Undersigned counsel was in the midst of funeral arrangements and other estate issues during the appeal deadline in this matter.

29. All of the "excusable neglect" prongs of Fed. R. Bankr. P. 8002 (d)(1)(B) are satisfied here in that through no fault of its own, Southern Shoals's local counsel had to deal with her mother's hospice care, death, funeral and ongoing estate issues.

30. The United States Supreme Court found that Fed. R. Bank. R. 8002 should be construed under Fed. R. Bank. P. 9006(b)(1) via its holding in *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed.2d 74 (1993), *("Pioneer).*

31. The movants here carry the burden of proving that the failure to file a timely appeal rises to the level of "excusable neglect."

32. In *Pioneer* the Supreme Court issued guidance for the "equitable determination" of certain circumstance to determine "excusable neglect." *Id.* at 395, 113 S. Ct. 1489.

33. The above referenced guidance includes the following prongs for determination of "excusable neglect:"

    o danger of prejudice to the non-moving party;

    o length of delay and potential impact on judicial proceedings;

    o whether movant had reasonable control of the reason for delay;

    o whether there was good faith.

34. Pursuant to *Pioneer,* a "court must consider and balance all of four *Pioneer* factors and no one factor is determinative." *Id.*

35. Here, according to the prongs set forth in paragraph 32 above, Southern Shoals' request

for an extension of time to file an appeal should be granted based on the following:

- there exists no prejudice to any party including the debtors or the U.S.

  Trustee;

- there has been no length of delay in that this motion is timely filed

  pursuant to Fed. R. Bank. P. 8002;

-  movant's local bankruptcy counsel had no control over the events or

  timing of her mother's hospice care and subsequent death;

- movant's counsel avers that there is no bad faith herein.

Wherefore, Southern Shoals respectfully requests this Court to enter an Oder granting its

Motion for Extension of Time to File Notice of Appeal and for any other relief requested

herein,

<div style="margin-left:40%">

Respectfully submitted:
CENTER CITY LAW OFFICES, LLC

***By: /s/ Maggie S. Soboleski***
Maggie S. Soboleski
PA.Id. No.:88268
1632 Ellsworth Street
Philadelphia, PA 19146
Tele.:215-620-2132
msoboles@yahoo.com
Counsel for Southern Shoals, LLC

</div>