Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

| | |
|---|---|
| UNIVEST BANK & TRUST CO.<br><br>                             Plaintiff,<br>      v.<br><br>JIGNESH N. PANDYA and<br>MITAL PANDYA<br><br>                          Defendants,<br>      v.<br><br>SOUTHERN SHOALS, LLC<br><br>                  Intervenor/Owner. | COURT OF COMMON PLEAS<br>BUCKS COUNTY, PA<br><br>CIVIL ACTION –MORTGAGE<br>FORECLOSURE<br><br>No. 2023-04916 |

## O R D E R

AND NOW, this _____ day of _____, 2024, upon consideration of the

Petition to Set Aside Sheriff's Sale filed by Southern Shoals, LLC, and any opposition thereto, it

is hereby ORDERED that the Petition is GRANTED.

BY THE COURT:

_____

                                                     J.

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

| | |
|---|---|
| UNIVEST BANK & TRUST CO.<br><br>                              Plaintiff,<br><br>        v.<br><br>JIGNESH N. PANDYA and<br>MITAL PANDYA<br><br>                              Defendants,<br><br>        v.<br><br>SOUTHERN SHOALS, LLC<br><br>                    Intervenor/Owner. | COURT OF COMMON PLEAS<br>BUCKS COUNTY, PA<br><br>CIVIL ACTION –MORTGAGE<br>FORECLOSURE<br><br><br>No. 2023-04916 |

## <u>RULE</u>

AND NOW, on this _____ day of _____, 2025, upon consideration

of the Petition to Set Aside Sheriff's Sale by Intervenor/Owner Southern Shoals, LLC

("Petitioner"), it is hereby ORDERED that:

1.      A rule is issued upon the Respondent Univest Bank & Trust Co. to show cause

why the Petitioner are not entitled to the relief requested;

2.      The Respondent shall file an answer to the Petition within twenty (20) days of

service upon Respondent;

3.      The Petition shall be decided under Pa.C.R.P. No. 206.7

4.      Notice of the entry of this Rule shall be provided to all parties by the Petitioner.


BY THE COURT:


_____
                                                              J.

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

**CURLEY & ROTHMAN LLC**
By: Scott M. Rothman
Attorney Identification No. 201478
1100 E. Hector Street, Suite 425
Conshohocken, PA 19428
610 834 8819
610 834 8813 (fax)
*Attorney for Intervenor*

| | |
|---|---|
| UNIVEST BANK & TRUST CO.<br><br>                          Plaintiff,<br><br>         v.<br><br>JIGNESH N. PANDYA and<br>MITAL PANDYA<br><br>                          Defendants,<br>         v.<br><br>SOUTHERN SHOALS, LLC<br><br>                Intervenor/Owner. | COURT OF COMMON PLEAS<br>BUCKS COUNTY, PA<br><br>CIVIL ACTION –MORTGAGE<br>FORECLOSURE<br><br><br>No. 2023-04916 |

## PETITION TO SET ASIDE SHERIFF'S SALE
## BY INTERVENOR/OWNER SOUTHERN SHOALS, LLC

Intervenor, and owner, Southern Shoals, LLC, by and through its undersigned counsel, hereby petitions the Court for an Order setting aside the February 14, 2025 Sheriff's Sale, and in support thereof states as follows:

### Parties to Petition

1.      Petitioner herein is Southern Shoals, LLC ("Petitioner" or "Owner"), a limited liability company, with a principal place of business located at the above-captioned address.

2.      Respondent herein is Plaintiff Univest Bank & Trust Co. ("Plaintiff" or "Univest").

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

## Summary of Grounds to Set Aside Sheriff's Sale

3.     Univest violated the Pennsylvania Rules of Civil Procedure by not serving Petitioner with its Motion to Continue the January 10, 2025 Sheriff' Sale. Pa.R.Civ. 440.

4.     Univest violated the Rules by not serving Petitioner with its Notice of Continued Sale Date.

5.     Univest violated Pennsylvania law by not serving Petitioner, as the *terre tenant* and property owner.

6.     Univest violated the Court's January 10, 2025 Order by failing to re-advertise and serve new notice of its continued sale date on all interested parties.

## Procedural History

7.     On August 16, 2023, Univest commenced this action against Defendants Jignesh Pandya and Mital Pandya (the "Borrowers") to foreclose on a Mortgage against the real property known as 8 Woodland Road, Newtown, PA, 18940 (the "Property").

8.     At the time the action commenced, the Borrowers were still the owners of the Property.

9.     On February 9, 2024, Jignesh Pandya filed for bankruptcy. A copy of the Petition for Chapter 11 Relief is attached hereto.

10.    On February 15, 2024, after Univest received notice of the bankruptcy proceeding (Ex. 1, pg. 11), Univest nonetheless filed a Praecipe for Entry of Default Judgment against the Borrowers.

11.    The default "judgment" was void because it was entered in violation of the automatic stay arising from the bankruptcy action.

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

12.    On June 3, 2024, Petitioner herein became the owner of the Property, under a Deed issued by the Sheriff of Bucks County and recorded on June 3, 2024 as Instrument No. 2024021764 ("Petitioner's Deed"). A copy of Petitioner's Deed is attached hereto as Ex. 2.

13.    Univest, pursuant to its void "judgment", scheduled the Property for Sheriff's Sale on September 13, 2024.

14.    On September 10, 2024, after Univest refused to continue the sale or vacate the void "judgment", Petitioner filed an Emergency Petition to Intervene in this action and to stay the sale.

15.    On September 12, 2024, Univest finally agreed to postpone the sale, but declined to vacate its void "judgment."

16.    Instead, Univest relisted the Property for the November 8, 2024 Sheriff's Sale.

17.    Meanwhile, on September 12, 2024, Univest moved before the Bankruptcy Court for *nunc pro tunc* relief in an effort to retroactively lift the automatic stay, in an effort to validate *post factum* its void "judgment."

18.    Univest ***did not serve Petitioner*** with its Motion, in violation of the Federal Rules—and with no regard for the fact that Motion affected Petitioner's due process rights as the owner of the subject Property.

19.    Unbeknownst to Petitioner, the Bankruptcy Court granted Univest's Motion on November 1, 2024. A copy of the Order granting the *nunc pro tunc* relief is attached hereto as Ex. 3.

20.    Univest did not serve Petitioner with a copy of the Order granting its Motion for *nunc pro tunc* relief.

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

21.     On November 8, 2024, the date of the continued Sheriff's Sale, Petitioner appeared in this Court before the Honorable Jeffrey G. Trauger to present its Emergency Petition to Intervene and Stay the Sale.

