**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 11 |
| JIGNESH PANDYA and : | CASE NO.: 24-10440-amc |
| MITAL PANDYA : | Honorable Ashely M. Chan |
| : | |
| DEBTORS : | |
| : | Hearing Date: April 30, 2025 at 11:00 AM |
| : | |

**UNIVEST BANK & TRUST CO.'S OPPOSITION TO SOUTHERN SHOALS, LLC'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL PURSUANT TO F.R.B.P. 8002(D) AS A RESULT OF EXCUSABLE NEGLECT BY LOCAL BANKRUPTY COUNSEL**

NOW COMES Univest Bank & Trust Co. ("Univest" or "Secured Creditor"), by and through its attorney, William E. Craig, Esquire of Eisenberg, Gold & Agrawal, P.C., and files the following opposition to Southern Shoals, LLC's ("Southern Shoals") Motion For Extension Of Time To File Notice Of Appeal Pursuant to F.R.B.P. 8002(d) (the "Motion For Extension"), and in response thereto avers as follows:

1. Admitted.

2. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Univest admits that on February 15, 2024 a Judgment in Mortgage Foreclosure against Jignesh and Mital Pandya ("Debtors") was filed in the Court of Common Pleas of Bucks County, Pennsylvania at civil docket no. 2023-04916 (the "Foreclosure Judgment"), to foreclose the Debtor's real property located at 8 Woodland Road, Newtown, Pennsylvania, PA 18940 (the "Property"). The remainder of the allegations of this paragraph are denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted in part, denied in part. Admitted that Univest's counsel entered their appearance in the Bankruptcy Case on February 23, 2024. The remainder of the allegations of this paragraph are denied.

7. Admitted in part, denied in part. Admitted that Univest was aware of the Bankruptcy Case at the time counsel entered their appearance therein on February 23, 2024. The remainder of the allegations of this paragraph are denied.

8. Admitted.

9. Admitted in part, denied in part. Admitted that Univest's counsel entered their appearance in the Bankruptcy Case on February 23, 2024. The remainder of the allegations of this paragraph are denied.

10. Admitted in part, denied in part. Admitted that Univest's counsel entered their appearance in the Bankruptcy Case on February 23, 2024. The remainder of the allegations of this paragraph are denied.

11. . Admitted in part, denied in part. Admitted that Univest filed a Writ of Execution and scheduled a sheriff's sale for September 12, 2024. The remainder of the allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the remainder of the allegations of this paragraph are denied

12. The allegations of this paragraph refer to and purport to characterize a legal document, the terms of which speak for itself. To the extent a response is required, it is admitted that Southern Shoals acquired title to the Property on or about June 3, 2024, however Southern Shoals acquired title to the Property subject to Univest's recorded mortgage, said mortgage being

recorded January 10, 2012 in the Office of the Recorder of Deeds of Bucks County as Instrument No. 2012002241 in Book 6912 at Page 941.

13. Denied. The substance of any communications regarding the allegations of this paragraph between Univest and Southern Shoals, to the extent any such discussions took place, would be protected by Evid. R. 408 and inadmissible for any purposes.

14. Denied. The substance of any communications regarding the allegations of this paragraph between Univest and Southern Shoals, to the extent any such discussions took place, would be protected by Evid. R. 408 and inadmissible for any purposes.

15. Denied. Univest is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies same. Admitted in part, denied in part. Admitted that Univest did not withdraw or re-file the Foreclosure Judgment or postpone the September 24th Sheriff Sale. Denied that Univest was required to withdraw or re-file the Foreclosure Judgment or postpone the September 24th Sheriff Sale. By way of further response, the above-captioned matter was dismissed by Consent Order between Debtor's counsel and the U.S. Trustee on or about March 8, 2024.

16. Denied. Univest is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies same. By way of further response, the allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, it is admitted that Southern Shoals filed an Emergency Petition to Intervene and Stay Sheriff's Sale (the "Southern Shoals Emergency Petition") on or about September 11, 2024.

17. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, it is admitted that Southern Shoals

filed an Emergency Petition to Intervene and Stay Sheriff's Sale (the "Southern Shoals Emergency Petition") on or about September 11, 2024.

18. Admitted in part, denied in part. Admitted that the Sheriff's Sale was postponed to the November 8, 2024 sale date. The remainder of the allegations of this paragraph are denied.

19. Denied. Univest is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies same.

20. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, it is admitted that Southern Shoals scheduled its Emergency Petition for a hearing in Bucks County Court of Common Pleas for the morning of the rescheduled Sheriff's Sale, November 8, 2024 (the "Emergency Hearing").

21. Admitted in part, denied in part. Admitted that the Court's November 1, 2024 Order was attached to Univest's brief opposing the Emergency Petition  The remainder of the allegations of this paragraph are denied.

22. Admitted. By way of further response, Southern Shoals was a creditor of Debtors however Southern Shoals failed to enter an appearance in the Bankruptcy Case to ensure notice of docket filings in the matter.

23. Admitted.

24. Admitted.

25. Admitted to the extent that the subject property was sold at sheriff's sale on February 14, 2025. Denied that Univest was required to forego said sale based on the appeal deadlines applicable to the Bankruptcy Court. By way of further response, Southern Shoals' could have elected to file a further emergency petition in the state court action to stay the sale, or

immediately file its appeal of this Court's February 12, 2025 Order and post a supersedeas bond, however Southern Shoals elected not to do either.

26. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required Denied. Univest is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies same. To the extent a response is required, Fed. R. Bankr. Proc. 8002(d)(2) provides that the bankruptcy court may not extend the time to file a notice of appeal if the order appealed from "grants relief from an automatic stay under §362" of the Code. Taken directly from the Order, this Court's Order of February 18, 2025 denied the "Motion To Reconsider the Order granting motion for relief". As the Order effectively granted Univest's Motion For Relief From Stay, the time to file a notice of appeal cannot be extended beyond 14 days from the date of that Order.

27. Denied. Univest is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies same.

28. Denied. While the undersigned certainly sympathizes with attorney for Movant, Univest is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies same.

29. Denied. While the undersigned certainly sympathizes with attorney for Movant, Univest is without knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies same.

30. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required.

31. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required.

32. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required.

33. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required.

34. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required.

35. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. By way of further answer, at least two (2) of the four (4) prongs are not satisfied in the instant matter. There certainly would be prejudice to Univest should the Court grant an extension of time to file a notice of appeal, and such an extension will greatly delay the state court proceedings. In addition, the instant Motion, as with the prior Motion, was not filed in good faith. The practical result of the granting of Southern Shoal's Motion For Reconsideration would be to vacate the Order granting Univest relief from stay *nunc pro tunc*. As was articulated by this Court at the hearing of February 12th, such a result is inherently contrary to the ultimate goal of all parties, i.e. to allay any concerns of a future title dispute, which Movant admits in the instant pleadings was a concern of theirs. The instant Motion is yet another attempt by Movant to delay the state court proceedings and hinder Univest's ability to proceed, in an effort to force Univest to negotiate with Movant.

WHEREFORE, Univest Bank & Trust Co. respectfully requests this Court enter an Order denying Southern Shoals, LLC's Motion to Reconsider Order Dated November 1, 2024 Granting

Univest Bank & Trust Co.'s Motion Vacating the Automatic Stay Nunc Pro Tunc to February 9, 2024, and for such other and further relief as the Court deems equitable and just.

        Respectfully submitted,

        /s/ William E. Craig
        William E. Craig, Esq.
        Eisenberg, Gold & Agrawal, P.C.

        /s/ Amar A. Agrawal
        Amar A. Agrawal, Esq.
        Eisenberg, Gold & Agrawal, P.C.

        *Attorneys for Secured Creditor Univest Bank & Trust Co.*

Dated: 4/2/25