22.     Petitioner was surprised to discover at the hearing that Univest had filed, and obtained, *nunc pro tunc* relief from the Bankruptcy Court.

23.     On November 8, 2024, Judge Trauger entered an Order granting Petitioner's request to intervene in this action as a party.

24.     The November 8, 2024 Order also postponed the Sheriff's Sale to January 10, 2025.

25.     On January 8, 2025, Univest filed a Notice of Continued Sale—but did not serve Petitioner.

26.     Following the November 8, 2024 Order, Petitioner became a party to this case, and was therefore entitled to service of all filings.

27.     On January 10, 2025, Univest filed an Emergency Petition to Stay the Sale—but again did not serve Petitioner.

28.     The Court is reminded that Petitioner has been the owner of the Property since June 3, 2024, and a party to this action since November 8, 2024.

29.     On January 10, 2025, the Honorable Jordan B. Yeager entered an Order granting the Petition.

30.     Univest's proposed form of order included suggested language relieving them of any duty to further advertise or give notice of the new sale date.

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

31.     Judge Yeager struck this language from the proposed form, and accordingly the Court's January 10, 2025 Order did not excuse Univest from re-advertising and re-noticing the sale.

32.     Univest, nonetheless, declined to re-advertise and declined to give new notice of the sale in accordance with the Rules.

33.     Univest, once again, failed to notify Petitioner—the owner of the Property and a party to this case—of the Order or the new sale date.

34.     On February 13, 2025, after discovering that Univest had rescheduled the Sheriff's Sale for February 14, 2025, Petitioner's counsel contacted Univest counsel to advise if Univest was actually proceeding with the sale.

35.     Univest counsel declined to reply.

36.     On February 14, 2025, the Property was sold to Univest for costs.

37.     If the Sheriff issues a Deed to Univest following this sale, Petitioner's ownership would be divested and its due process rights would be infringed, as result of Univest's failure to serve or otherwise notify Petitioner of the continued sale date.

## Legal Grounds to Set Aside Sheriff's Sale

38.     In Pennsylvania, a sheriff's sale can be set aside on several grounds. One primary ground is the existence of a defect in the notice or advertising of the sale. If the notice requirements are not met, this can be a basis for setting aside the sale, provided the issue is raised before the delivery of the sheriff's deed. *See* Rule 3129.3. Postponement of Sale. New Notice. Failure of Plaintiff to Attend Sale; Rule 3135. Sheriff's Deed to Real Property. Correction of

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

Deed; *Irwin Union Nat'l Bank & Trust Co. v. Famous*, 4 A.3d 1099 (Pa. Super. 2010); *Blue Ball Nat'l Bank v. Balmer*, 810 A.2d 164 (Pa. Super. 2002).

39.    The decision to set aside a sheriff's sale is within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of discretion. *Irwin Union Nat'l Bank & Trust Co. v. Famous*, 2010 PA Super 145; *Blue Ball Nat'l Bank v. Balmer*, 2002 PA Super 329.

40.    In a foreclosure action in Pennsylvania, if more than 130 days have passed since the original sheriff's sale date, the plaintiff is required to re-advertise and re-notice the sale. According to Pa. R.C.P. No. 3129.3, new notice must be given as provided by Rule 3129.2 if the sale is stayed, continued, postponed, or adjourned beyond 130 days from the originally scheduled sale date.

41.    In this case, Univest sought relief from this Rule when it moved to postpone the January 10, 2025 sale, but Judge Yeager declined to adopt its proposed form of order.

42.    The Order entered by the Court, instead, struck the language that would have relieved Univest from re-advertising and re-noticing prior to the February 14, 2025 sale date.

43.    Univest's violation of the Rules, and its striking disregard for the January 10, 2025 Order, was compounded by its refusal to serve Petitioner, as owner of the Property and party to the case, with any notice of its Motion, the Order, or the new sale date.

44.    Univest has undertaken a pattern of covert maneuvers in this Court and the Bankruptcy Court, all in an effort to deprive Petitioner of its due process rights. Aside from the record in this case, Univest's pattern of not notifying the property owner of filings in the Bankruptcy Court is detailed in the letter Brief attached hereto as Ex. 4, which was filed on behalf of Petitioner by its bankruptcy counsel.

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

45.    Petitioner has now suffered prejudice because it could not mobilize in time to bid at the sale to preserve its ownership interest in the Property.

46.    For each of the foregoing reasons, the February 14, 2025 sale should be set aside.

### Alternative Relief—
### Stay Pending Outcome of Federal Court Appeal

47.    Petitioner herein is appealing from the Bankruptcy Court's Order denying Petitioner's Motion for Reconsideration of the Order granting Univest *nunc pro tunc* relief which modified and retroactively lifted the automatic stay.

48.    If Petitioner's appeal is successful, Univest's foreclosure judgment will be confirmed as void.

49.    Accordingly, in the alternative to the relief sought above setting aside the Sheriff's sale for lack of notice, Petitioner respectfully requests that this Court direct the Sheriff's office to stay the issuance of a Sheriff's Deed pending the outcome of the appeal.

WHEREAS, Petitioner Southern Shoals, LLC respectfully requests an Order setting aside the February 14, 2025 Sheriff's Sale of the subject Property, or in the alternative, staying the issuance of the Sheriff's Deed pending the outcome of the appeal from the Bankruptcy Court's Order, together with taxable costs, and such other and further relief as warranted by law or equity.

**CURLEY & ROTHMAN LLC**

By: */s/Scott M. Rothman*
    Scott M. Rothman

Date: 02/21/2025

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

## <u>VERIFICATION</u>

I, Lawrence Mullan, in my capacity as  Member, on behalf of Southern Shoals, LLC, hereby verifies the factual statements contained in the foregoing Petition to Intervene are true and correct to the best of my present knowledge, information and belief. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

_____
Lawrence Mullan, Member

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

**CURLEY & ROTHMAN LLC**
By: Scott M. Rothman
Attorney Identification No. 201478
1100 E. Hector Street, Suite 425
Conshohocken, PA 19428
610 834 8819
610 834 8813 (fax)
*Attorney for Intervenor*

| | |
|---|---|
| UNIVEST BANK & TRUST CO. <br><br> Plaintiff, <br><br> v. <br><br> JIGNESH N. PANDYA and MITAL PANDYA <br><br> Defendants, <br><br> v. <br><br> SOUTHERN SHOALS, LLC <br><br> Proposed Intervenor. | COURT OF COMMON PLEAS BUCKS COUNTY, PA <br><br> CIVIL ACTION –MORTGAGE FORECLOSURE <br><br> No. 2023-04916 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Petition to

Set Aside Sheriff's Sale in the above-captioned case, was served via email upon:

Amar Agrawal, Esq.
Eisenberg, Gold & Agrawal, P.C.
1040 N. Kings Highway, Suite 200
Cherry Hill, NJ 08034

Alexander Tuttle, Esq.
196 W. Ashland Street
Doylestown, PA 18901

**CURLEY & ROTHMAN LLC**

Date: 02/21/2025

By: */s/Scott M. Rothman*
Scott M. Rothman

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

# EXHIBIT 1



Albert Cardi, Jr.
1905 Spruce Street
Philadelphia, PA  19103

004458  4458 1 AB 0.544  19428  4 0  10079-1-4756

Southern Shoals, LLC
C/O Curley & Rothman, LLC
1100 E. Hector St Suite 425
Conshohocken, PA 19428-2353

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

# Electronic Bankruptcy Noticing

**Go Green!**
Sign up for electronic notices. FREE!
Receive notices 24 X 7 and days faster
than through US Mail.
Try our new Email Link service.

To find out how, visit:
**https://bankruptcynotices.uscourts.gov**

14509004462023



Case 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

14509004462023

**Information to identify the case:**

| | |
|---|---|
| Debtor 1: | **Jignesh Pandya** <br> First Name   Middle Name   Last Name |
| Debtor 2: <br> (Spouse, if filing) | **Mital Pandya** <br> First Name   Middle Name   Last Name |

Social Security number or ITIN:   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
EIN: __-_____

Social Security number or ITIN:   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
EIN: __-_____

United States Bankruptcy Court:   Eastern District of Pennsylvania

Date case filed for chapter:   11   2/9/24

Case number:   **24-10440-amc**

## Official Form 309E1 (For Individuals or Joint Debtors)

## Notice of Chapter 11 Bankruptcy Case

12/22

For the debtors listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 11 plan may result in a discharge of debt. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 10 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Jignesh Pandya | Mital Pandya |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 8 Woodland Road <br> Newtown, PA 18940 | 8 Woodland Road <br> Newtown, PA 18940 |
| 4. | **Debtor's attorney** <br> Name and address | Albert Anthony Ciardi III <br> Ciardi Ciardi & Astin <br> 1905 Spruce Street <br> Philadelphia, PA 19103 | Contact phone 215-557-3550 <br><br> Email aciardi@ciardilaw.com |
| 5. | **Bankruptcy clerk's office** <br> Documents in this case may be filed at this address. <br> You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 900 Market Street <br> Suite 400 <br> Philadelphia, PA 19107 | Hours open: <br> Philadelphia Office — 9:00 A.M. to 4:00 P.M; <br> Reading Office — 9:00 A.M. to 4:00 P.M. <br><br> Contact phone (215)408-2800 <br><br> Date: 2/13/24 |

**For more information, see page 2 >**

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. Filed by: Rothman, S.

00448

1450900446 2014



Case # 2023-04916-56 - JUDGE.39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

| | | | |
|---|---|---|---|
| **6.** | **Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **March 21, 2024 at 10:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br>**The Mtg of Creditors will be conducted, via telephonic conference.All interested, parties shall contact the Trustee, for connection details** |

**7. Deadlines**
The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines.

**Deadline to file a complaint objecting to discharge or to challenge whether certain debts are dischargeable (see line 10 for more information):**
• if you assert that the debtor is not entitled to receive a discharge of any debts under 11 U.S.C. § 1141(d)(3), the deadline is the first date set for hearing on confirmation of the plan. The court or its designee will send you notice of that date later.
• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6), **the deadline is:**
_____

**Deadline for filing proof of claim:**
**For a governmental unit:**    8/7/24

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:
• your claim is designated as *disputed, contingent,* or *unliquidated*;
• you file a proof of claim in a different amount; or
• you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed, contingent,* or *unliquidated,* you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

**Deadline to object to exemptions:**
The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection.

**Filing Deadline:**
30 days after the *conclusion* of the meeting of creditors

| | | |
|---|---|---|
| **8.** | **Creditors with a foreign address** | If you are a creditor receiving mailed notice at a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **9.** | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate the debtor's business. |
| **10.** | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of a debt. See 11 U.S.C. § 1141(d). However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you believe that a particular debt owed to you should be excepted from the discharge under 11 U.S.C. § 523 (a)(2), (4), or (6), you must file a complaint and pay the filing fee in the bankruptcy court's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1141 (d)(3), you must file a complaint and pay the filing fee in the clerk's office by the first date set for the hearing on confirmation of the plan. The court will send you another notice telling you of that date. |
| **11.** | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 7. |

14509004462014

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*In re:*

**JIGNESH PANDYA**
**and MITAL PANDYA**

**Chapter 11**

**Case No. 24-10440(AMC)**

      **Debtors**

## ORDER EXTENDING TIME TO FILE SCHEDULES

   Upon consideration of the Application (the "Application") of the Debtors for an Extension of

Filing Deadlines related to the Schedules[1], **IT IS HEREBY**

   **ORDERED**, that the Debtors' Application is **GRANTED** and all filing deadlines for the

following documents are extended until **March 8, 2024:**

1. Attorney Disclosure Statement;
2. Schedule A/B;
3. Schedule C;
4. Schedule D;
5. Schedule E/F;
6. Schedule G;
7. Schedule H;
8. Schedule I;
9. Schedule J;
10. List of 20 Largest Unsecured Creditors (amended if needed);
11. Statement of Current Monthly Income;
12. Statement of Financial Affairs;
13. Statistical Summary of Certain Liabilities Form B206;
14. Creditor Matrix (amended, if needed);
15. And any supplemental documents required pursuant to the Bankruptcy Code.

          **BY THE COURT:**

          _____

          Honorable Ashely M. Chan
          United States Bankruptcy Judge

---

[1] All capitalized, yet undefined, terms herein have the meaning ascribed to them in the Application.

4

Case# 2023-04916-56 - JUDGE39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*In re:*

**JIGNESH PANDYA**
**and MITAL PANDYA**

**Chapter 11**

**Case No. 24-10440(AMC)**

**Debtors**

### APPLICATION OF THE DEBTORS FOR AN EXTENSION OF TIME TO FILE THEIR SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

Jignesh Pandya and Mital Pandya (the "Debtors"), by and through their proposed

counsel, Ciardi Ciardi & Astin, hereby present the Debtors' Application for an Extension of

Time to File Their Schedules of Assets and Liabilities and Statement of Financial Affairs, (the

"Application") and in support thereof respectfully represent as follows:

### BACKGROUND

1.     On February 9, 2024 (the "Petition Date") the Debtors filed their Voluntary

Petition for relief under Chapter 11 of Title 11 of the United States Code, as amended (the

"Bankruptcy Code").

2.     The Debtors have continued in possession of their assets and property as Debtors-

in-Possession.

3.     Jignesh Pandya and Mital Pandya are individuals with a residence located at 8

Woodland Road, Newtown, Pennsylvania 18940.

4.     The Schedules of Assets and Liabilities and Statement of Financial Affairs are due

to be filed, pursuant to Federal Rule of Bankruptcy Procedure 1007, on or before **February 23,**

**2024**.

Case# 2023-04916-56 - JUDGE39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

5.      The Debtors are in the process of compiling the information necessary to complete their Schedules to accurately determine their assets and liabilities. The Debtors may need additional time to complete the Schedules and, therefore, out of an abundance of caution are requesting an extension of the filing deadline to **March 8, 2024,** including the filing of:

1. Attorney Disclosure Statement;
2. Schedule A/B;
3. Schedule C;
4. Schedule D;
5. Schedule E/F;
6. Schedule G;
7. Schedule H;
8. Schedule I;
9. Schedule J;
10. 20 Largest Unsecured Creditors (amended, if needed);
11. Statement of Current Monthly Income;
12. Statement of Financial Affairs;
13. Statistical Summary of Certain Liabilities Form B206;
14. Creditor Matrix (amended, if needed);
15. And any supplemental documents required pursuant to the Bankruptcy Code.

Items 1-15, above, are collectively referred to herein as the "Schedules."

### **THE BASIS FOR RELIEF AND THE REASONS THEREFOR**

6.      Federal Rule of Bankruptcy Procedure 1007(c) allows for the extension of time to file the Schedules for cause shown by the movant. See Fed. R. Bankr. P. 1007(c).

7.      As set forth above, the Debtors are aware of their obligation to file their Schedules by February 23, 2024, and have begun to compile the requisite information; however, the Debtors may need additional time to complete their Schedules.

8.      The Debtors are in the process of gathering information necessary to complete their Schedules.

9.      Accordingly, the Debtors believe that cause exists to allow the Debtors the additional time requested.

2

10.     The Debtors believe, and therefore aver, that the extension of time requested to file

their Schedules will not cause any prejudice to any creditor or other interested party.  Accordingly,

the Debtors are requesting an extension of the filing deadline to **March 8, 2024**, to file their

Schedules and Statement of Financial Affairs.

**WHEREFORE**, the Debtors respectfully request this Honorable Court to enter an Order

granting an extension of time until **March 8, 2024,** for the Debtors to file their Schedules and

incorporating all ancillary filing deadlines related thereto.

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

**CIARDI CIARDI & ASTIN**


By: */s/ Albert A. Ciardi*
       Albert A. Ciardi, III, Esquire
       Daniel S. Siedman, Esquire
       1905 Spruce Street
       Philadelphia, PA  19103
       Telephone:  215-557-3550
Dated:  February 15, 2024          Facsimile:  215-557-3551
       aciardi@ciardilaw.com
       dsiedman@ciardilaw.com

       *Proposed Counsel to the Debtors*

3

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*In re:*

| | |
|---|---|
| **JIGNESH PANDYA**<br>**and MITAL PANDYA** | **Chapter 11** |
| | **Case No. 24-10440(AMC)** |
| **Debtors** | |

## CERTIFICATE OF SERVICE

I, Albert A. Ciardi, Esquire, hereby certify that on this 15th day of February 2024, a copy of the ***Application to Extend Time to File Schedules and Statement of Financial Affairs*** was served via U.S. First Class Mail, postage prepaid, upon all parties as listed on the attached Service List.

**CIARDI CIARDI & ASTIN**

By:      ***/s/ Albert A. Ciardi, III***
           Albert A. Ciardi III, Esquire
           *Proposed Counsel to Debtor*

5

*Jignesh Pandya and Mital Pandya*
*Chapter 11*
*Case No. 24-10440(AMC)*

Jignesh Pandya
Mital Pandya
8 Woodland Road
Newtown, PA  18940

*Office of the U.S. Trustee and*
*2002 Notice Parties*

**Office of the US Trustee**
George Conway, Esquire
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107

**American Bank**
c/o Kevin T. Fogerty, Esquire
Mill Run Office Center
3895 Glenlivet Drive, Suite 150
Allentown, PA  18106

**Pizza Hut**
c/o Maris J. Kandestin, Esquire
McDermott Will & Emery LLP
1000 N. West Street, Suite 1400
Wilmington, DE 19801

**Pizza Hut, LLC**
c/o Ross R. Gibbs, Esquire
McDermott Will & Emery, LLP
2501 North Harwood Street
Suite 1900
Dallas, TX  75201

George Cartwright, Esquire
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107

*20 Largest Unsecured Creditors*

**American Bank**
45 Waterfront Drive
Suite 101
Allentown, PA  18102

**Meridian Bank**
c/o Scott M. Klein, Esquire
c/o Sigmund Fleck, Esquire
Brown McGarry Nimeroff LLC
158 W. Gay Street, Suite 200
West Chester, PA 19380

**KML Law Group, P.C.**
c/o Mark Cronin, Esquire
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532

**Capozzi Adler, PC**
c/o James K. Jones, Esquire
Cunningham, Chernicoff & Warshawsky, P.C.
2320 North Second Street
P.O. Box 60457
Harrisburg, PA 17106

**Pizza Hut, LLC**
Michael D. Wombacher, Esquire
McDermott Will & Emery, LLP
2501 North Harwood Street
Suite 1900
Dallas, TX 75201

**Capozzi Adler, PC**
c/o Robert E. Chernicoff, Esquire
2320 North Second Street
P. O. Box 60457
Harrisburg, PA 17106-0457

Daniel and Mary Lezotte
c/o Benjamin A. Anderson, Esquire
460 Norristown Road, Suite 110
Blue Bell, PA  19422

**BMW Bank of North America**
Attn:  AIS Portfolio Services, LLC
Amitkumar Sharma, Esquire
4515 N. Santa Fe Avenue
Department APS
Oklahoma City, OK  73118

**Univest Bank & Trust Co.**
c/o Amar A. Agrawal, Esquire
Eisenberg, Gold & Agrawal, P.C.
1040 N. Kings Highway, Suite 200
Cherry Hill, NJ  08034

**Daniel & Mary Lezotte**
c/o Nicholas Engel, Esquire
Smith Kane Holman, LLC
112 Moores Road, Suite 300
Malvern, PA 19355

**US Foods, Inc.**
c/o Elizabeth L. Janczak, Esquire
Smith, Gambrell & Russell, LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606

**Internal Revenue Service**
P.O. Box 7364
Philadelphia, PA  19101

Case# 2023-04916-56 - JUDGE# 0000 - Received at County of Bucks Prothonotary's Office on 02/22/2023 02:59 PM - Fee = $50.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Jose Tejeda
c/o Christopher J. Bendau, Esquire
c/o Clifford P. Bendau, Esquire
The Bendau Law Firm, PLLC
P.O. Box 97066
Phoenix, AZ 85060

Signature Financial Corporation
12 Route 17 North
Suite 204
Paramus, NJ 07652

Southern Shoals, LLC
c/o Curley & Rothman, LLC
Scott M. Rothman, Esquire
1100 E. Hector Street
Suite 425
Conshohocken, PA 19428

Univest Bank and Trust Co.
14 North Main Street
Souderton, PA 18964

US Foods
9399 West Higgins Road
Suite 100
Rosemont, IL 60018

All Gas & Welding Supply Co., Inc.
P.O. Box 333
Thompsonville, NY 12784

Infinite Mechanical LLC
402 Avenue B
Horsham, PA 19044

Kishan Patel & Jagdish Patel
395 New Dover Road
Colonia, NJ 07067

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street
Suite 4000
Dallas, TX 75201

National Construction Rentals
6401 Passyunk Avenue
Philadelphia, PA 19153

North Mill Credit Trust
81 Throckmorton Avenue
Suite 203
Mill Valley, CA 94941

PA Department of Labor and Industry
651 Boas Street
Harrisburg, PA 17128

Pepsico, Inc.
11701 Roosevelt Boulevard
Philadelphia, PA 19154

Pizza Hut LLC
General Counsel's Office
7100 Corporate Drive
Plano, TX 75024

PNC Bank, N.A.
300 5th Avenue
Pittsburgh, PA 15222

*Creditors and Parties-in-Interest*

**City of Philadelphia Law Department**
Megan Harper, Esquire
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA 19102-1595

Pennsylvania Dept. of Revenue
Bankruptcy Division
P.O. Box 280946
Harrisburg, PA 17128-0946

PA Dept of Labor & Industry - UCTS
Bankruptcy & Compliance Unit
c/o Joseph Kots
625 Cherry Street - Room 203
Reading, PA 19602-1152

Christopher R. Momjian, Esquire
Commonwealth of Pennsylvania
Office of the Attorney General
The Phoenix Building
1600 Arch Street, Suite 300
Philadelphia, PA 19103

Office of Tax & Revenue
Office of the Chief Financial Officer
1101 4th Street, SW - Suite W270
Washington, DC 20024

United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

SEC Headquarters
100 F Street, NE
Washington, DC 20549

Commonwealth of PA
Dept of Labor & Industry
Collections Support Unit
PO Box 68568
Harrisburg, PA 17121-8568

Commonwealth of PA
Pennsylvania Office of Attorney General
Strawberry Square – 16th Floor
Harrisburg, PA 17120

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

# EXHIBIT 2

Case# 2023-04916-56 - JUDGE.39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

## BUCKS COUNTY RECORDER OF DEEDS
### 55 East Court Street
### Doylestown, Pennsylvania  18901
### (215) 348-6209

**Instrument Number - 2024021764**
**Recorded On 6/3/2024 At 3:32:19 PM**                    * Total Pages - 5
**\* Instrument Type - DEED**
**Invoice Number - 1381496**          User - KLJ
**\* Grantor - PANDYA, MITAL**
**\* Grantee - SOUTHERN SHOALS**
**\* Customer - SHERIFFS DEPARTMENT**
**\* FEES**
  RECORDING FEES              $81.75
  TOTAL PAID                  $81.75

> Bucks County UPI Certification
> On June 3, 2024 By LMC

### This is a certification page

# DO NOT DETACH

### This page is now part
### of this legal document.

**RETURN DOCUMENT TO:**
**SHERIFFS DEPARTMENT**
**ATTN: CLAIRE**

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.





Daniel J. McPhillips
Recorder of Deeds

**\* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.**

1C3E0D

Prepared By    SHERIFF

RECEIVED

2024 JUN -3 P 6: 18

BUCKS COUNTY
RECORDER OF DEEDS

Return To    SCOTT ROTHMAN

CPN # 47-008-007-007

# Deed Poll

## Sheriff of Bucks County, Pa.
### TO
### SOUTHERN SHOALS

Sold    APRIL 12, 2024

Dated   JUNE 3, 2024

For     8 WOODLAND ROAD
        NEWTOWN, PA  18940
        (UPPER MAKEFIELD TOWNSHIP)

Sold as the Property of    MITAL PANDYA AND JIGNESH PANDYA
AKA JIGNESH N PANDYA

At the Suit of  SOUTHERN SHOALS LLC

For the Sum of $1,813.00

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

𝕶𝖓𝖔𝖜 𝖆𝖑𝖑 𝕸𝖊𝖓 𝖇𝖞 𝖙𝖍𝖊𝖘𝖊 𝕻𝖗𝖊𝖘𝖊𝖓𝖙𝖘, THAT I, FREDERICK A. HARRAN,

Sheriff of the County of Bucks, in the State of Pennsylvania, for the consideration of

the sum of **$1,813.00 (ONE THOUSAND EIGHT HUNDRED THIRTEEN AND NO/100**

**DOLLARS)**, to me in hand paid, do hereby

grant and convey to

SOUTHERN SHOALS

# NO. 2023-02569

BEGINNING at a point on the Southwesterly side of Woodland Road (50 feet wide, a private road), a corner of Lot 8 on said plan; thence extending from said beginning point and along the said Southwesterly side of Woodland Road, South 27 degrees 49 minutes 21 seconds East, 266.25 feet to a point, at the beginning of the cul-de-sac of Woodland Road; thence extending along the cul-de-sac of Woodland Road, the two (2) following courses and distances: (1) on the arc of a circle curving to the right having a radius of 30 feet, the arc distance of 29.67 feet to a point of reverse curve; and

(2) on the arc of a circle curving to the left having a radius of 62 feet, the arc distance of 80.58 feet to a point, a corner of Lot 6 on said Plan; thence extending along line of Lot 6, the two (2) following courses and distances, viz.: (1) South 41 degrees West 138.00 feet to a point; and (2) South 30 degrees 16 minutes 07 seconds East, 384.81 feet to a point; thence extending along lands now or late of John and Bertha Malcick, North 76 degrees 50 minutes 51 seconds West, 1,248.95 feet to a point; thence extending along line of Lot 8 on said plan, the two (2) following courses and distances, viz.:

(1) North 63 degrees 34 minutes 27.4 seconds East, 913.29 feet to a point; and (2) North 62 degrees 10 minutes 39 seconds East, 175 feet to the first mentioned point and place of...beginning.

BEING Lot 7 on said Plan.

CONTAINING 10 ACRES OF LAND, MORE OR LESS.

BEING THE SAME PREMISES WHICH  Edward N. Stevenson,, by Deed dated 10/28/2005 and recorded 11/30/2005 in Bucks County, Pennsylvania in Land Record Book 4732, Page 1175, granted and conveyed unto John C. Melching, Jr. and Mary S. Melching, in fee.

BEING the same premises conveyed to Mital Pandya and Jignesh N. Pandya, by Deed executed by John C. Melching, Jr. and Mary S. Melching on December 28, 2011 and recorded on January 10, 2012 as Instrument No. 2012002240.

UPI No. **47-008-007-007**

Address: **8 WOODLAND ROAD, NEWTOWN, PA 18940**

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

*the same having been sold by me to the said grantee, on the 12TH day of APRIL
Anno Domini two thousand TWENTY-FOUR*
*after due advertisement according to law, under and by virtue of a
Writ of EXECUTION*
*issued on the 16TH day of AUGUST Anno Domini two thousand TWENTY-THREE
out of the Court of Common Pleas of the said Court of Bucks County
as of Term, two thousand*

Number    2023-02569

*at the suit of*    SOUTHERN SHOALS LLC

*Against*    MITAL PANDYA AND JIGNESH PANDYA AKA JIGNESH N PANDYA

*IN WITNESS WHEREOF; I have hereunto affixed my signature, this*

*3RD day of JUNE Anno Domini two thousand TWENTY-FOUR*

*Sealed and delivered in the presence of us:*

_____    _____ *Sheriff*
*Commonwealth of Pennsylvania, ss.*                Frederick A. Harran

*Before the undersigned Deputy Prothonotary of the Court of Common Pleas of Bucks County,
personally appeared Frederick A. Harran, Sheriff of Bucks County, aforesaid, and in due
form of law declared that the facts set forth in the foregoing deed are true, and that he
acknowledged the same in order that said deed might be recorded.
Witness my hand and seal of said court, this 3RD day of JUNE Anno Domini
two thousand TWENTY-FOUR*

_____*Deputy Prothonotary*
Marie L. Di Salvo

*I hereby certify that the precise residence of the grantee within named is:*

1457 Medinah Lane
Murrells LN, SC 29576

_____*Sheriff*
Frederick A. Harran

pennsylvania
(EX) MOD 06-19 (FI)

**REV-183**
BUREAU OF INDIVIDUAL TAXES
PO BOX 280603
HARRISBURG, PA 17128-0603

1830019105

**REALTY TRANSFER TAX
STATEMENT OF VALUE**
COMPLETE EACH SECTION

**RECORDER'S USE ONLY**

State Tax Paid:

| Book: | Page: |
|---|---|

Instrument Number:

Date Recorded:

## SECTION I — TRANSFER DATA

Date of Acceptance of Document

| Grantor(s)/Lessor(s) Bucks County Sheriff | Telephone Number | Grantee(s)/Lessee(s) Southern Shoals | Telephone Number |
|---|---|---|---|

| Mailing Address 100 N Main Street | | | Mailing Address 1457 Medinah Lane | | |
|---|---|---|---|---|---|

| City Doylestown | State PA | ZIP Code 18901 | City Murrells LN | State SC | ZIP Code 29576 |
|---|---|---|---|---|---|

## SECTION II — REAL ESTATE LOCATION

| Street Address 8 Woodland Road | City, Township, Borough Upper Makefield Township |
|---|---|

| County Bucks | School District Council Rock | Tax Parcel Number 47-008-007-007 |
|---|---|---|

## SECTION III — VALUATION DATA

Was transaction part of an assignment or relocation? ◯ YES ◯ NO

| 1. Actual Cash Consideration 1.00 **1813.00** | 2. Other Consideration + 0.00 | 3. Total Consideration = 1.00 **1813.00** |
|---|---|---|
| 4. County Assessed Value 437,570.00 | 5. Common Level Ratio Factor x 14.93 | 6. Computed Value = 6,532,920.10 |

## SECTION IV — EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed $ 6,532,920.10 | 1b. Percentage of Grantor's Interest in Real Estate 100 % | 1c. Percentage of Grantor's Interest Conveyed 100 % |
|---|---|---|

**2. Fill in the Appropriate Oval Below for Exemption Claimed.**

◯ Will or intestate succession.

_____ _____
(Name of Decedent)                    (Estate File Number)

◯ Transfer to a trust. (Attach complete copy of trust agreement and all amendments.)

◯ Transfer from a trust. (Attach complete copy of trust agreement and all amendments.)

◯ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

◯ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)

◯ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

◯ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

◯ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

● Other (Provide a detailed explanation of exemption claimed. If more space is needed attach additional sheets.)

Foreclosure Deed

## SECTION V — CORRESPONDENT INFORMATION - All inquiries may be directed to the following person:

| Name Scott Rothman | Telephone Number 610-772-1031 |
|---|---|

| Mailing Address 100 E. Hector St. #425 | City Conshohocken | State PA | ZIP Code 19428 |
|---|---|---|---|

Under penalties of law, I declare that I have examined this statement, Including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date 5/20/24 |
|---|---|

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**



1830019105

1830019105

**PAGE 1**

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

# EXHIBIT 3

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Scott M Rothman, Esq.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE: | : |  |
|  | : | CHAPTER 11 |
| JIGNESH PANDYA and | : | CASE NO.: 24-10440-amc |
| MITAL PANDYA | : | Honorable Ashely M. Chan |
|  | : |  |
| DEBTORS | : |  |
|  | : | Hearing Date: October 30, 2024 10:00 AM |
|  | : | Objection Date: October 23, 2024 |

**ORDER REOPENING CASE FOR LIMITED PURPOSE OF VACATING THE
AUTOMATIC STAY *NUNC PRO TUNC* TO FEBRUARY 9, 2024 AND FOR RELIEF
FROM THE AUTOMATIC STAY *NUNC PRO TUNC* TO FEBRUARY 9, 2024**

**AND NOW**, this __1st__ day of __November__ 2024, upon Univest Bank & Trust Co.'s Motion to Reopen Case for the Limited Purpose of Vacating the Automatic Stay *Nunc Pro Tunc* to February 9, 2024 and for Relief from Stay *Nunc Pro Tunc* to February 9, 2024 (the "Motion"),

**IT IS ORDERED AND DECREED** that:

1.     Univest Bank & Trust Co.'s Motion is hereby GRANTED; and

2.     The above-captioned matter is hereby reinstated for the sole, limited purpose of granting the relief requested in this Motion; and

3.     The Automatic Stay of all proceedings, as provided in Section 362 of the Bankruptcy Reform Act of 1979 (the "Code") 11 U.S.C. §362, is modified , *nunc pro tunc* to February 9, 2024 with respect to the premises located at 8 Woodland Road, Newtown, PA 18940 (Parcel No. 47-008-007-007) (the "Property").

4.     Movant is permitted to proceed with its state court remedies as to the Property including, but not limited to causing the Property to be offered at Sheriff's Sale, permitting the Sheriff to issue deeds to any purchasers at the Sheriff's sale and allowing at the Sheriff's Sale (or

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

purchasers' assignees) to take any legal **action for enforcement** of their right to possession of the

Property.

**BY THE COURT:**

_____

J.

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

# EXHIBIT 4

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

**CENTER CITY LAW OFFICES, LLC**
**1632 ELLSWORTH STREET**
**PHILADELPHIA, PA  19146**
**215-620-2132**
**msoboles@yahoo.com**

Honorable Ashely M. Chan
Chief, United States Bankruptcy Judge
Bankruptcy Court for the Eastern District of
Pennsylvania
900 Market Street – Suite 204
Philadelphia, PA 19106

**In Re:** Jignesh Pandya and Mital Pandya
Ch. 11, Case No. 24-10440 (AMC)
Continued Hearing Date: 2/12/25 at 12:30 PM

*Southern Shoals, LLC's Supplemental Statement in Support of its Motion for Reconsideration, and if Necessary, a Re-opening of Case for Review of Order Granting Univest Relief from the Stay, Nunc Pro Tunc.*

Your Honor,

This office represents Southern Shoals, LLC's  ("Southern Shoals"), one of the top twenty creditors of the debtor in the above referenced chapter 11 (the "Debtors"). Univest Bank and Trust Company ("Univest") filed a Motion Vacating the Automatic Stay *Nunc Pro Tunc* to February 9, 2024 in the Debtor's Bankruptcy (the "Univest Motion"). Southern Shoals filed a Motion to Reconsider this Court's Order granting the Univest Motion (the "Southern Shoals' Motion"). At the December 18, 2024 hearing on Southern Shoals' Motion, your honor requested the parties submit a "letter brief" further detailing the facts and legal arguments in the parties' filings.

Southern Shoals also seeks at this time to re-open this bankruptcy case in an abundance of caution solely for procedural reasons.  Southern Shoals does not believe that re-opening the

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

bankruptcy case for purposes of its motion is necessary since Univest seemingly intentionally avoided providing Southern Shoals with notice of the Univest Motion. However, the Office of the United States Trustee ("OUST") expressed concerns at the hearing on December 18, 2024 that for purposes of Southern Shoal's Motion, the bankruptcy case was not re-opened, again. Therefore, Southern Shoals requests that this bankruptcy case be re-opened if the court or the OUST deems necessary.

### **Summary of Facts Supporting Southern Shoals' Motion**

By way of background, Southern Shoals was the Plaintiff in an action in the Supreme Court of the State of New York, County of Suffolk. A judgment was entered on March 16, 2023 in favor of Southern Shoals as against Mital Pandya and Jignesh Pandya, jointly and severally, in the amount of $4,366, 585.55, plus statutory interest from March 16, 2023. The judgment remains unpaid.

Thereafter, Southern Shoals domesticated the Judgment in Bucks County, Pennsylvania and noticed a Sheriff's sale of the real property owned by Debtors located at 8 Woodland Road, Newtown, Pennsylvania 18940 (the "Property") for December 8, 2023.

On the morning of the scheduled sale Debtors filed a first case for Chapter 11 bankruptcy protection in this Court, BANKR No. 23-13723(AMC).

Debtors, however, failed to make required filings and disclosures to this Court, resulting in this bankruptcy proceeding being dismissed upon motion of the United States Trustee's Office.

On February 9, 2024, the husband and wife Debtors filed this second proceeding for relief under Chapter 11 of the United States Bankruptcy Code at the above-captioned bankruptcy case number (the "Bankruptcy Case").

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

Univest was listed as a creditor of the Debtor and notice of the Bankruptcy Case was served upon Univest upon Univest's counsel's offices in Souderton, PA and Cherry Hill, NJ on or soon after the filing of the Bankruptcy Case.

On February 15, 2024, while the Bankruptcy Case was pending, and in clear violation of the provisions of 11 U.S.C. §362(a), Univest filed a Judgment in Mortgage Foreclosure against the Debtors in the Court of Common Pleas of Bucks County, Pennsylvania at civil docket no. 2023-04916 (the "Foreclosure Judgment"), to foreclose on the Debtor's Property.

On February 23, 2024, Univest's counsel filed a Notice of Appearance in the Bankruptcy Case. *Not only was Univest counsel's provided notice of the bankruptcy pursuant to the Debtor's creditor matrix, but they entered their appearance in the Bankruptcy Case and were actively receiving ECF notices.*

Univest should have been aware of the date of the filing of the Bankruptcy Case sometime soon after February 9, 2024 pursuant to the creditor matrix, but most definitely was aware by February 23, 2024 when Univest's counsel entered their appearance. <u>Univest therefore knew, at the latest, by February 23, 2024 that it had obtained an improper Foreclosure Judgment in violation of the stay against the Debtors on February 15, 2024</u>.

Univest failed however, to take any action to void or withdraw its Foreclosure Judgment in the civil foreclosure action, nor did it file a Praecipe for Suggestion of Bankruptcy to notify the State Court that the Debtors were protected by the automatic stay as of February 9, 2024. Instead, Univest filed for a Writ of Execution in the civil foreclosure action based on the void Foreclosure Judgment and scheduled a Sheriff's Sale for September 12, 2024.

In the interim, on June 3, 2024, Southern Shoals acquired title to the Property pursuant to a Deed issued by the Sheriff of Bucks County, recorded on the same date with the Bucks

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

County Office of the Recorder of Deeds as Instrument No. 2024021764. *See* attached hereto and incorporated herein as **Exhibit "A,"** Deed held by Southern Shoals to the Property. Southern Shoals took title to the Property subject to the recorded mortgage held by first lien holder, Univest.

In or about August, 2024, Southern Shoals and Univest engaged in discussions concerning a potential purchase of the Univest debt by way an assignment of Univest's Mortgage to Southern Shoals. Although a Loan Sale Agreement was circulated, no agreement was consummated.

During due diligence at or about the time these discussions, Southern Shoals first discovered that Univest had obtained its Foreclosure Judgment during the period when the automatic stay was in effect, as described above.

Univest, advised of this impropriety by counsel for Southern Shoals, refused to withdraw or re-file the Foreclosure Judgment, or to postpone the September 12, 2024 Sheriff's sale it had noticed based on a void judgment.

As a result, on September 11, 2024, Southern Shoals filed an Emergency Petition to Intervene in the civil foreclosure proceedings, and further moved to stay the Sheriff's Sale, quash the Writ of Execution, and set aside the void judgment ("Southern Shoals Emergency Petition").

In response to the Southern Shoals' Emergency Petition, Univest postponed the sheriff sale for 60 days, to the November 8, 2024 Sheriff's sale date. Southern Shoals believed that Univest's postponement of the Sheriff' sale meant that Univest intended to correct their bankruptcy stay violation by withdrawing and re-entering the Foreclosure Judgment.

The parties were not in contact during this time period.

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

When Univest failed to correct their bankruptcy stay violation, Southern Shoals had no choice but to seek to schedule its Emergency Petition for a hearing in Bucks County Court of Common Pleas, for the morning of the rescheduled Sheriff's sale, November 8, 2024 (the "Emergency Hearing").

In the afternoon of the eve of the Emergency Hearing on November, 7, 2024, Univest's counsel served counsel for Southern Shoals with a Brief opposing the Emergency Petition. <u>Attached to Univest's brief was a copy of an Order entered by this Honorable Court on November 1, 2024, granting the relief sought in the Univest Motion. To say that Southern Shoals' counsel was surprised by the existence of the Univest Motion and the November 1, 2024 order granted *nunc pro tunc relief* is an understatement.</u>

At the Emergency Hearing on the morning of November 8, 2024 in Bucks County Court of Common Pleas, Univest acknowledged on the record that it was aware that Southern Shoals did not receive service of the Univest Motion.

Southern Shoals was not given the opportunity to oppose the Univest Motion.

The Univest Motion grossly misrepresented the value of the Property, to justify its claim for relief from the Automatic Stay. According to Zillow, the Property is worth close to $5 million, while similar real estate websites show an even higher valuation. *See* attached hereto and incorporated herein as **Exhibit "B,"** a Comparable Market Analysis from Berkshire Hathaway valuing the Property at approximately $4.5- $4.7 million.

Southern Shoals believes the Order granting *nunc pro tunc* relief and lifting the automatic stay would not have been entered if:

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

a.  Southern Shoals had an opportunity to respond and appear at the hearing on the Univest Motion and present evidence of Univest's violation of the automatic stay as well as alternative values of the Property; and

b.  Univest, appearing before the court as unopposed, had represented the value of the Property objectively to this Honorable Court.

### Legal Argument

The relevant portion of 11 U.S.C. Sec. 105(a) provides:

"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Bankruptcy courts have held that Section 105(a) authorizes the bankruptcy court, to enter such orders as are required to further the substantive provisions of the Code. Moreover, "Section 105(a) gives the court general equitable powers, but only insofar as those powers are applied in a manner consistent with the Code….[Section 105(a)] however, does not give the court the power to create substantive rights that would otherwise be unavailable under the Code." In re: Morristown & Erie R. Co., 885 F.2d 98 (3rd Cir. 1990), at 100, (*emphasis applied*).

Here, the Court has the authority pursuant to Section 105(a) to "further the substantive provisions of the Code;" namely Section 362(a). Id.  If Southern Shoals had been given an opportunity to be heard at the hearing on the *Nunc Pro Tunc* Motion, this Court would have been made aware of the fact that Univest violated the provisions of Section 362(a) and never took any action to correct that violation.  Instead, this Court was left to rely solely on the allegations of Univest that "unbeknownst to Univest, Debtors filed a Chapter 11 bankruptcy" on February 9, 2024.

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

Even if Univest did not receive concurrent notice of the February 9th bankruptcy filing, they certainly had notice by February 23rd when they entered their appearance and therefore should have known that the Foreclosure Judgment was void and taken the appropriate steps to withdraw it.

The Univest Motion fails to recognize established Supreme Court precedent regarding *nunc pro tunc* actions.

The Supreme Court, in <u>Roman Catholic Archdiocese of San Juan, Puerto Rico v. Yali Acevedo Feliciano, et. al.,</u> (140 S. Ct. 696, 701, 702 (2020), found that federal courts "may issue *nunc pro tunc* orders….to reflect the reality of what has already occurred." <u>Id.</u> *citing* <u>Missouri v. Jenkins,</u> 495 U.S. 33, 49 (1990). However, such "decree presupposes a decree allowed or ordered, but not entered through inadvertence of the court." <u>Id.</u> The Supreme Court continued by stating that "*nunc pro tunc* orders are not some Orwellian vehicle for revisionist history – creating 'facts' that never occurred in fact….[and therefore], cannot make the record what it is not." <u>Id.</u>

Here, the November 1, 2024 order of this Court granted relief to Univest *nunc pro tunc.* in contradiction to the United States Supreme Court holding that such orders are not a "vehicle for revisionist history." <u>Id.</u> Univest obtained the Foreclosure Judgment in violation of the automatic stay on February 15, 2024, and through its Motion attempted to re-write history. Univest never sought or obtained relief from the automatic stay that was entered on February 9, 2024. There was no "decree allowed or ordered" granting Univest relief from the stay, which was inadvertently not entered by this Court; simply because no such decree or order was ever obtained by Univest. <u>Id.</u>

Case# 2023-04916-56 - JUDGE:39 Received at County of Bucks Prothonotary on 02/24/2025 11:19 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Scott M Rothman, Esq.

If reconsideration is granted for the purpose of creating a record, Southern Shoals would at a minimum request the opportunity to introduce a written opinion and/or testimony by a qualified and mutually agreed upon appraiser to determine the real market value of the Property.

Based on the above facts and legal argument, Southern Shoals requests that this Court enter an Order re-opening the case if deemed required, vacating Univest's Nunc Pro Tunc Motion, and granting the motion of Southern Shoals in its entirety.

Respectfully submitted:
CENTER CITY LAW OFFICES,LLC

**By: /s/ Maggie S. Soboleski**
Maggie S. Soboleski
PA.Id. No.:88268
1632 Ellsworth Street
Philadelphia, PA 19146
Tele.:215-620-2132
msoboles@yahoo.com
Counsel for Southern Shoals, LLC

**/s/ Scott M. Rothman**
Scott M. Rothman, Esquire
Curley & Rothman, LLC
State Court Counsel to Southern Shoals